**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK WINTER, Individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>          Defendants. | Case No.: 1:22-cv-03088-RA<br><br>Hon. Ronnie Abrams<br><br>**MOVANT GULZAR AHMED'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR LEAD PLAINTIFF** |

Adam M. Apton
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for Gulzar Ahmed*
*and [Proposed] Lead Counsel for the Class*

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ..................................................................................... 1

II.     ARGUMENT .............................................................................................................. 3

        A.      The PSLRA Process. ......................................................................................... 3

        B.      Mr. Ahmed Possesses the "Largest Financial Interest" of Any Movant Under Each
                of the Olsten/Lax Factors. ................................................................................. 4

        C.      Mr. Ahmed Satisfies Rule 23's Typicality and Adequacy Requirements. ............. 6

        D.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Ahmed
                as Lead Plaintiff. .............................................................................................. 7

III.    CONCLUSION ............................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Burnham v. Qutoutiao Inc.,*
  No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020).................6

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................................6

*Foley v. Transocean Ltd.,*
  272 F.R.D. 126 (S.D.N.Y. 2011) ......................................................................................5

*Glavan v. Revolution Lighting Techs., Inc.,*
  No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29, 2019)..............1, 4

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002) ...........................................................................................7

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.,*
  No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) .....2

*In re Drexel Burnham Lambert Grp., Inc.,*
  960 F.2d 285 (2d Cir. 1992)..............................................................................................5

*In re Facebook, Inc.,*
  288 F.R.D. 26 (S.D.N.Y. 2012) ........................................................................................3

*In re Fuwei Films Sec. Litig.,*
  247 F.R.D. 432 (S.D.N.Y 2008) .......................................................................................4

*In re Olsten Corp. Securities Litig.,*
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...............................................................................1, 4

*In re Veeco Instruments, Inc.,*
  233 F.R.D. 330 (S.D.N.Y. 2005) ......................................................................................1

*Janbay v. Canadian Solar, Inc.,*
  272 F.R.D. 112 (S.D.N.Y. 2010) ......................................................................................2

*Jiehua Huang v. Airmedia Grp., Inc.,*
  No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083 (S.D.N.Y. Nov. 10, 2015) ...........7

*Kaplan v. Gelfond,*
  240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................................4

*Kasilingam v. Tilray, Inc.,*
  1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020)....................7

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)..................5

*Lax* v. *First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...............................1, 4

*Omdahl v. Farfetch Ltd.*,
    No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020) ...............7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .........................................................................................7

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014).........................................................................................6

*Sofran v. Labranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) .........................................................................................7

**Statutes**

15 U.S.C. §77z-1............................................................................................... *passim*

iv

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, movant Gulzar Ahmed's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(B)(iii). Mr. Ahmed has, by far, the largest financial interest under the four factors "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period" (the "*Olsten/Lax* factors"). *Glavan v. Revolution Lighting Techs., Inc.,* No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019) (quoting *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 332 (S.D.N.Y. 2005); *see also Lax* v. *First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

When the motions in this action were initially filed, another movant represented that it held a larger financial interest in this action. That movant, Allegheny County Employees Retirement System ("ACERS"), has since filed a "Notice of Errata" correcting what it refers to as "inadvertent errors" in its initial motion. Dkt. No. 30. Instead of sustaining a loss of $179,300.88 (as initially represented), ACERS lost only $59,625.84. *Compare* Dkt. No. 19-3 at 2 (initial loss calculation) *with* Dkt. No. 30 at 8 (corrected loss calculation). ACERS's revised

loss calculation means that Mr. Ahmed now possesses the "largest financial interest" in the litigation, as demonstrated in the following table:

| Movant | Gross Shares Purchased | Net Shares Retained[1] | Net Funds Expended | Claimed LIFO Loss |
|---|---|---|---|---|
| Gulzar Ahmed | 22,739 | 20,867 | $208,109.41 | $105,624.97 |
| ACERS | 5,113 | 0 | $59,625.84 | $59,625.84 |
| Edward J. Young | 3,600 | 3,600 | $43,333.50 | $25,909.50 |
| Greg R. Stuart | 6,012.318387 | 3,612.318387 | $51,411.00 | $21,216.00 |

Mr. Ahmed previously filed a "Notice of Non-Opposition" after reviewing ACERS's initial motion papers, stating that "[b]ased upon a review of the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that, while [Mr. Ahmed] is well-qualified to serve as Lead Plaintiff in the Action, he does not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA." Dkt. No. 28 at 2. However, in light of ACERS's errata, there can be no dispute that Mr. Ahmed with over $100,000 in alleged losses holds the "largest financial interest" in the action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. §77z-1(a)(3)(B)(iii).[2]

Moreover, Mr. Ahmed has easily made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *In re Deutsche Bank Aktiengesellschaft Sec. Litig.,* No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at *14 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA…, 'the moving plaintiff must only make a preliminary showing that the

---

[1] As of April 14, 2022 when Plaintiff Mark Winter commenced this action.

[2] By way of this brief, Mr. Ahmed hereby withdraws his previously filed Notice of Non-Opposition dated June 27, 2022. Dkt. No. 28.

adequacy and typicality requirements have been met.'") (quoting *Janbay v. Canadian Solar, Inc.,* 272 F.R.D. 112, 120 (S.D.N.Y. 2010)). Mr. Ahmed is typical of the other class members insofar as he purchased Stronghold Digital Mining, Inc. ("Stronghold" or the "Company") securities pursuant and/or traceable to the October 2021 initial public offering and was damaged in the same manner as all other class members. He does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, he is committed to obtaining the best possible outcome for the class. *See* Dkt. No. 15-4.

