UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK WINTER,<br><br>                    Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>                    Defendants. | Case No. 1:22-cv-03088-RA<br><br>Hon. Ronnie Abrams<br><br>**ORAL ARGUMENT REQUESTED** |

**UNDERWRITER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

WILLKIE FARR & GALLAGHER LLP
Jeffrey B. Korn
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000
jkorn@willkie.com

*Attorneys for the Underwriter Defendants*

# TABLE OF CONTENTS

Page

Preliminary Statement ...........................................................................................................................1

Statement of Facts ................................................................................................................................3

Argument ..............................................................................................................................................3

    I.      The Section 11 Claims Should Be Dismissed ........................................................................3

           A.    Lead Plaintiffs Fail to Plead Any Actionable Misstatements or Omissions .............3

           B.    Lead Plaintiffs Fail to Sufficiently Allege Violations of Regulation S-K Items 303 and 105 ....................................................................................................6

    II.     The Section 12(a)(2) Claims Should Be Dismissed. ............................................................8

    III.   The Complaint Should Be Dismissed Based on Negative Causation ....................................9

Conclusion ..........................................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amorosa v. AOL Time Warner Inc.*,
    409 F. App'x 412 (2d Cir. 2011) ...................................................................................10

*Blackmoss Invs. Inc. v. ACA Cap. Holdings, Inc.*,
    No. 07 Civ. 10528, 2010 WL 148617 (S.D.N.Y. Jan. 14, 2010)......................................7

*Boluka Garment Co. v. Canaan Inc.*,
    547 F. Supp. 3d 439 (S.D.N.Y. 2021)..............................................................................9

*City of Omaha Police and Fire Ret. Sys. v. Evoqua Water Techs. Corp.*,
    450 F. Supp. 3d 379 (S.D.N.Y. 2020)..............................................................................5

*In re Cosi, Inc. Sec. Litig.*,
    379 F. Supp. 2d 580 (S.D.N.Y. 2005)..............................................................................9

*In re Hi-Crush Partners L.P. Sec. Litig.*,
    No. 12 Civ. 8557 (CM), 2013 WL 6233561 (S.D.N.Y. Dec. 2, 2013)............................4

*Jiajia Luo v. Sogou, Inc.*,
    465 F. Supp. 3d 393 (S.D.N.Y. 2020)..............................................................................4

*Lau v. Opera Ltd.*,
    527 F. Supp. 3d 537 (S.D.N.Y. 2021)..............................................................................9

*Lighthouse Fin. Grp.* v. *Royal Bank of Scotland Grp., PLC*,
    902 F. Supp. 2d 329 (S.D.N.Y. 2012)..............................................................................4

*In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*,
    272 F. Supp. 2d 243 (S.D.N.Y. 2003)............................................................................10

*In re Morgan Stanley Info. Fund Sec. Litig.*,
    592 F.3d 347 (2d Cir. 2010).........................................................................................8, 9

*In re Noah Educ. Holdings, Ltd. Sec. Litig.*,
    No. 08 CIV. 9203 (RJS), 2010 WL 1372709 (S.D.N.Y. Mar. 31, 2010) .........................7

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
    135 S. Ct. 1318 (2015).....................................................................................................5

*Panther Partners, Inc.* v. *Ikanos Commc'ns, Inc.*,
    538 F. Supp. 2d 662 (S.D.N.Y. 2008)..............................................................................4

*In re Petrobras Sec. Litig.*,
   116 F. Supp. 3d 368 (S.D.N.Y. 2015) ..................................................................................8

*Pinter v. Dahl*,
   486 U.S. 622 (1988) ............................................................................................................9

*In re Sanofi Sec. Litig.*,
   87 F. Supp. 3d 510 (S.D.N.Y. 2015) ....................................................................................3

*Stadnick v. Vivint Solar, Inc.*,
   Nos. 14-cv-9238 (KBF), 14-cv-9709 (KBF), 2015 WL 8492757 (S.D.N.Y. Dec. 10, 2015) ..................................................................................................................7

*In re Synchrony Fin. Sec. Litig.*,
   988 F.3d 157 (2d Cir. 2021) ............................................................................................4, 5

*Tongue v. Sanofi*,
   816 F.3d 199 (2d Cir. 2016) ................................................................................................5

*In re Tufin Software Techs. Ltd. Sec. Litig.*,
   No. 20 CIV. 5646 (GHW), 2022 WL 596861 (S.D.N.Y. Feb. 25, 2022) .............................6

