**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
Andrew Lencyk
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com
Email: alencyk@zlk.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Jonathan Stern
275 Madison Avenue, 40th Floor
New York, NY 10006
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: jstern@rosenlegal.com
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs*
*Gulzar Ahmed and the Allegheny County*
*Employees' Retirement System*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>            Defendants. | Case No. 1:22-cv-03088-RA<br><br>**LEAD PLAINTIFFS' OPPOSITION TO UNDERWRITER DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** |

**TABLE OF CONTENTS**

I.      Introduction.................................................................................................................. 1

II.     The Complaint Alleges False and Misleading Statements and Omissions........................ 1

        A.      Defendants' Misleading Statements were Actionable Statements Based on
                Specific Past and Present Conditions, Not Mere Corporate Puffery ...................... 1

        B.      Defendants' Statements Were Misleading Due to Omission of Key Facts
                Regarding Delays in Miner Shipments from MinerVa........................................... 3

        C.      Defendants Violated Item 303 by Failing to Disclose Known Trends and
                Uncertainties Regarding Miners from MinerVa ..................................................... 4

III.    Conclusion .................................................................................................................... 5

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Noah Educ. Holdings, Ltd. Sec. Litig.*,
  No. 08 CIV. 9203 (RJS), 2010 WL 1372709 (S.D.N.Y. Mar. 31, 2010) .................................. 5

*In re Synchrony Fin. Sec. Litig.,*
  988 F.3d 157 (2d Cir. 2021) ................................................................................................... 2

*Litwin v. Blackstone Grp., L.P.*,
  634 F.3d 706 (2d Cir. 2011) ................................................................................................... 4

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
  135 S. Ct. 1318 (2015) .......................................................................................................... 3

*Oxford Asset Mgmt., Ltd. v. Jaharis*,
  297 F.3d 1182 (11th Cir. 2002) ............................................................................................. 4

*Ronzani v. Sanofi S.A.*,
  899 F.2d 195 (2d Cir. 1990) ................................................................................................... 5

*Stadnick v. Vivint Solar, Inc.*, No. 14-CV-9,
  283 (KBF), 2015 WL 8492757 (S.D.N.Y. Dec. 10, 2015) ................................................... 4

*Tongue v. Sanofi*,
  816 F.3d 199 (2d Cir. 2016) ................................................................................................... 3

**Regulations**

17 C.F.R. § 229.303(a)(3)(ii) ...................................................................................................... 4

## I.    Introduction

Underwriters' and Defendants' B. Riley Securities, Inc., Cowen and Company, LLC, Tudor, Pickering, Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, and Northland Securities, Inc. (collectively, the "Underwriters" or "Underwriter Defendants") motion to dismiss largely joins in and incorporates the arguments set forth in the Memorandum of Law in Support of their Motion to Dismiss submitted by Stronghold Digital Mining ("Stronghold)", Gregory A. Beard, and William B. Spence and as joined by Ricardo R. A. Larroudé   (collectively, the "Stronghold Defendants"). (Dkt No. 56). Lead Plaintiffs Gulzar Ahmed and Allegheny County Employees' Retirement System accordingly hereby incorporate the arguments set forth in their Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Class Action Complaint ("Opposition to Stronghold Defendants' Motion"), filed contemporaneously herewith. However, Underwriters raise a few additional arguments and additional case law that are addressed below.

## II.    The Complaint Alleges False and Misleading Statements and Omissions

### A.    Defendants' Misleading Statements were Actionable Statements Based on Specific Past and Present Conditions, Not Mere Corporate Puffery

Defendants' alleged misleading statements and material omissions in Stronghold's Offering Materials for its October 2021 IPO are actionable for the reasons set forth in Plaintiffs' Opposition to Stronghold Defendants' Motion.

