UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK WINTER,<br><br>              Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC.,<br>GREGORY A. BEARD, RICARDO R. A<br>LARROUDÉ, WILLIAM B. SPENCE, B.<br>RILEY SECURITIES, INC., COWEN AND<br>COMPANY, LLC, TUDOR, PICKERING,<br>HOLT & CO. SECURITIES, LLC, D.A.<br>DAVIDSON & CO., COMPASS POINT<br>RESEARCH & TRADING, LLC, and<br>NORTHLAND SECURITIES, INC.,<br><br>              Defendants. | Case No. 1:22-cv-03088-RA<br><br>Hon. Ronnie Abrams<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

**UNDERWRITER DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
<u>THE AMENDED CLASS ACTION COMPLAINT</u>**

WILLKIE FARR & GALLAGHER LLP
Jeffrey B. Korn
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000
jkorn@willkie.com

*Attorneys for the Underwriter Defendants*

**TABLE OF CONTENTS**

Page

Preliminary Statement..................................................................................................................1

Argument .....................................................................................................................................2

      I.      The Section 11 Claims Should Be Dismissed............................................................2

             A.   Lead Plaintiffs Fail to Plead Any Actionable Misstatements or Omissions.......................................................................................................2

             B.   Lead Plaintiffs Fail to Sufficiently Allege Violations of Regulation S-K Items 303 and 105. .............................................................................4

      II.     The Section 12(a)(2) Claims Should Be Dismissed. ...............................................5

      III.    The Complaint Should Be Dismissed Based on Negative Causation......................6

Conclusion ...................................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Corp. v. Syniverse Techs., Inc.*,
  No. 12 Civ. 1812(NRB), 2014 WL 4412392 (S.D.N.Y. 2014) ..................................................6

*City of Omaha Police & Fire Retirement System v. Evoqua Water Techs. Corp.*,
  450 F. Supp. 3d 379 (S.D.N.Y. 2020)......................................................................................3

*Ramirez v. Temin & Co., Inc.*,
  No. 20 Civ. 6258(ER), 2021 WL 4392303 (S.D.N.Y. 2021) ..................................................6

*River Birch Cap., LLC v. Jack Cooper Holdings Corp.*,
  No. 17 Civ. 9193, 2019 WL 1099943 (S.D.N.Y. 2019) ..........................................................4

*In re Synchrony Financial Securities Litigation*,
  988 F.3d 157 (2d Cir. 2021)................................................................................................3, 4

*In re UBS Sec. Litig.*,
  No. 7 Civ. 11225(RJS), 2012 WL 4471265 (S.D.N.Y. 2012)..................................................6

*Wandel v. Gao*,
  590 F. Supp. 3d 630 (S.D.N.Y. 2022)......................................................................................5

**Statutes**

Securities Act of 1933 § 11...........................................................................................................1

Securities Act of 1933 § 12(a)(2) ........................................................................................1, 2, 5, 6

**Other Authorities**

Rule 12(b)(6).................................................................................................................................6

Defendants B. Riley Securities, Inc., Cowen and Company, LLC, Tudor, Pickering, Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, and Northland Securities, Inc. (collectively, the "Underwriter Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss Lead Plaintiffs' Amended Class Action Complaint (the "Complaint" or "Compl.").

## Preliminary Statement

In their opening briefs, the Underwriter Defendants and the Stronghold Defendants[1] established that Lead Plaintiffs[2] failed to state a claim under Sections 11 or 12(a)(2) of the Securities Act of 1933. As the Stronghold Defendants explain in their reply memorandum of law (the "Stronghold Defendants' Reply"), which the Underwriter Defendants join and incorporate by reference, Lead Plaintiffs have failed to rebut those arguments.

Lead Plaintiffs' Section 11 claim is deficient for several reasons. First, Lead Plaintiffs fail to identify any actionable misstatement or omission on which to base their claims because the purported misstatements and omissions were not inaccurate or misleading when made and/or were inactionable statements of corporation optimism and opinion. Second, Lead Plaintiffs fail to allege that Defendants knew at the time the alleged misstatements were made (*i.e.*, at the time of the IPO) that MinerVa would breach the EPA and experience material delivery delays. Third, the Offering Materials expressly warned of the risks of supplier delays and underperformance of miners—risks that had not yet materialized at the time of the IPO. Fourth, Lead Plaintiffs fail to sufficiently allege violations of Regulation S-K Items 303 and 105 because Stronghold had no

---

[1] The Stronghold Defendants consist of Defendants Stronghold Digital Mining, Inc., Gregory A. Beard, and William B. Spence.