With the largest financial interest in the outcome of the action and having made the preliminary showing of typicality and adequacy, Mr. Ahemd is entitled to the presumption of being the "most adequate plaintiff." 15 U.S.C. §77z-1(a)(3)(B)(iii). As none of the competing movants can rebut this presumption with proof that Mr. Ahmed is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. §77z-1(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Ahmed respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.    The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §77z-1(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

U.S.C. §77z-1(a)(3)(B)(iii)(I); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 36-41 (S.D.N.Y. 2012).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### B.    Mr. Ahmed Possesses the "Largest Financial Interest" of Any Movant Under Each of the Olsten/Lax Factors.

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).  Mr. Ahmed is entitled to that presumption because, relative to the other movants, Mr. Ahmed's losses are far greater. In accordance with *In re Olsten Corp. Securities Litig.*, and *Lax v. First Merchants Acceptance Corp.*, *supra*, "[c]ourts in this Circuit have traditionally examined…(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period". *Glavan*, 2019 U.S. Dist. LEXIS 125960, at *8; *In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436-37 (S.D.N.Y 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*"). Of the four factors, the fourth factor, the "approximate loss suffered", is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

In this instance, that movant is Mr. Ahmed. Mr. Ahmed has a significantly greater financial interest under all four *Olsten*/*Lax* factors when evaluating each movants' financial interest. None of the other movants even come close to matching Mr. Ahmed's "approximate loss suffered":

| Movant | Gross Shares Purchased | Net Shares Retained[3] | Net Funds Expended | Claimed LIFO Loss |
|---|---|---|---|---|
| *Gulzar Ahmed* | 22,739 | 20,867 | $208,109.41 | $105,624.97 |
| *ACERS* | 5,113 | 0 | $59,625.84 | $59,625.84 |
| *Edward J. Young* | 3,600 | 3,600 | $43,333.50 | $25,909.50 |
| *Greg R. Stuart* | 6,012.318387 | 3,612.318387 | $51,411.00 | $21,216.00 |

While ACERS initially purported to have a financial interest in the litigation larger than Mr. Ahmed's financial interest, it has since withdrawn and corrected those claims. Specifically, in its Notice of Errata dated July 21, 2022, ACERS now claims to have sustained a total loss of $59,625.84 from 5,113 shares of Stronghold common stock it purchased between October 20, 2021 and December 20, 2021, before selling them all on April 7, 2021 (thereby leaving ACERS with zero shares in Stronghold as of the date this action was commenced). Dkt. No. 30 at 8. This is a substantial change from what ACERS initially represented when it filed its motion on June 13, 2021, which was that it sustained a loss of $179,300.88 in connection with over 15,339 shares that it supposedly retained through the date of its filing. Dkt. No. 19-3 at 2. In any event, Mr. Ahmed clearly has the largest financial interest in the litigation.[4]

---

[3] As of April 14, 2022 when Plaintiff Mark Winter commenced this action.

[4] To confirm, Mr. Ahmed would not have filed his "Notice of Non-Opposition" on June 27, 2022 had ACERS provided its true financial loss information with its initial motion. Thus, Mr. Ahmed hereby withdraws his notice in furtherance of his pending motion for lead plaintiff.

### C.    Mr. Ahmed Satisfies Rule 23's Typicality and Adequacy Requirements.

Not only does Mr. Ahmed possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). Mr. Ahmed's claims are typical of those of other Class members because, like other Class members, he purchased Stronghold securities pursuant and/or traceable to its initial public offering. *See* Dkt. No. 15-1 (certification evidencing transactions in Stronghold stock). Moreover, Mr. Ahmed's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *13-14 (S.D.N.Y. Nov. 24, 2008).

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Ahmed must make a preliminary showing that "(1) [his choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [he has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Mr. Ahmed has shown that his choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* Dkt. No. 15-5 (Levi & Korsinsky firm resume). This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, Mr. Ahmed has no conflicts with other Class Members. ECF No. 10 at 7; *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Moreover, not only is there no evidence

6

of any antagonism between Mr. Ahmed's interests and those of the Class, but Mr. Ahmed has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020). Finally, Mr. Ahmed has further demonstrated his adequacy by submitting a declaration in support of his Motion providing information about his educational and professional background and attesting to his commitment to the litigation and his desire to secure the best possible outcome for the Class. Dkt. No. 15-4.

### D.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Ahmed as Lead Plaintiff.

Mr. Ahmed, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Ahmed is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C §77z-1(a)(3)(B)(iii)(II). Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.,* 1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at *5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). This presumption may be rebutted only upon ***proof*** by a class member that he "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C §77z-1(a)(3)(B)(iii)(II); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004)(internal quotation and citation omitted); *see also Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render

7

such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"). The other movants cannot do this.

### III.    CONCLUSION

For the reasons set forth above and in the opening motion papers, Mr. Ahmed respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky LLP as Lead Counsel for the Class.

Dated: August 1, 2022                    Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: s/ Adam M. Apton
Adam M. Apton
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for Gulzar Ahmed
and [Proposed] Lead Counsel for the Class*

8