*Vaccaro v. New Source Energy Partners L.P.*,
   No. 15 Civ. 8954 (KMW), 2016 WL 7373799 (S.D.N.Y. Dec. 19, 2016) ..........................8

*Wandel v. Gao*,
   590 F. Supp. 3d 630 (S.D.N.Y. 2022) ..............................................................................4, 7

*Willard v. UP Fintech Holding Ltd.*,
   527 F. Supp. 3d 609 (S.D.N.Y. 2021) ..................................................................................6

**Statutes**

15 U.S.C. § 77l(a)(2) ..................................................................................................................8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................1, 10

Defendants B. Riley Securities, Inc., Cowen and Company, LLC, Tudor, Pickering, Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, and Northland Securities, Inc. (collectively, the "Underwriter Defendants") respectfully submit this memorandum of law in support of their motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that the Amended Class Action Complaint (the "Complaint" or "Compl.") filed by co-lead plaintiffs Gulzar Ahmed and Allegheny County Employees' Retirement System (the "Lead Plaintiffs") fails to state a claim under Sections 11 or 12(a)(2) of the Securities Act of 1933 (the "Securities Act").

## Preliminary Statement

This entire case is premised on the illogical notion that a supplier's failure to fulfill a contract with a company—subsequent to that company disclosing the risk of that very issue—somehow renders those disclosures materially false and misleading. That cannot be. Lead Plaintiffs seek to pursue claims under Sections 11 and 12 of the Securities Act against the Underwriter Defendants for an initial public offering ("IPO") of Stronghold Digital Mining, Inc. ("Stronghold" or the "Company") common stock on October 19, 2021, which was effected pursuant to a Registration Statement and related Prospectus (together, the "Offering Materials"), attached respectively as Exhibit 4 and Exhibit 5 to the Declaration of Clifford Thau in Support of the Motion to Dismiss submitted by Stronghold, Gregory A. Beard, and William B. Spence ("Thau Decl."). The allegations in the Complaint center around two categories of purported materially false and misleading statements: (1) statements and/or omissions related to the delivery schedule of Stronghold's largest supplier of Bitcoin miners, MinerVa Semiconductor Corp. ("MinerVa"); and (2) statements and/or omissions related to the expected computing power, or "hash rate," of MinerVa's miners.

Lead Plaintiffs' claims fail for several reasons. In the interest of judicial economy, the Underwriter Defendants join in and incorporate the arguments set forth in the Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint submitted by Stronghold, Gregory A. Beard, and William B. Spence (the "Stronghold Defendants' Memorandum").

As detailed below and in the Stronghold Defendants' Memorandum, Lead Plaintiffs fail to state a Section 11 claim because they fail to identify any actionable misstatement or omission on which to base their claims, Lead Plaintiffs fail to allege that Defendants knew at the time of the IPO that there would be miner delivery and performance failures that later materialized, and the Offering Materials expressly warned of the risks of supplier delays and under-performance of miners, which only materialized *after* the filing of the Offering Materials. Further, Lead Plaintiffs fail to sufficiently allege violations of Regulation S-K Items 303 and 105 because Stronghold had no duty to disclose the allegedly omitted information and Stronghold sufficiently disclosed the risks and uncertainties attendant to the contracts with its suppliers like MinerVa.

Lead Plaintiffs' Section 12(a)(2) claims against the Underwriter Defendants should be dismissed for all of the same reasons as Lead Plaintiffs' Section 11 claim. Further, Lead Plaintiff Gulzar Ahmed has not pled facts demonstrating that he has standing to pursue Section 12(a)(2) claims against the Underwriter Defendants because the Complaint does not contain sufficient factual allegations that Lead Plaintiff Ahmed was solicited by or purchased his shares from the Underwriter Defendants in the Stronghold IPO.

Finally, the Complaint should be dismissed based on negative causation because it is apparent from the face of the Complaint that Lead Plaintiffs' alleged losses were not caused by any of the alleged misstatements or omissions.

**Statement of Facts**[1]

The Underwriter Defendants hereby incorporate by reference, as if fully set forth herein, the Background section in the Stronghold Defendants' Memorandum.

**Argument**

**I.      The Section 11 Claims Should Be Dismissed.**

For the reasons set forth below and in Argument Section I of the Stronghold Defendants' Memorandum, in which the Underwriter Defendants join, Lead Plaintiffs fail to adequately plead a Section 11 claim.