The Underwriter Defendants make an additional argument regarding the Offering Materials' false and misleading statement that  "[w]hile many of our competitors have struggled to obtain mining equipment due to historically strong demand and pre-sold supply, we believe that these *recent confirmed purchase orders* demonstrate our ability to leverage the breadth of our

1

relationships to quickly expand our mining capacity" ¶113[1]. This statement was false and misleading when made because Stronghold's then-largest recently confirmed purchase order, an order for 15,000 MinerVa brand Bitcoin miners ("miners"), could not be implemented as represented in the Offering Materials for reasons existing and knowable to Defendants at the time of the IPO, including components shortages, shipping delays, an inoperable manufacturing facility, and performance issues with the supplier MinerVa. ¶¶ 68–96, 123–133, 136–143. While the Underwriters contend this misstatement was immaterial, inactionable puffery, citing *Synchrony* (UDB at pp. 4–5), that case held only that "***[v]ague*** positive statements regarding a corporate entity's risk management strategy, asset, quality, and business practices are ***too general*** to cause a reasonable investor to rely upon them." *In re Synchrony Fin. Sec. Litig.,* 988 F.3d 157, 170 (2d Cir. 2021) (internal citations and quotation marks omitted). Stronghold's statement, by contrast, referred to a "precise moment in time" —the present—and identified a "particular detail" about Stronghold's business relationships: Stronghold's confirmed purchase orders for 26,150 miners, including the Company's April 2, 2021 contract with MinerVa for 15,000 miners signed over six months before Stronghold's October 2021 IPO. *Id.* at 173; ¶¶62, 111. Statements, such as Stronghold's here, that contain such "specificity" invite investors to reasonably rely on them (*Synchrony,* 988 F.3d at 173); thus, it was reasonable for investors to believe that Stronghold, unlike its competitors in the Bitcoin mining space, would be able to quickly expand its Bitcoin mining capacity (and thereby increase Bitcoin mining revenue). This differentiation was a key to shareholders' investment decision.

---

[1] Emphasis added unless otherwise notated. References to paragraphs of Plaintiffs' Amended Class Action Complaint are in the form "¶_". References to pages of the Underwriter Defendants' motion to dismiss brief are in the form "UDB_".

**B.**     **Defendants' Statements Were Misleading Due to Omission of Key Facts Regarding Delays in Miner Shipments from MinerVa**

Even if the statement relating to Stronghold's confirmed purchase orders described in Section II(B), *supra*, constitutes an opinion, the Offering Materials nonetheless omitted key information demonstrating that the statement was false, i.e., that Stronghold did not have the "ability to leverage the breadth of [their] relationships to quickly expand our mining capacity." ¶182. The Underwriter Defendants cite *Omnicare* and *Sanofi* for the proposition that statements of opinion are not actionable unless the speaker did not hold the professed belief, or the supporting facts that the speaker supplied were untrue. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1326 (2015); *Tongue v. Sanofi*, 816 F.3d 199, 209–10 (2d Cir. 2016); UDB at p. 5. However, as *Sanofi* describes and the Underwriters fail to mention, "*Omnicare* went on to hold that opinions, though sincerely held and otherwise true as a matter of fact, *may nonetheless be actionable if the speaker omits information whose omission makes the statement misleading to a reasonable investor*." *Sanofi*, 816 F.3d at 210. The statement in Stronghold's Offering Materials that the Company would "quickly expand … mining capacity" and that impliedly Stronghold had not struggled to obtain mining equipment" like "many of [its] competitors" is misleading precisely because of the known uncertainties and events that Stronghold omitted to disclose to investors. In actuality, Defendants knew or should have known at the time of Stronghold's IPO through "daily" communications with MinerVa that, *inter alia*, power curtailments were preventing MinerVa from manufacturing miners, that MinerVa had not sourced adequate chips from supplier AGM, and that MinerVa had not yet shipped miners that were to arrive at Stronghold per the published delivery schedule just ten days after the IPO. ¶¶72– 81, 116, 141. Stronghold failed to adequately inform investors about these facts and indeed, in

3

March 2022, belatedly disclosed to investors that the Company had struggled to "expand [its] mining capacity." Indeed, by December 31, 2021, Stronghold had scaled its Bitcoin mining operation to output only a total combined hash rate of 800 PH/s, falling 1,300 PH/s or about 62% short of the 2,100 PH/s mining capacity touted in the Offering Materials for year-end 2021. ¶144.