[2] Capitalized terms have the same definitions set forth in the Underwriter Defendants' Memorandum of Law in Support of Their Motion To Dismiss the Amended Class Action Complaint (ECF No. 59).

duty to disclose information for which it did not have actual knowledge, and Stronghold fully disclosed the risks and uncertainties of which it was aware.

Lead Plaintiffs' Section 12(a)(2) claim is also deficient and should be dismissed for all of the same reasons as Lead Plaintiffs' Section 11 claim, and because, as explained in Defendants' opening briefs, Lead Plaintiff Gulzar Ahmed has not pled facts demonstrating that he has standing to pursue Section 12(a)(2) claims against the Underwriter Defendants.  Indeed, Lead Plaintiffs conceded this point by failing to mention or address it in either opposition brief, which is a separate ground for dismissal.

The Complaint should also be dismissed based on negative causation because, as explained in Defendants' opening briefs, it is apparent from the face of the Complaint that none of the alleged misstatements or omissions caused Lead Plaintiffs' alleged losses.

**Argument**

**I.    The Section 11 Claims Should Be Dismissed.**

A.    <u>Lead Plaintiffs Fail to Plead Any Actionable Misstatements or Omissions.</u>

For the reasons set forth below and in Argument Section I of the Stronghold Defendants' Reply, in which the Underwriter Defendants join, Lead Plaintiffs fail to adequately plead a Section 11 claim.

Lead Plaintiffs argue in their Opposition to Underwriter Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Opposition" or "Opp.") that the statement, "[w]hile many of our competitors have struggled to obtain mining equipment due to historically strong demand and pre-sold supply, we believe that these recent confirmed purchase orders demonstrate our ability to leverage the breadth of our relationships to quickly expand our mining capacity" (the "Relationships Statement") (Compl. ¶ 113), was false and misleading when made because

Stronghold's then-largest recently confirmed purchase order for 15,000 MinerVa Bitcoin miners could not be implemented as represented in the Offering Materials for "reasons existing and knowable to Defendants at the time of the IPO" (Opp. at 1–2).  However, as discussed in the Stronghold Defendants' opening brief (the "Stronghold Brief" or "Stronghold Br.") and the Underwriter Defendants' opening brief (the "Underwriters Brief" or "Underwriters Br."), the Complaint fails to state any facts showing Stronghold knew or could have known MinerVa would breach the EPA at the time of the Offering Materials.  (Stronghold Br. at 10, 13, 15; Underwriters Br. at 3.)  Additionally, the Relationships Statement is "classic puffery" and an inactionable statement of opinion.  (Underwriters Br. at 4–5.)

Though the Underwriter Defendants cite two cases in the Underwriters Brief to support their puffery argument—*In re Synchrony Financial Securities Litigation*, 988 F.3d 157 (2d Cir. 2021) and *City of Omaha Police & Fire Retirement System v. Evoqua Water Technologies Corp.*, 450 F. Supp. 3d 379 (S.D.N.Y. 2020)—Lead Plaintiffs only apparently take issue with one, *In re Synchrony*.  While it is true that *In re Synchrony* held that a statement made at an earnings call by Synchrony's CFO was specific enough to survive the pleadings stage, that statement was in response to a specific question about whether retail partners had voiced any pushback to the company's underwriting practices, particularly as to subprime borrowers, to which the CFO responded specifically that he was "not getting any pushback on credit."  988 F.3d 157 at 167–68.  That is a far cry from the "[v]ague positive" Relationships Statement, which was made by Stronghold in its Registration Statement, listed recently executed purchase orders with various vendors, and then generally expressed the "optimistic view" that these orders demonstrate Stronghold's ability to leverage the breadth of its relationships to quickly expand its mining capacity.  *Id.* at 170.  This is "precisely the type of puffery" that is inactionable.  *Id.* at 170, 173

(finding statement from Synchrony's Offering Materials was inactionable puffery where Synchrony touted its partnerships, included a list of certain retail and manufacturing partners, and then made a generic statement of optimism regarding its "partner-centric business model," which provides "substantial value to both [its] partners and [its] customers").