   A.      Lead Plaintiffs Fail to Plead Any Actionable Misstatements or Omissions.

Lead Plaintiffs fail to plead any materially false or misleading statements.  First, the Complaint does not plead that any of the statements were actually false or misleading. Stronghold's disclosures regarding "[a]nticipated delivery quantities" and hash rate "capacity" accurately disclosed the Company's expected delivery schedule and expected hash rate capacity based on the terms of its Equipment Purchase Agreement with MinerVa (the "EPA").  Nowhere in the Complaint do Lead Plaintiffs plead facts suggesting that Stronghold misstated the terms of the EPA, and Lead Plaintiffs' theory about what Defendants allegedly knew at the time of the Offering Materials is based on a chain of assumptions which are untethered to the specific facts alleged (or the actual facts).  Simply put, the Complaint fails to state any facts showing that Stronghold knew or should have known MinerVa would breach the EPA at the time of the Offering Materials, and deliver fewer miners with lower hash rates.  And Stronghold had no duty

---

[1] Upon a motion to dismiss, well-pleaded allegations are presumed true, but the Court need not credit conclusory allegations.  *In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 517 n.1 (S.D.N.Y. 2015).  In addition to the complaint itself, a court may consider all documents referenced therein.  *Id.*

to disclose information that it did not know. *See Wandel v. Gao*, 590 F. Supp. 3d 630, 640 (S.D.N.Y. 2022) ("[c]lairvoyance is not required").

Second, Lead Plaintiffs cannot invoke hindsight or rely on subsequent events to contend that Stronghold should have made different disclosures about its miner deliveries and hash rates at the time of its IPO. *Lighthouse Fin. Grp. v. Royal Bank of Scotland Grp., PLC*, 902 F. Supp. 2d 329, 345 (S.D.N.Y. 2012) ("With the benefit of hindsight, Plaintiffs cannot establish falsity by simply pointing to . . . [certain facts] and making conclusory allegations that . . . [the company's] earlier statements were . . . necessarily false."); *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 538 F. Supp. 2d 662, 668 (S.D.N.Y. 2008) ("[C]ourts may not employ 20/20 hindsight[.]"). Here, the MinerVa delivery issues and resultant hash rate underperformance occurred *after* the IPO. At the time of the IPO, there was at most a speculative risk that MinerVa would breach the EPA and not deliver sufficient miners to Stronghold. Stronghold was not obligated to disclose an issue with or breach by a supplier with whom it had contracted before the breach materialized. *See Jiajia Luo v. Sogou, Inc.*, 465 F. Supp. 3d 393, 412 (S.D.N.Y. 2020) (company had no duty to disclose risk that had not "transpired" or was not "a near certainty" until after IPO); *In re Hi-Crush Partners L.P. Sec. Litig.*, No. 12 Civ. 8557 (CM), 2013 WL 6233561, at *11 (S.D.N.Y. Dec. 2, 2013) (company had no duty to disclose breach of contract issue that it became aware of after Registration Statement was filed).

Third, the statement, "we believe that these recent confirmed purchase orders demonstrate our ability to leverage the breadth of our relationships to quickly expand our mining capacity," which Lead Plaintiffs allege is materially false and misleading (Compl. ¶¶ 113, 114), is an inactionable statement of corporate optimism and opinion. Courts routinely find similar statements to be immaterial as a matter of law because they are classic puffery. *See In re*

*Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 173 (2d Cir. 2021) ("[A] generally optimistic view of the state of business partnerships and the synergies of [a company's] business model cannot support claims of securities fraud."); *City of Omaha Police and Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 399–400 (S.D.N.Y. 2020) (alleged misstatements like "We believe our transformation has made us into a premier partner and employer" and "Our existing customer relationships . . . and ability to rapidly commercialize technologies provide a strong platform to drive rapid growth" were puffery). The above statement is also an inactionable statement of opinion. Statements that express "a view, not a certainty" are opinion, *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1326 (2015), and statements of opinion do not give rise to liability under the securities laws unless "the speaker did not hold the belief she professed" or "the supporting fact[s] she supplied were untrue," *Tongue v. Sanofi*, 816 F.3d 199, 209–10 (2d Cir. 2016) (citation omitted). Here, Lead Plaintiffs do not sufficiently allege that Stronghold did not hold the belief it professed or that the supporting facts supplied in the Offering Materials were untrue.