**C.    Defendants Violated Item 303 by Failing to Disclose Known Trends and Uncertainties Regarding Miners from MinerVa**

Defendants violated Item 303 for failing to disclose "known trends or uncertainties … that the registrant reasonably expects will have a material … unfavorable impact on … revenues or income from continuing operations", in that Defendants omitted disclosing trends and uncertainties regarding the delivery schedule for miners from MinerVa. ¶¶68–78, 80. Underwriters claim that the Complaint fails to allege an Item 303 violation by arguing that delivery issues were not a persistent condition. The Underwriters rely on *Vivint Solar*, which cited the Eleventh Circuit case *Oxford Asset Management* for the proposition that in identifying a *trend* under Item 303, the regulation "require[s] an assessment of whether an observed pattern accurately reflects persistent conditions of the particular registrant's business environment." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1191 (11th Cir. 2002), *cited in Stadnick v. Vivint Solar, Inc.*, No. 14-CV-9283 (KBF), 2015 WL 8492757, at *13 (S.D.N.Y. Dec. 10, 2015). But MinerVa's delay, which was known to Stronghold as of the IPO, at a minimum created an uncertainty: an indefinite delay in the delivery of miners that Stronghold should have reasonably expected to have a material, unfavorable impact on revenues. *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 716 (2d Cir. 2011) (Item 303 relates to "known trends or uncertainties ... that the registrant reasonably expects will have a material ... unfavorable impact on ... revenues or income from continuing operations.") (omissions in original) (quoting 17 C.F.R. § 229.303(a)(3)(ii)). Given that 15,000 of 26,150—or

around 57%—of the new miners Stronghold had under purchase order as of the IPO were to be supplied by MinerVa, and that the MinerVa miners were to provide approximately 71% of Stronghold's Bitcoin mining computing power (hash rate) by year-end 2021, it is difficult to imagine how delays from this key hardware supplier would not have material unfavorable impact on Stronghold. ¶¶62, 66.  The Underwriters case, *In re Noah Educ. Holdings, Ltd. Sec. Litig.*, No. 08 CIV. 9203 (RJS), 2010 WL 1372709, at *6 (S.D.N.Y. Mar. 31, 2010) is additionally unavailing. *Noah Educ. Holdings* holds only that Item 303 does not require disclosure of "isolated occurrences" which will have no long-term impact on financial performance. Given the open-ended, and at best unknown, duration of MinerVa's delay, Defendants had no way of knowing that the impact would be short term. Moreover, the Underwriters fail to address that nearly seven months had passed between when Stronghold contracted with MinerVa on April 2, 2021 and Stronghold's IPO culminating in late October 2021, representing over two quarters in which Stronghold learned or should have learned of facts making delays from MinerVa all but certain. Thus, Defendants were required to make disclosure under Item 303.  *See* Plaintiffs' Opposition to Stronghold Defendants' Motion, Section III.C.

## III.    Conclusion

For the foregoing reasons, the motion to dismiss should be denied. If the motion to dismiss is granted, plaintiffs seek leave to amend.  *See Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990).

Dated: February 17, 2023

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Stern

Laurence M. Rosen
Jonathan Stern
275 Madison Avenue, 40th Floor
New York, NY 10006
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: jstern@rosenlegal.com
Email: lrosen@rosenlegal.com


**LEVI & KORSINSKY, LLP**

Shannon L. Hopkins (SH-1887)
Andrew Lencyk (AL-4329)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com
Email: alencyk@zlk.com

*Co-Lead Counsel for Lead Plaintiffs*
*Gulzar Ahmed and the Allegheny County*
*Employees' Retirement System*