Additionally, for the reasons explained in the Underwriters Brief, the Relationships Statement is an inactionable statement of opinion.  (Underwriters Br. at 5.)  Lead Plaintiffs attempt to argue that even if the Relationships Statement is an opinion, it is misleading because there were "known uncertainties and events that Stronghold omitted to disclose to investors," namely that "power curtailments were preventing MinerVa from manufacturing miners, that MinerVa had not sourced adequate chips from supplier AGM, and that MinerVa had not yet shipped miners that were to arrive at Stronghold per the published delivery schedule just ten days after the IPO."  (Opp. at 3.)  However, as discussed in both opening briefs, as well as the Stronghold Defendants' Reply (*see* Stronghold Br. at 11–14; Underwriters Br. at 3; Stronghold Reply at 4–6), the Complaint's conclusory allegations do not contain any facts showing that Stronghold knew (or could have known) that the risk of MinerVa experiencing material shipment delays and breaching the EPA had "ripened" into a "foregone conclusion" prior to the IPO. *River Birch Cap., LLC v. Jack Cooper Holdings Corp.*, No. 17 Civ. 9193, 2019 WL 1099943, at *7–8 (S.D.N.Y. Mar. 8, 2019).

> B.     Lead Plaintiffs Fail to Sufficiently Allege Violations of Regulation S-K Items 303 and 105.

For the reasons set forth below and in Argument Section I.D of the Stronghold Defendants' Reply, in which the Underwriter Defendants join, Lead Plaintiffs fail to adequately plead violations of Regulation S-K Items 303 and 105.

In the Opposition, Lead Plaintiffs argue that Defendants violated Item 303 for failing to disclose known trends or uncertainties because "MinerVa's delay, which was known to Stronghold as of the IPO, at a minimum created an uncertainty[.]" (Opp. at 4.)  But Item 303's actual knowledge requirement is fatal to Lead Plaintiffs' argument.  *Wandel v. Gao*, 590 F. Supp. 3d 630, 646–47 (S.D.N.Y. 2022) ("Items 105 and 303 cannot save Plaintiffs' hindsight pleading when that pleading did not hurdle the requirements of [Section 11]" because it did "not adequately [plead Defendant] had actual knowledge").  Despite Lead Plaintiffs' attempts to obfuscate by pointing to irrelevant facts (*e.g.*, "nearly seven months had passed between when Stronghold contracted with MinerVa . . . and Stronghold's IPO" (Opp. at 5)), they fail to plead one fact showing that Defendants had ***actual*** knowledge that MinerVa would materially breach the EPA.  Simply put, Stronghold disclosed the risks for which it had actual knowledge (*see* Stronghold Br. at 20–22; Underwriters Br. at 5–7), and that is all Item 303 requires.

## II.    The Section 12(a)(2) Claims Should Be Dismissed.

For the reasons set forth below and in Argument Section I of the Stronghold Defendants' Reply, in which the Underwriter Defendants join, Lead Plaintiffs fail to adequately plead a Section 12(a)(2) claim.

As discussed in Defendants' opening briefs, Lead Plaintiffs' Section 12(a)(2) claim should be dismissed for all of the same reasons as Lead Plaintiffs' Section 11 claim, and because Plaintiff Gulzar Ahmed has not pled facts demonstrating that he has standing to pursue Section 12(a)(2) claims against the Underwriter Defendants.  (Underwriters Br. at 8–9; Stronghold Br. at 24, n.9.)  Notably, Lead Plaintiffs failed to mention or address this argument in either of their opposition briefs.  This argument is thus conceded, and the Section 12(a)(2) claim should be dismissed for that independent reason.  *See Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258(ER),

- 5 -

2021 WL 4392303, at \*9 n.2 (S.D.N.Y. Sept. 24, 2021) ("Numerous courts have held that a plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument."); *In re UBS Sec. Litig.*, No. 7 Civ. 11225(RJS), 2012 WL 4471265, at \*11, 21 n.19, 23 n.22 (S.D.N.Y. Sept. 28, 2012) (considering arguments related to securities claims waived where plaintiff "concede[d] [issue] through silence" in opposition brief); *AT&T Corp. v. Syniverse Techs., Inc.*, No. 12 Civ. 1812(NRB), 2014 WL 4412392, at \*7 (S.D.N.Y. Sept. 8, 2014) ("[Plaintiff's] silence concedes the point.").

### III.     The Complaint Should Be Dismissed Based on Negative Causation.

For the reasons set forth in Argument Section II of the Stronghold Defendants' Reply, in which the Underwriter Defendants join, the Complaint should be dismissed based on negative causation because it is apparent that Lead Plaintiffs cannot recover their alleged losses.

### <u>Conclusion</u>

For the foregoing reasons, the reasons stated in the Stronghold Defendants' Reply, and the reasons stated in Defendants' opening briefs, the Underwriter Defendants respectfully submit that the Complaint should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6).

Dated: March 20, 2023

WILLKIE FARR & GALLAGHER LLP

By: /s/ Jeffrey B. Korn
Jeffrey B. Korn
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000
jkorn@willkie.com

*Attorneys for the Underwriter Defendants*