Fourth, the Offering Materials expressly warned of the risk of suppliers like MinerVa not "perform[ing] as expected," including with respect to "locat[ing] acceptable or sufficient miners" for Stronghold's purchase. (Compl. ¶ 115.) As Lead Plaintiffs recognize, Stronghold disclosed the risk that their suppliers may not "perform services to [Stronghold's] satisfaction or on commercially reasonable terms" and that Stronghold may not receive mining equipment on a timely basis or at all, and specifically explained the limited supply and miner sourcing issues caused by "recent increased demand for miners," the power shortage issues in China, and pandemic-related effects on the supply chain in China. (Compl. ¶ 115; Thau Decl. Exh. 4 at 31–32.) Stronghold also warned that "delays, interruption or increased costs could have a material

adverse effect on [its] business[.]" (Compl. ¶ 115.) Under the "bespeaks caution" doctrine, a "forward-looking statement accompanied by sufficient cautionary language is not actionable because no reasonable investor could have found the statement materially misleading." *In re Tufin Software Techs. Ltd. Sec. Litig.*, No. 20 CIV. 5646 (GHW), 2022 WL 596861, at *9 (S.D.N.Y. Feb. 25, 2022) (citation omitted). The Offering Materials contained express and substantial cautionary language specifically related to the expected delivery of miners and their performance. With these cautions, no reasonable investor could have been misled by alleged misstatements about potential issues with future delivery and performance of miners. For these reasons, and because the Complaint does not allege facts showing that Stronghold knew at the time of the IPO of MinerVa's future breach, the bespeaks caution doctrine applies.

      B.      <u>Lead Plaintiffs Fail to Sufficiently Allege Violations of Regulation S-K Items 303 and 105</u>.

Lead Plaintiffs allege that the misstatements and omissions discussed above also violated Stronghold's duty to disclose known trends and uncertainties and significant risk factors under Items 303 and 105 of SEC Regulation S-K.

With respect to Item 303, Stronghold had no duty to disclose the allegedly omitted information pursuant to Item 303, which requires a registrant to describe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material unfavorable impact. There was no material undisclosed trend or uncertainty under Item 303 because MinerVa's subsequent delivery issues were not known to management at the time of the Offering Materials and the delivery issues were not a persistent condition. *See Willard v. UP Fintech Holding Ltd.*, 527 F. Supp. 3d 609, 619 (S.D.N.Y. 2021) (to trigger a duty to disclose, a trend must have been both "presently known to management" and "reasonably likely to have

material effects on the registrant's financial condition or results of operations"); *Stadnick v. Vivint Solar, Inc.*, Nos. 14-cv-9238 (KBF), 14-cv-9709 (KBF), 2015 WL 8492757, at *13 (S.D.N.Y. Dec. 10, 2015) (holding that a trend must reflect "persistent conditions" that would cause reported financial results to no longer indicate the company's future financial condition) (internal quotations omitted); *In re Noah Educ. Holdings, Ltd. Sec. Litig.*, No. 08 CIV. 9203 (RJS), 2010 WL 1372709, at *6 (S.D.N.Y. Mar. 31, 2010) ("Item 303 does not require companies to disclose isolated occurrences"); *Blackmoss Invs. Inc. v. ACA Cap. Holdings, Inc.*, No. 07 Civ. 10528, 2010 WL 148617, at *9 (S.D.N.Y. Jan. 14, 2010) (plaintiff must plead "with some specificity, facts establishing that the defendant had actual knowledge of the purported trend" before filing).

And even if Stronghold had a duty to disclose the information—which it did not—the Offering Materials adequately disclosed that there were uncertainties with respect to Stronghold's suppliers and their ability to deliver acceptable or sufficient miners on schedule. (Compl. ¶ 115; Thau Decl. Exh. 4 at 31–32.) In short, nothing was missing from the Offering Materials.

Lead Plaintiffs also fail to allege a violation of Item 105, which requires disclosure if an issuer has actual knowledge of the risk that might materialize, for the reasons stated above. *Wandel*, 590 F. Supp. 3d at 646. Further, Lead Plaintiffs concede that Stronghold acknowledged in its Offering Materials the risks attendant to the contracts with its suppliers like MinerVa. *See supra* Section I.A., pp. 5–6. Consistent with Item 105, and contrary to the conclusory allegations in the Complaint, the Offering Materials contained detailed and adequate risk disclosures about the very issues central to the Complaint.

For the reasons set forth above, and more fully in Argument Section I of Stronghold Defendants' Memorandum, Lead Plaintiffs' Section 11 claims should be dismissed.

## II.     The Section 12(a)(2) Claims Should Be Dismissed.

For the reasons set forth below and in Argument Section I of the Stronghold Defendants' Memorandum, in which the Underwriter Defendants join, Lead Plaintiffs fail to adequately plead a Section 12(a)(2) claim.

Sections 11 and 12(a)(2) are "Securities Act siblings with roughly parallel elements." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010). These claims "are usually evaluated in tandem because if a plaintiff fails to plead a cognizable Section 11 claim, he or she will be unable to plead one under Section 12(a)." *Vaccaro v. New Source Energy Partners L.P.*, No. 15 Civ. 8954 (KMW), 2016 WL 7373799, at *4 (S.D.N.Y. Dec. 19, 2016) (citation omitted). Therefore, Lead Plaintiffs' Section 12(a)(2) claim should be dismissed for all of the same reasons as their Section 11 claim.

Additionally, Lead Plaintiff Gulzar Ahmed's Section 12(a)(2) claim against the Underwriter Defendants should be dismissed for the independent reason that Lead Plaintiff Ahmed has failed to plead sufficient facts demonstrating that he has standing to bring such claims. Section 12(a)(2) creates a cause of action against a party that "offers or sells a security . . . by means of a prospectus," but it also provides that such a party shall be liable only "to the person purchasing such security from him." 15 U.S.C. § 77l(a)(2). Courts in this district have thus held that "[s]tanding to assert a 12(a)(2) claim is limited to persons who directly purchase securities from the defendant in a public offering, rather than on the secondary market." *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 384 (S.D.N.Y. 2015). Section 12 claims may be asserted only against an "immediate seller" who either (i) directly sold securities at issue to a

named plaintiff or (ii) successfully solicited a purchase by a named plaintiff for financial gain. *Pinter v. Dahl*, 486 U.S. 622, 643 n.21 (1988); *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d at 359.  The Complaint fails to adequately allege that Lead Plaintiff Ahmed purchased his shares *in* the IPO, alleging only that he "purchased Stronghold Class A common stock pursuant *and/or traceable to* the Offering Materials and has been damaged thereby."  (Compl. ¶ 22 (emphasis added).)  Courts in this district have declined to find standing based on such language because it does "not allege[] that [plaintiffs] purchased their shares in the IPO." *In re Cosi, Inc. Sec. Litig.*, 379 F. Supp. 2d 580, 589 (S.D.N.Y. 2005).

### III. The Complaint Should Be Dismissed Based on Negative Causation

For the reasons set forth below and in Argument Section II of the Stronghold Defendants' Memorandum, in which the Underwriter Defendants join, the Complaint should be dismissed based on negative causation because it is apparent that Lead Plaintiffs cannot recover their alleged losses.

Although loss causation is not an element of Section 11 and 12(a)(2) claims, and negative causation is an affirmative defense that is generally established by a defendant beyond the motion to dismiss stage, dismissal is permissible and proper at the motion to dismiss stage when "it is apparent from the face of the complaint that the plaintiff cannot recover her alleged losses." *See Boluka Garment Co. v. Canaan Inc.*, 547 F. Supp. 3d 439, 447 (S.D.N.Y. 2021).  Here, the alleged corrective disclosure on March 29, 2022 could not have caused Lead Plaintiffs' loss because the allegedly corrective information was already known months earlier to the public— MinerVa's shipment delays were revealed to the market in a November 2021 earnings call—and because Stronghold's stock rose in the two days following the alleged corrective disclosure. *See Lau v. Opera Ltd.*, 527 F. Supp. 3d 537, 561–62 (S.D.N.Y. 2021) (no loss causation where

allegedly corrective information already publicly known); *Amorosa v. AOL Time Warner Inc.*, 409 F. App'x 412, 416–17 (2d Cir. 2011) (summary order) (affirming dismissal based on negative causation where issuer's stock rose after alleged corrective disclosure). Further, Stronghold's stock began to decline in early 2022, far earlier than the alleged corrective disclosure, as the cryptocurrency industry as a whole (including Bitcoin) went into decline. *See In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 272 F. Supp. 2d 243, 254 (S.D.N.Y. 2003) (dismissing complaint where plaintiff's alleged losses occurred before corrective disclosure and technology issuer's fund declined proportionally with the entire technology sector industry's decline).

## Conclusion

For the foregoing reasons and the reasons stated in the Stronghold Defendants' Memorandum, the Underwriter Defendants respectfully submit that the Complaint should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6).

Dated: December 19, 2022

WILLKIE FARR & GALLAGHER LLP

By: */s/ Jeffrey B. Korn*
Jeffrey B. Korn
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000
jkorn@willkie.com

*Attorneys for the Underwriter Defendants*