**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK WINTER, *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R.A. LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC. <br><br> Defendants. | Case No.: 1:22-cv-03088-RA |

**DEFENDANT RICARDO R.A. LARROUDÉ'S ANSWER AND**
**AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Ricardo R.A. Larroudé ("Defendant"), by and through his attorneys, respectfully submits the following Answer in response to the Amended Class Action Complaint, filed by Co-Lead Plaintiffs Gulzar Ahmed and Allegheny County Employees' Retirement System, dated October 18, 2022 (the "Complaint"). To the extents that the paragraphs in the Complaint are grouped under headings and subheadings, Defendant responds generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent a response is deemed necessary, Defendant denies each and every heading and subheading in the Complaint. Further, except as specifically admitted herein, Defendant denies each and every allegation of the Complaint, and, using the same paragraph number as the Complaint, alleges and states as follows:

1

**ANSWER**

1.      Paragraph 1 purports to describe this action and contains Plaintiffs' purported legal conclusions for which no response is required. To the extent a response is required, Defendant[1] admits that Plaintiffs purport to bring claims under Sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act") for a purported class of investors. Defendant denies the legal merit of these claims or that they are appropriate for class certification.

Defendant admits that Stronghold Digital Mining, Inc. ("Stronghold") filed a registration statement with the Securities and Exchange Commission (the "SEC") on October 19, 2021 and a prospectus on October 21, 2021. As to Footnote 1, Defendant admits that Stronghold filed a registration statement with the SEC on October 19, 2021, except Defendant notes that only Mr. Gregory A. Beard signed the Registration Statement filed with the SEC on October 19, 2021, but that Defendant, and Mr. William B. Spence each authorized Mr. Beard to sign on their behalf pursuant to a power of attorney. Defendant neither admits nor denies the remainder of Footnote 1 which consists only of Plaintiffs' characterization of the October 19, 2021, registration statement and no allegations. As to Footnote 2, Defendant admits that Stronghold filed a prospectus with the SEC on October 21, 2021. Defendant neither admits nor denies the remainder of Footnote 2 which consists only of Plaintiffs' characterization of the October 21, 2021 prospectus and no allegations.

2.      Paragraph 2 purports to describe this action and contains Plaintiffs' purported legal conclusions for which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring claims under Section 11, 12, and 15 of the Securities Act, but any misstatement or misleading characterization of the law with respect to these claims is denied. Defendant denies the legal merit of these claims. Defendant neither admits nor denies

---

[1] This Answer solely constitutes an answer on behalf of Defendant Ricardo R.A. Larroudé.

anything in Footnote 3 which consists only of Plaintiffs' characterizations of their claims and no allegations.

3.    Defendant admits the allegations in Paragraph 3, except Defendant neither admits nor denies Plaintiffs' definition of Bitcoin mining machines as "mining machines" or "miners" which consists only of Plaintiffs' characterization and no allegations.

4.    Defendant admits the allegations in Paragraph 4.

5.    Defendant admits the allegations in Paragraph 5.

6.    Defendant admits the allegations in Paragraph 6.

7.    Defendant neither admits nor denies anything in Paragraph 7 which consists only of Plaintiffs' characterization of the Registration Statement and Prospectus and no allegations.

8.    Paragraph 8 cites to language from the Form 10-Q, filed by Stronghold with the SEC on November 30, 2021.  Defendant respectfully refers the Court to that filing for a full and accurate description of its contents.  Any inconsistent or misleading characterization of the filing is denied.

9.    Paragraph 9 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10.   Paragraph 10 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10. Paragraph 10 further purports to characterize Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively.  Defendant respectfully refers the Court to these filings for a full and accurate description of their contents. Any inconsistent or misleading characterization of these filings is denied. Paragraph 10 also seemingly purports to characterize a press release issued by AGM Group Holdings, Inc. on October 21, 2021. Without

accepting the accuracy of material contained in the press release, Defendant respectfully refers the Court to the press release for a complete statement of the press release's contents. Defendant denies all other allegations in Paragraph 10.

11.    Paragraph 11 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11. Paragraph 11 also purports to characterize Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively, and a Press Release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022.  Defendant respectfully refers the Court to these filings for a full and accurate description of their contents. Any inconsistent or misleading characterization of these filings is denied. Defendant denies the allegation that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s.

12.    Paragraph 12 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.  Paragraph 12 also purports to characterize Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively and a Press Release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022.  Defendant respectfully refers the Court to these filings for their full and accurate contents. Any inconsistent or misleading characterization of the filings is denied.

13.    Paragraph 13 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.    Defendant admits that Stronghold filed a Form 10-K and Form 8-K with the SEC on March 29, 2022, that announced its financial results for the year and quarter ended December

31, 2021, respectively. Defendant further admits that the Company reported a net loss of $0.52 per share for the quarter ended December 31, 2021. Defendant admits that portions of the quoted language in Paragraph 15 appear in Exhibit 99.2 to Stronghold's Form 8-K filed with the SEC on March 29, 2022, and that other portions are drawn from Stronghold's March 29, 2022 Earnings Call. Otherwise, Paragraph 15 purports to characterize Stronghold's statements in the March 29, 2022, Form 10-K, Form 8-K, Earnings Call, or any Exhibit thereto. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. The final sentence of Paragraph 14 purports to characterize Stronghold's statements in a Form 10-Q filed with the SEC on May 16, 2022. Defendant admits that the Form 10-Q filed with the SEC on May 16, 2022, stated: "We do not know when the remaining MinerVa miners will be received, if at all. As a result, an impairment totaling $12,228,742 was recognized on March 31, 2022." Defendant otherwise denies the allegations in Paragraph 14, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

15.     Defendant admits that, accordingly to publicly available databases, Stronghold's stock price closed at $6.97 per share on March 30, 2022, on trading volume of 6,192,200 shares. Defendant further admits that trading volume of Stronghold shares was 632,200 shares on March 28, 2022.  Defendant denies Plaintiffs' characterization of any change in Stronghold's share price or that there is a causal connection between Plaintiffs' allegations and the change in share price or trading volume.

16.     Defendant admits that Stronghold's stock traded at $4.78 per share on April 11, 2022. Defendant further admits that Stronghold's IPO price was $19.00 per share of Class A common stock.  Defendant denies Plaintiffs' characterization of any change in Stronghold's share

price or that there is a causal connection between Plaintiffs' allegations and the change in share price.

17.    Paragraph 17 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18.    Paragraph 18 purports to describe this action and contains Plaintiffs' purported legal conclusions for which no response is required.  To the extent a response is required, Defendant admits that the Complaint purports to seek remedies pursuant to Sections 11, 12, and 15 of the Securities Act. Defendant denies the legal merit of these claims.

19.    Paragraph 19 states a legal conclusion to which no response is required.

20.    Paragraph 20 states a legal conclusion to which no response is required. Defendant admits that Stronghold's corporate headquarters is located at 595 Madison Avenue, 29th Floor, New York, NY, 10022.

21.    Paragraph 21 states a legal conclusion to which no response is required.

22.    Defendant admits that Gulzar Ahmed is a Co-Lead Plaintiff in this action. Defendant notes that the Court dismissed Co-Lead Plaintiff Ahmed's Section 12 claims for lack of standing (ECF 77). Thus, no answer is required with regard to those claims. To the extent a response is required, Defendant denies the allegations in Paragraph 22. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22. On that basis, Defendant denies the allegations in Paragraph 22.

23.    Defendant admits that Allegheny County Employees Retirement System ("ACERS") is a Co-Lead Plaintiff in this action.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23. On that basis, Defendant denies the allegations in Paragraph 23.

24.     Defendant admits the allegations in Paragraph 24.

25.     Defendant admits that Mr. Beard is Stronghold's Chief Executive Officer ("CEO"), President, and Co-Chairman of Stronghold's Board of Directors, and that he has held all three of these roles since March 2021.  Defendant further admits that Mr. Beard is a co-founder of the Company. Defendant admits that Mr. Beard signed Stronghold's Registration Statement.  The characterization of the Registration Statement as "false and misleading" is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies this allegation in the last sentence of Paragraph 25.

26.     Defendant admits that he was Stronghold's Chief Financial Officer from March 2021 until April 18, 2022, when Matthew Smith succeeded him. Defendant further admits that he authorized Mr. Beard to sign the Registration Statement on his behalf pursuant to a Power of Attorney, appended as Exhibit 24.1 to the Registration Statement on Form S-1 (File No. 333-258188) filed on July 27, 2021. The characterization of the Registration Statement as "false and misleading" is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies this allegation in the last sentence of Paragraph 26.

27.     Defendant admits that Mr. Spence was Co-Chairman of Stronghold's Board of Directors from March 2021 to March 2023. Defendant further admits that Mr. Spence is a co-founder of Stronghold. Defendant further admits that Mr. Spence authorized Mr. Beard to sign the Registration Statement on his behalf pursuant to a Power of Attorney, appended as Exhibit 24.1 to the Registration Statement on Form S-1 (File No. 333-258188) filed on July 27, 2021. The characterization of the Registration Statement as "false and misleading" is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies this allegation in the last sentence of Paragraph 27.

28.     Defendant neither admits nor denies anything in Paragraph 28 which consists only of Plaintiffs' characterization of the parties and no allegations.

29.     Defendant admits that himself, Mr. Beard, and Mr. Spence participated in the preparation of and signing of the Registration Statement and Prospectus, which comprised the Offering Materials. The statements that Defendant, Mr. Beard, and Mr. Spence are "strictly liable for the materially false and misleading statements contained and/or incorporated" in the Offering Materials or that they had "control" over the contents of Stronghold's reports are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies these allegations and any remaining allegations in Paragraph 29.

30.     Defendant admits the allegations in Paragraph 30.

31.     Defendant admits the allegations in Paragraph 31.

32.     Defendant admits the allegations in Paragraph 32.

33.     Defendant admits the allegations in Paragraph 33.

34.     Defendant admits the allegations in Paragraph 34.

35.     Defendant admits the allegations in Paragraph 35.

36.     Defendant neither admits nor denies anything in Paragraph 36 which consists only of Plaintiffs' characterization of the parties and no allegations.

37.     Paragraph 37 purports to characterize the Underwriting Agreement dated October 19, 2021, by and among Stronghold, B. Riley, and Cowen, attached as Exhibit 1.1 to a Form 8-K filed by Stronghold with the SEC on October 25, 2021.  Defendant admits that in the Underwriting Agreement, the Underwriter Defendants each agreed, severally and not jointly, to purchase the number of shares each had underwritten for sale, respectively, with the option to purchase up to an additional 1,003,095 shares to cover over-allotments, if any. Defendant respectfully refers the

Court to the filing for its full and accurate contents. Any inconsistent or misleading characterization of the filing is denied.

38.    Defendant admits that some or all of the Underwriter Defendants performed due diligence with regard to certain aspects of Stronghold's IPO, including the items numbered (i)-(iii) in Paragraph 38.

39.    Defendant admits that the Underwriter Defendant assisted Stronghold in connection with certain aspects of Stronghold's IPO.  The remaining allegations in Paragraph 39 otherwise refers to claims against defendant other than the Defendant, for which no response is required.  The remaining allegations in Paragraph 39 also state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 39.

40.    Defendant admits that the Underwriter Defendant assisted Stronghold in connection with certain aspects of Stronghold's IPO. The remaining allegations in Paragraph 40 otherwise refers to claims against defendants other than the Defendant, for which no response is required.  The remaining allegations in Paragraph 40 also state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 40.

41.    The allegations in Paragraph 41 relate to claims against defendants other than the Defendant, for which no response is required. The allegations in Paragraph 41 also state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 41.

42.    The allegations in Paragraph 42 relate to claims against defendants other than the Defendant, for which no response is required. The allegations in Paragraph 42 also state legal

conclusions for which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 42.

43.     Defendant admits that MinerVa is a manufacturer of cryptocurrency miners.  On information and belief, Defendant admits that MinerVa has a presence in China and Canada. Paragraph 43 cites to and characterizes Stronghold's public disclosures with respect to the MinerVa Purchase Agreement, found in the Registration Statement filed with the SEC on October 19, 2021, and the prospectus filed with the SEC on October 21, 2021. Defendant respectfully refers the Court to those filings for a full and accurate description of their contents. Any inconsistent or misleading characterization of the filings is denied.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the allegation in the first sentence of Paragraph 44. The remainder of Paragraph 44 purports to characterize the financing agreement between Stronghold and WhiteHawk Finance LLC, filed as Exhibit 10.16 to the Form 10-K filed by Stronghold with the SEC on March 29, 2022.  Defendant respectfully refers the Court to the financing agreement for a full and accurate description of its contents.  Any inconsistent or misleading characterization of the filing is denied.

45.     Defendant admits that Charlie Talcott was Stronghold's Vice President of Operations, and that in such role, some of Talcott's duties included management of operations at the Scrubgrass and Panther Creek data centers. Defendant lacks knowledge or information sufficient to form a belief as to the views CW-3 may have reported to Plaintiffs' counsel and therefore denies these allegations. Defendant denies all other allegations in Paragraph 45.

46.     Defendant admits that David Buchinski was Stronghold's Data Center Operations Manager for the Panther Creek Data Center through at least March 2023, but denies that he served in this role at the time of the IPO. Defendant lacks knowledge or information sufficient to form a

belief as to the views CW-1, CW-2, or CW-3 may have reported to Plaintiffs' counsel and therefore denies these allegations. Defendant denies all other allegations in Paragraph 46.

47.     Paragraph 47 consists of Plaintiffs' characterizations of Co-Lead Plaintiffs' first confidential witness' role and responsibilities at Stronghold, and statements made by this witness. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them. Defendant denies all other allegations in Paragraph 47.

48.     Paragraph 48 consists of Plaintiffs' characterizations of Co-Lead Plaintiffs' second confidential witness' role and responsibilities at Stronghold, and statements made by this witness. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them. Defendant denies all other allegations in Paragraph 48.

49.     Paragraph 49 consists of Plaintiffs' characterizations of Co-Lead Plaintiffs' third confidential witness' role and responsibilities at Stronghold, and statements made by this witness. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them. Defendant denies all other allegations in Paragraph 49.

50.     Paragraph 50 contains Plaintiffs' characterizations of articles from U.S. NEWS, INVESTOPEDIA, and content from the Nasdaq website. Without accepting the accuracy of material contained in the articles, Defendant respectfully refers the Court to these sources for a full and accurate description of their contents. Any inconsistent or misleading characterization of the sources is denied.

51.     Defendant admits the first and second sentences of Paragraph 51. The third and fourth sentences of Paragraph 51 purport to characterize articles from the websites of INVESTOPEDIA and COINBASE. Without accepting the accuracy of material contained in the articles, Defendant respectfully refers the Court to these sources for a full and accurate statement of their contents. Any inconsistent or misleading characterization of the sources is denied. The final sentence of Paragraph 51 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 51 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, the final sentence of Paragraph 51 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents.

52.     Paragraph 52 contains Plaintiffs' characterizations of articles from COINBASE and Forbes. Without accepting the accuracy of material contained in the articles, Defendant respectfully refers the Court to these sources for a full and accurate description of their contents. Any inconsistent or misleading characterization of the sources is denied.

53.     Paragraph 53 contains Plaintiffs' characterizations of articles from INVESTOPEDIA and COINBASE. Without accepting the accuracy of material contained in the articles, Defendant respectfully refers the Court to these sources for a full and accurate description of their contents. Any inconsistent or misleading characterization of the sources is denied.

54.     Paragraph 54 contains Plaintiffs' characterizations of articles from INVESTOPEDIA, SOFI, and YAHOO FINANCE.  Without accepting the accuracy of material contained in the articles,

Defendant respectfully refers the Court to these sources for a full and accurate description of their contents. Any inconsistent or misleading characterization of the sources is denied.

55. Defendant admits that Stronghold entered the Bitcoin mining market in 2021. Paragraph 55 otherwise contains Plaintiffs' characterizations of articles from JP MORGAN and CNBC. Without accepting the accuracy of material contained in the articles, Defendant respectfully refers the Court to these sources for a full and accurate description of their contents. Any inconsistent or misleading characterization of the sources is denied. Defendant otherwise denies the allegations in Paragraph 55.

56. Paragraph 56 contains Plaintiffs' characterizations of articles from FORBES and INVESTOPEDIA. Without accepting the accuracy of material contained in the articles, Defendant respectfully refers the Court to these sources for a full and accurate description of their contents. Any inconsistent or misleading characterization of the sources is denied.

57. Paragraph 57 contains Plaintiffs' characterizations of articles from FORBES and COINBASE. Without accepting the accuracy of material contained in the articles, Defendant respectfully refers the Court to these sources for a full and accurate description of their contents. Any inconsistent or misleading characterization of the sources is denied.

58. Defendant admits that the price of electricity has a significant impact on the ultimate economics and profitability of crypto asset mining. On information and belief, as a general matter, Defendant admits that Bitcoin miners need a power source, internet connection, and should be protected from the elements.

59. Defendant admits the first sentence of Paragraph 59. Paragraph 59 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language

in Paragraph 59 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 59 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 59, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

60.    Defendant admits the first sentence of Paragraph 60. Paragraph 60 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 60 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 60 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 60, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

61.    Paragraph 61 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 61 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 61 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court

to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 61, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

62.    Paragraph 62 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 62 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 62 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 62, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

63.    Defendant admits that the quoted language in Paragraph 63 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 63 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 63, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

64.    Stronghold admits that its equipment purchase agreement with MinerVa was for an aggregate purchase price of $73,387,500 to be paid in installments, 80% of which had been paid at the time Stronghold filed its registration statement on October 19, 2021. Defendant admits that the quoted language in Paragraph 64 appears in Stronghold's registration statement and prospectus

15

filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 64 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 64, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

65.     Defendant admits that Stronghold sets and reports goals for key industry metrics and that, generally speaking, miners with greater computing power relative to other miners attempting to solve a block have a higher chance of solving the block and receiving a crypto asset award. Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1 or CW-2 may have reported to Plaintiff's counsel and therefore denies these allegations. Defendant denies all other allegations in Paragraph 65.

66.     Paragraph 66 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 66 appears in Stronghold's registration statement or prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 66 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 66, including, without limitation, all mischaracterizations, added emphases, and selective quotations. Defendant admits the allegations in Footnote 31.

67.     The first sentence of Paragraph 67 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21,

16

2021, respectively. Defendant admits that the quoted language in Paragraph 67 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 67 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 67, including, without limitation, all mischaracterizations, added emphases, and selective quotations. In particular, Defendant denies the allegation that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s.

68.     Paragraph 68 purports to characterize an article from THE NEW YORK TIMES. Without accepting the accuracy of material contained in the article, Defendant respectfully refers the Court to the article for a full and accurate description of its contents.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the extent of the investing public's knowledge about the state of the facility where MinerVa assembled the MinerVa MV7 miners. Paragraph 69 purports to characterize unspecified post-IPO statements by Stronghold. Defendant lacks knowledge or information sufficient to form a belief as to these unidentified statements and therefore denies these allegations.  To the extent that Paragraph 69 purports to use statements made months after the IPO to allege that Defendant knew of power curtailments impacting MinerVa facilities at the time of the IPO, Defendant denies such allegations.

70.     Defendant denies that at the time of the IPO, MinerVa was "already significantly behind the schedule set forth in the Offering Materials."  Defendant further denies that at the time of the IPO it was "impossible for MinerVa to deliver the miners by the October 31 deadline."

Defendant admits that as of November 30, 2021, MinerVa had delivered 240 miners.  Defendant lacks knowledge or information sufficient to form a belief as to the views the confidential witnesses may have reported to Plaintiffs' counsel and therefore denies the allegation in the final sentence of Paragraph 70.  Paragraph 70 otherwise purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 70.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1, CW-2, or CW-3 may have reported to Plaintiffs' counsel and therefore denies these allegations. The final sentence of Paragraph 71 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in the final sentence of Paragraph 71.

72.     The first sentence of Paragraph 72 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 72. Defendant admits that the quoted language in the final sentence of Paragraph 72 appears in the transcript of Stronghold's earnings call held on November 30, 2021. Otherwise, the final sentence of Paragraph 72 purports to characterize Stronghold's statements in the November 30, 2021 earnings call. Defendant respectfully refers the Court to the transcript of the earnings call for a full and accurate description of its contents. Defendant otherwise denies the allegation in the final sentence of Paragraph 72, including, without limitation, all mischaracterizations, added emphases, and selective quotations. In particular, Defendant denies that the quoted statement referred to the time period leading up to the IPO.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1 or CW-2 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 73.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1 or CW-3 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 74.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1 or CW-3 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 75.

76.     Defendant admits that Stronghold held an earnings call on November 30, 2021. Defendant admits that the quoted language in Paragraph 76 appears in the transcript of Stronghold's earnings call held on November 30, 2021. Otherwise, Paragraph 76 purports to characterize Stronghold's statements in the November 30, 2021 earnings call. Defendant respectfully refers the Court to the transcript of the earnings call for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 76, including, without limitation, all mischaracterizations, added emphases, and selective quotations. In particular, Defendant denies that the quoted statements referred to the time period leading up to the IPO.

77.     Paragraph 77 and Footnote 32 purport to characterize a press release issued by non-party AGM Group Holdings, Inc. on October 21, 2021, and an article published on November 4, 2021 by non-party The Block. Defendant admits that AGM Group Holdings, Inc. issued a press release on October 21, 2021, and that the quoted language contained in Paragraph 77 appeared in that press release. Defendant further admits that The Block published an article on November 4, 2021, and that the quoted language contained in Paragraph 77 appeared in that article. Without

19

accepting the accuracy of material contained in the press release or the article, Defendant respectfully refers the Court to the press release and article for a full and accurate description of the press release's and article's contents, respectively. Defendant otherwise denies the allegations in Paragraph 77, including, without limitation, all mischaracterizations, added emphases, and selective quotations. In particular, Defendant denies any knowledge that "there was no feasible way the MinerVa miner deliveries would be achieved as the Offering Materials represented."

78.     Defendant admits that the quoted language in Paragraph 78 appears in Stronghold's prospectus filed with the SEC on October 21, 2021. Otherwise, Paragraph 78 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. The statements in Paragraph 78 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 78. As to Footnote 33, Defendant admits that Stronghold filed a registration statement with the SEC on October 19, 2021 and a prospectus on October 21, 2021. Defendant further admits that Stronghold filed a Form 10-Q with the SEC on November 30, 2021. Footnote 33 purports to characterize Stronghold's statements in the October 19, 2021 registration statement, October 21, 2021 prospectus, and November 30, 2021 Form 10-Q. Defendant respectfully refers the Court to those documents for a full and accurate description of its contents. Footnote 33 is otherwise denied, including, but not limited as to, mischaracterizations, added emphases, and selective quotations.

79.     Defendant admits that he entered into a financing agreement with Whitehawk on June 30, 2021, and that Stronghold and Whitehawk amended the financing agreement on December 31, 2021. Defendant further admits that he tracked the progress of MinerVa shipments.

Paragraph 79 purports to characterize the financing agreement and the amendment. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 79, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

80.    Paragraph 80 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 80 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 80 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 80, including, without limitation, all mischaracterizations, added emphases, and selective quotations. In particular, Defendant denies that, at the time of the IPO, Defendant knew or should have known that Minerva's first shipment of miners could not possibly be delivered by October 31.

81.    Paragraph 81 appears to quote from a press release, attached as Exhibit 99.1 to a Form 8-K, filed by Stronghold with the SEC on March 29, 2022. Defendant admits that the quoted language in Paragraph 81 appears in the press release. Otherwise, Paragraph 81 purports to characterize Stronghold's statements in the press release. Defendant respectfully refers the Court to the press release for a full and accurate description of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1, CW-2, or CW-3 may have reported to Plaintiffs' counsel and therefore denies the remaining allegations in Paragraph 81. Defendant

21

otherwise denies the allegations in Paragraph 81, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

82.    Paragraph 82 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 82 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 82 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant denies the allegation that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s. Defendant otherwise denies the allegations in Paragraph 82, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

83.    Defendant denies the allegations in Paragraph 83.

84.    Paragraph 84 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively, and a press release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022. Defendant admits that the quoted language in Paragraph 84 appears in Stronghold's press release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022. Otherwise, Paragraph 84 purports to characterize Stronghold's registration statement or prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively, and a press release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022.   Defendant respectfully refers the Court to those documents for a full and accurate

description of their contents. Defendant denies the allegation that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s. Defendant further denies that the hash rate he "expected internally" at the time of the IPO differed from the figure disclosed in the Offering Materials. Defendant otherwise denies the allegations in Paragraph 84, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

85.     On information and belief, as a general matter, Defendant admits the first sentence of Paragraph 85. Defendant further admits that combining the total hash rate of each individual miner in a fleet will provide a total hash rate for a fleet of miners. The remainder of Paragraph 85 consists of Plaintiffs' characterizations of unknown sources regarding unknown prospective buyers and operators of bitcoin miners and investors in Bitcoin mining companies. Defendant lacks knowledge or information sufficient to form a belief as to how these unknown prospective buyers, operators, or investors estimate or determine the profitability of Bitcoin miners or a Company's mining profitability.  On that basis, Defendant denies the remaining allegations in Paragraph 85.

86.     Defendant denies the allegation that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s. The registration statement and prospectus state that Stronghold contracted with MinerVa for "a total terahash to be delivered equal to 1.5 million terahash (total terahash)," which requirement could be satisfied with additional miners if the total contracted for terahash was not met. The remainder of Paragraph 86 consists of Plaintiffs' characterizations of unknown sources regarding Bitcoin miner manufacturing specifications.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations.  On that basis, Defendant denies the remaining allegations in Paragraph 86.

87.    The first sentence of Paragraph 87 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 87. The second, third, fifth, sixth, and seventh sentences of Paragraph 87 mischaracterize and selectively quote Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus in an attempt to fabricate representations by Defendant that Defendant did not make. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents, and otherwise denies the misleading allegations in the second, third, fifth, sixth, and seventh sentences of Paragraph 87. The fourth sentence of Paragraph 87 purports to characterize MinerVa's website. Without accepting the accuracy of material contained in that website, Defendant respectfully refers the Court to that website for a complete statement of its contents. Any inconsistent or misleading characterization of the website is denied.  Defendant denies the allegation that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s. Defendant otherwise denies the allegations in Paragraph 87.

Footnote 34 purports to characterize the website of non-party MinerVa from some unspecified date prior to Stronghold's IPO and from January 29, 2022.  Without accepting the accuracy of material contained on MinerVa's website on those dates, Defendant respectfully refers the Court to the website for a complete statement of its contents.  Defendant otherwise denies the allegations in Footnote 34, including, without limitation, all mischaracterizations, added emphases, and selective quotations.  The first sentence of Footnote 35 is admitted. The remainder of Footnote 35 purports to characterize the website of non-party MinerVa from some unspecified date prior to Stronghold's IPO and from January 29, 2022. Without accepting the accuracy of material contained on MinerVa's website on those dates, Defendant respectfully refers the Court

24

to the website for a complete statement of its contents. Defendant otherwise denies the allegations in Footnote 35, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

88.    Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1 or CW-3 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 88.

89.    Paragraph 89 incorporates Plaintiffs' unspecified "foregoing" allegations. Defendant refers Plaintiffs to their responses for the unspecified "foregoing" allegations and incorporates those responses as if fully set forth herein. Defendant otherwise denies the allegations in Paragraph 89. In particular, Defendant denies that he made any misrepresentation in the Offering Materials, or that any hash rate figure set forth in the Offering Materials was unachievable at the time of the IPO.  Defendant further denies that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s.

90.    Defendant denies the allegations in Paragraph 90.

91.    Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1, CW-2, or CW-3 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 91.

92.    Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1, CW-2, or CW-3 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 92.

93.    Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 93.

94.	Defendant lacks knowledge or information sufficient to form a belief as to the views CW-2 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 94.

95.	Defendant lacks knowledge or information sufficient to form a belief as to the views CW-1 or CW-2 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 95.

96.	Defendant lacks knowledge or information sufficient to form a belief as to the views CW-2 may have reported to Plaintiffs' counsel and therefore denies the allegations in Paragraph 96.

97.	Defendant admits the allegations in Paragraph 97.

98.	Paragraph 98 contains characterizations of Stronghold's prospectus filed with the SEC on October 21, 2021. Defendant admits that the quoted language in Paragraph 98 appears in Stronghold's prospectus filed with the SEC on October 21, 2021. Otherwise, Paragraph 98 purports to characterize Stronghold's statements in the October 21, 2021 prospectus. Defendant respectfully refers the Court to the prospectus for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 98, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

99.	Defendant admits the allegations Paragraph 99.

100.	Paragraph 100 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100.

101.	Paragraph 101 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 are legal conclusions to which no response is required.

103.    The allegations in Paragraph 103 are legal conclusions to which no response is required.

104.    The allegations in Paragraph 104 are legal conclusions to which no response is required.

105.    The allegations in Paragraph 105 are legal conclusions to which no response is required.

106.    Paragraph 106 states legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 are legal conclusions to which no response is required.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant lacks information or knowledge sufficient to form a belief as to the focus of unidentified investors on or around October 21, 2021.  The remainder of Paragraph 110 contains characterizations of Stronghold's prospectus filed with the SEC October 21, 2021. Defendant admits that the quoted language in Paragraph 110 appears in Stronghold's prospectus filed with the SEC on October 21, 2021. Otherwise, Paragraph 110 purports to characterize Stronghold's statements in the October 21, 2021 prospectus. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 110, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

111.    Paragraph 111 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 111 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 111 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 111, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

112.    Paragraph 112 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 112 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 112 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 112, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

113.    Paragraph 113 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 113 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 113 purports to characterize Stronghold's statements in the October 19, 2021

28

registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 113, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

114.    Paragraph 114 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114.

115.    Paragraph 115 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 115 appears in Stronghold's registration statement filed with the SEC on October 19. Otherwise, Paragraph 115 purports to characterize Stronghold's statements in the October 19, 2021 registration statement. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 115, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

116.    Paragraph 116 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 116.

117.    Defendant admits that Stronghold monitored the hash rate of its miners on an individual and entire fleet basis. The remainder of Paragraph 117 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 117.

118.    No response is required to the final sentence of Paragraph 118 that purports to incorporate statements made in Section IV.D by reference, and therefore it is denied.  Defendant

refers Plaintiffs to their responses for each and every allegation set forth in Section IV.D and incorporate those responses as if fully set forth herein.  The remainder of Paragraph 118 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant admits that the quoted language in Paragraph 118 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 118 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 118, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

119.    Paragraph 119 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 119.

120.    Paragraph 120 purports to characterize Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 120.

121.    Paragraph 121 contains characterizations of Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively.  Defendant admits that the quoted language in Paragraph 121 appears in Stronghold's registration statement and prospectus filed with the SEC on October 19, 2021 and October 21, 2021, respectively. Otherwise, Paragraph 121 purports to characterize Stronghold's statements in the October 19, 2021 registration statement and the October 21, 2021 prospectus. Defendant respectfully refers the Court

30

to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 121, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

122.    Paragraph 122 states legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 122.

123.    Defendant admits that on November 8, 2021, Stronghold filed a Form 8-K with the SEC. Paragraph 123 purports to characterize Stronghold's Form 8-K filed with the SEC on November 8, 2021. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 123.

124.    Paragraph 124 contains characterizations of Stronghold's Form 8-K filed with the SEC on November 8, 2021. Defendant admits that the quoted language in Paragraph 124 appears in Stronghold's Form 8-K filed with the SEC on November 8, 2021. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 124, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

125.    Defendant admits that November 8, 2021 is twelve business days after October 21, 2021. Paragraph 125 purports to characterize Stronghold's statements in the November 8, 2021 Form 8-K. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 125.

126.    Defendant admits that Stronghold issued a press release on November 8, 2021. Paragraph 126 purports to characterize Stronghold's press release issued on November 8, 2021. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 126.

127.    Paragraph 127 contains characterizations of Stronghold's Form 8-K filed with the SEC on November 30, 2021 and the press release issued by Stronghold on November 30, 2021. Defendant admits that the quoted language in Paragraph 127 appears in Stronghold's press release issued on November 30, 2021. Otherwise, Paragraph 127 purports to characterize Stronghold's statements in the November 30, 2021 Form 8-K and November 30, 2021 press release. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 127, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

128.    Paragraph 128 contains characterizations of Stronghold's press release issued on November 30, 2021. Defendant admits that the quoted language in Paragraph 128 appears in Stronghold's press release issued on November 30, 2021. Otherwise, Paragraph 128 purports to characterize Stronghold's statements in the November 30, 2021 press release. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 128, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

129.    Defendant admits that Stronghold held an earnings call on November 30, 2021. Paragraph 129 contains characterizations of the transcript of Stronghold's November 30, 2021 earnings call. Defendant admits that the quoted language in Paragraph 129 appears in the transcript of Stronghold's November 30, 2021 earnings call. Otherwise, Paragraph 129 purports to characterize Stronghold's statements in the transcript of its November 30, 2021 earnings call. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 129, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

130.    Paragraph 130 contains characterizations of the transcript of Stronghold's November 30, 2021 earnings call. Defendant admits that the quoted language in Paragraph 130 appears in the transcript of Stronghold's November 30, 2021 earnings call. Otherwise, Paragraph 130 purports to characterize Stronghold's statements in the transcript of its November 30, 2021 earnings call. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 130, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

131.    Paragraph 131 contains characterizations of the transcript of Stronghold's November 30, 2021 earnings call. Defendant admits that the quoted language in Paragraph 131 appears in the transcript of Stronghold's November 30, 2021 earnings call. Otherwise, Paragraph 131 purports to characterize Stronghold's statements in the transcript of its November 30, 2021 earnings call. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 131, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

132.    Paragraph 132 contains characterizations of the transcript of Stronghold's November 30, 2021 earnings call. Defendant admits that the quoted language in Paragraph 132 appears in the transcript of Stronghold's November 30, 2021 earnings call. Otherwise, Paragraph 132 purports to characterize Stronghold's statements in the transcript of its November 30, 2021 earnings call. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 132, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

133.    Defendant admits that on November 30, 2021, Stronghold filed a Form 10-Q with the SEC. Paragraph 133 contains characterizations of Stronghold's Form 10-Q filed with the SEC

on November 30, 2021. Defendant admits that the quoted language in Paragraph 133 appears in Stronghold's Form 10-Q filed with the SEC on November 30, 2021. Otherwise, Paragraph 133 purports to characterize Stronghold's statements in the November 30, 2021 Form 10-Q. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 133, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

134.   Defendant admits that on January 6, 2022, Stronghold filed a Form 8-K with the SEC.  Defendant admits that the quoted language in Paragraph 134 appears in Stronghold's Form 8-K filed with the SEC on January 6, 2022. Otherwise, Paragraph 134 purports to characterize Stronghold's statements in the January 6, 2022 Form 8-K. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 134, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

135.   Paragraph 135 contains characterizations of Stronghold's Form 8-K filed with the SEC on January 6, 2022. Defendant admits that the quoted language in Paragraph 135 appears in Stronghold's Form 8-K filed with the SEC on January 6, 2022. Otherwise, Paragraph 135 purports to characterize Stronghold's statements in the January 6, 2022 Form 8-K. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 135, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

136.   Defendant admits that on March 29, 2022, Stronghold filed a Form 8-K with the SEC and that Stronghold attached a press release as Exhibit 99.1 to the March 29, 2022 Form 8-K. Defendant further admits that the March 29, 2022 press release stated that Stronghold's

revenues for the quarter ending December 31, 2021 were approximately 17 million dollars and that Stronghold reported a net loss of $0.52 per Class A common share for the quarter ending December 31, 2021. Paragraph 136 purports to characterize Stronghold's statements in the March 29, 2022 Form 8-K and press release, as well as reports by analysts following Stronghold. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 136, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

137.    Paragraph 137 contains characterizations of the press release attached as Exhibit 99.1 to Stronghold's March 29, 2022 Form 8-K. Defendant admits that the quoted language in Paragraph 137 appears in the press release attached as Exhibit 99.1 to Stronghold's March 29, 2022 Form 8-K. Otherwise, Paragraph 137 purports to characterize Stronghold's statements in the March 29, 2022 press release. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 137, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

138.    Paragraph 138 contains characterizations of the press release attached as Exhibit 99.1 to Stronghold's March 29, 2022 Form 8-K and of Stronghold's March 29, 2022 Form 10-K. Defendant admits that portions of the quoted language in Paragraph 138 appears in the press release attached as Exhibit 99.1 to Stronghold's March 29, 2022 Form 8-K, and that other portions are drawn from Stronghold's Form 10-K filed with the SEC on March 29, 2022. Otherwise, Paragraph 138 purports to characterize Stronghold's statements in the March 29, 2022 press release and March 29, 2022 Form 10-K. Defendant respectfully refers the Court to those documents for a full and accurate description of its contents. Defendant otherwise denies the

allegations in Paragraph 138, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

139.    Defendant admits that on March 29, 2022, Stronghold filed a Form 8-K with the SEC and Stronghold attached an investor presentation as Exhibit 99.2 to the March 29, 2022 Form 8-K. Defendant admits that the quoted language in Paragraph 139 appears in the investor presentation attached as Exhibit 99.2 to Stronghold's March 29, 2022 Form 8-K. Otherwise, Paragraph 139 purports to characterize Stronghold's statements in the investor presentation. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 139, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

140.    Defendant admits that Stronghold held an earnings call on March 29, 2022. Defendant admits that the quoted language in Paragraph 140 appears in the transcript of Stronghold's earnings call held on March 29, 2022. Otherwise, Paragraph 140 purports to characterize Stronghold's statements in the March 29, 2022 earnings call. Defendant respectfully refers the Court to the transcript of the earnings call for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 140, including, without limitation, all mischaracterizations, added emphases, and selective quotations. Defendant admits that on March 29, 2022, Stronghold filed a Form 10-K with the SEC. Defendant admits that the quoted language in Footnote 37 appears in Stronghold's Form 10-K filed by Stronghold with the SEC on March 29, 2022. Otherwise, Footnote 37 purports to characterize Stronghold's statements in the March 29, 2022 Form 10-K. Defendant respectfully refers the Court to the filing for a full and accurate description of its contents.  Defendant lacks knowledge or information sufficient to form a belief as to Plaintiffs' characterizations of other unspecified "subsequent SEC filings."

36

141.    Paragraph 141 contains characterizations of Stronghold's March 29, 2022 earnings call. Defendant admits that the quoted language in Paragraph 141 appears in the transcript of Stronghold's earnings call held on March 29, 2022. Otherwise, Paragraph 141 purports to characterize Stronghold's statements in the March 29, 2022 earnings call. Defendant respectfully refers the Court to the transcript of the earnings call for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 141, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

142.    Paragraph 142 contains characterizations of Stronghold's March 29, 2022 earnings call. Defendant admits that the quoted language in Paragraph 142 appears in the transcript of Stronghold's earnings call held on March 29, 2022. Otherwise, Paragraph 142 purports to characterize Stronghold's statements in the March 29, 2022 earnings call. Defendant respectfully refers the Court to the transcript of the earnings call for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 142, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

143.    Defendant admits that on May 16, 2022, Stronghold filed a Form 10-Q with the SEC. Defendant admits that the quoted language in Paragraph 143 appears in Stronghold's Form 10-Q filed with the SEC on May 16, 2022. Otherwise, Paragraph 143 purports to characterize Stronghold's statements in the May 16, 2022 Form 10-Q. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 143, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

144.    Defendant admits that the quoted language in Paragraph 144 appears in Stronghold's press release attached as Exhibit 99.1 to Stronghold's Form 8-K filed with the SEC

on March 29, 2022. Otherwise, Paragraph 144 purports to characterize Stronghold's statements in the press release attached as Exhibit 99.1 to Stronghold's March 29, 2022 Form 8-K, and in the October 19, 2021 registration statement and the October 21, 2021 prospectus filed by Stronghold with the SEC. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 144, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

145.    Paragraph 145 purports to characterize Stronghold's press release attached as Exhibit 99.1 to Stronghold's Form 8-K filed with the SEC on March 29, 2022. Defendant respectfully refers the Court to that document for a full and accurate description of its contents. Defendant otherwise denies the allegations in Paragraph 145. In particular, Defendant denies the allegation that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s or that any hash rate figure set forth in the Offering Materials was unachievable at the time of the IPO.

146.    Defendant admits that the quoted language in Paragraph 146 appears in Stronghold's press release attached as Exhibit 99.1 to Stronghold's Form 8-K filed with the SEC on March 29, 2022. Otherwise, Paragraph 146 purports to characterize Stronghold's statements in the press release attached as Exhibit 99.1 to Stronghold's March 29, 2022 Form 8-K. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 146, including, without limitation, all mischaracterizations, added emphases, and selective quotations. In particular, Defendant denies the allegation that Stronghold stated in its registration statement or prospectus that each MinerVa miner would deliver an individual hash rate of 100 TH/s.  Defendant further denies that any

purported internal expectations of hash rates at the time of the IPO differed from the information provided in Stronghold's registration statement or prospectus.

147.    Defendant admits that, according to publicly available databases, Stronghold's stock price closed at $6.97 per share on March 30, 2022 on trading volume of 6,192,200. Defendant further admits that trading volume of Stronghold shares was 632,200 on March 28, 2022. Defendant denies Plaintiffs' characterization of any change in Stronghold's share price or that there is a causal connection between Plaintiffs' allegations and the change in share price or trading volume.

148.    Defendant admits that, according to publicly available databases, Stronghold's stock traded at $4.78 per share on April 11, 2022. Defendant further admits that Stronghold's IPO price was $19.00 per share of Class A common stock.    Defendant denies Plaintiffs' characterization of any change in Stronghold's share price or that there is a causal connection between Plaintiffs' allegations and the change in share price.

149.    Defendant admits that Stronghold filed a form 8-K with the SEC on April 14, 2022 and that Stronghold attached thereto as Exhibit 99.1 a press release dated April 14, 2022. Defendant admits that the quoted language in Paragraph 149 appears in Stronghold's April 14, 2022 press release attached as Exhibit 99.1 to Stronghold's Form 8-K filed with the SEC on April 14, 2022. Otherwise, Paragraph 149 purports to characterize Stronghold's statements in the April 14, 2022 Form 8-K and the April 14, 2022 press release. Defendant respectfully refers the Court to those documents for a full and accurate description of their contents. Defendant otherwise denies the allegations in Paragraph 149, including, without limitation, all mischaracterizations, added emphases, and selective quotations.

150.    The allegations in Paragraph 150 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 150.

151.    The allegations in Paragraph 151 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 153.

154.    Defendant admits that Plaintiffs purport to bring this action on behalf of a purported class of investors. Defendant denies that a class may be certified in this action. Defendant denies all other allegations in Paragraph 154.

155.    Defendant admits the second and fourth sentences of Paragraph 155. Defendant further admits that Plaintiffs purport to bring this action on behalf of a purported class of investors. Defendant denies that a class may be certified in this action. The remaining allegations in Paragraph 155 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 155.

156.    The allegations in Paragraph 156 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 156.

157.    The allegations in Paragraph 157 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 157.

158.    The allegations in Paragraph 158 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 159.

160.    No response to Paragraph 160 is required and therefore it is denied. Defendant refers Plaintiffs to their responses for each and every allegation set forth above and incorporate those responses as if fully set forth herein.

161.    Paragraph 161 purports to describe this action and contains Plaintiffs' purported legal conclusions for which no response is required.   To the extent a response is required, Defendant admits that Plaintiffs purport to bring claims under Section 11 of the Securities Act for a purported class of investors.   Defendant denies the legal merit of these claims or that they are appropriate for class certification.

162.    The allegations in Paragraph 162 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 162.

163.    Defendant admits that Stronghold was the registrant for its own IPO, that Stronghold filed a registration statement with the SEC on October 19, 2021 and a prospectus on October 21, 2021, and that Stronghold issued securities in connection with its own IPO.  Paragraph 163 otherwise states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 163.

164.    The allegations in Paragraph 164 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 164.

165.    The first sentence is admitted. The remaining allegations in Paragraph 165 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 165.

166.    Defendant admits that B. Riley Securities, Inc., Cowen and Company, LLC, Tudor Pickering Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, Northland Securities, Inc. served as underwriters in connection with Stronghold's IPO. The remaining allegations in Paragraph 166 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 166.

167.    The allegations in Paragraph 167 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 167.

168.    The allegations in Paragraph 168 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 168.

169.    Defendant notes that the Court dismissed Co-Lead Plaintiff Ahmed's Section 12 claims for lack of standing (ECF 77). Thus, no answer is required with regard to those claims. To the extent a response is required, Defendant denies those allegations. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.  On that basis, Defendant denies the allegations in Paragraph 169. The remaining allegations in Paragraph 169 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 169.

170.    Defendant denies Plaintiffs' characterization of any change in Stronghold's share price or that there is a causal connection between Plaintiffs' allegations and the change in share price. The remaining allegations in Paragraph 170 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 170.

171.    Defendant admits that Stronghold filed a registration statement with the SEC on October 19, 2021 and a prospectus on October 21, 2021. Defendant further admits that Plaintiff Mark Winter ("Mr. Winter") filed his complaint on April 14, 2022 asserting claims against

42

Defendant under Sections 11 and 15 of the Securities Act. The remaining allegations in Paragraph 171 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 172.

173.    No response to Paragraph 173 is required and therefore it is denied. Defendant refers Plaintiffs to their responses for each and every allegation set forth above and incorporate those responses as if fully set forth herein.

174.    Defendant admits that B. Riley Securities, Inc., Cowen and Company, LLC, Tudor Pickering Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, Northland Securities, Inc. underwrote Stronghold's IPO, and that Stronghold issued securities in connection with its own IPO. Defendant admits that Stronghold offered shares for sale in its IPO pursuant to the Prospectus, filed with the SEC on October 21, 2021. Defendant admits that Stronghold required payment for the shares it offered for sale on the public market. Defendant denies any remaining allegations in Paragraph 174.

175.    The allegations in Paragraph 175 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 175. Defendant otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175. On that basis, Defendant denies the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 176.

177.    Paragraph 177 states a legal conclusion to which no response is required.

178.    Defendant denies the allegations in Paragraph 178.

179.    The allegations in Paragraph 179 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 179.

180.    Defendant admits that Stronghold filed a registration statement with the SEC on October 19, 2021 and a prospectus on October 21, 2021. Defendant further admits that Mr. Winter filed his complaint on April 14, 2022 asserting claims against Defendant under Sections 11 and 15 of the Securities Act. The remaining allegations in Paragraph 180 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 180.

181.    No response to Paragraph 181 is required and therefore it is denied. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief.

182.    No response to Paragraph 182 is required and therefore it is denied. Defendant refers Plaintiffs to their responses for each and every allegation set forth above and incorporates those responses as if fully set forth herein.

183.    Paragraph 183 purports to describe this action and contains Plaintiffs' purported legal conclusions for which no response is required.  To the extent that a response is required, Defendant admits that Plaintiffs purport to bring claims under Section 15 of the Securities Act. Defendant denies the legal merit of these claims.

184.    The allegations in Paragraph 184 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 184.

185.    The allegations in Paragraph 185 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 185.

186.    The allegations in Paragraph 186 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 186.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies any and all allegations contained in Plaintiffs' Prayer for Relief, and specifically denies the legal merit of Plaintiffs' claims, that they are appropriate for class certification, and that Plaintiffs are entitled to any relief.

## RESPONSE TO JURY DEMAND

Defendant admits that Plaintiffs purport to demand a jury trial, but reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, affirmative defenses, and other matters with respect to each of the purported claims or causes of action alleged in the Complaint. This is not an exhaustive list of all defenses and reasons that Defendant is not liable, and Defendant does not assume the burden of proof or persuasion on any of the following where Plaintiffs carry such burden(s). Furthermore, Defendant intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend his Answer and assert all such defenses.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Defendant is not liable because Plaintiffs and other putative class members lack standing to assert claims against him.

### Third Defense

This action may not be properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

**Fourth Defense**

Defendant is not liable because the statements quoted did not contain any untrue statement of material fact, nor does he omit to state any material fact required to be stated or necessary to make the statements made not misleading.

**Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, because the information they contend was omitted was publicly available and known to the market during the class period.

**Sixth Defense**

Defendant is not liable, to the extent Plaintiffs' claims are based on Defendant's omission(s) of purported material information, because Defendant had no duty to disclose or update the information.

**Seventh Defense**

To the extent Plaintiffs' allegations are based on forward-looking statements, such statements bespoke caution in outlook and fell short of the certainty of assurances required for a finding of falsity.

**Eighth Defense**

Pursuant to 15 U.S.C. § 78u-5(c), Defendant is not liable for any forward-looking statements because any such forward-looking statements were (i) accompanied by meaningful cautionary language, (ii) immaterial, and/or (iii) made without actual knowledge that the statements were false or misleading.

**Ninth Defense**

This action is barred, in whole or in part, because certain statements complained of in the Complaint are non-actionable statements of opinion or statements of puffery.

46

## Tenth Defense

Plaintiffs' claims are barred in whole or in part because the alleged misstatements and omissions alleged in the Complaint did not impact the market price of Stronghold's stock.

## Eleventh Defense

In the event Plaintiffs recover damages, such damages shall be limited to only those losses caused by the alleged false and misleading statements as opposed to other factors and/or market conditions and each Defendant shall be liable solely for the portion of the judgment that corresponds to the percentage of its or his responsibility because it or he did not knowingly commit a violation of the federal securities laws. *See* 15 U.S.C. § 78u-4.

## Twelfth Defense

Any damages Plaintiffs sustained must be offset by any tax or other such benefits or gains received.

## Thirteenth Defense

Plaintiffs' claims are barred or must be reduced by their failure to mitigate damages.

## Fourteenth Defense

Plaintiffs' losses are speculative or uncertain and therefore not compensable.

## Fifteenth Defense

Any damages Plaintiffs sustained are limited or eliminated by PSLRA's 90-day "bounce-back" rule.

47

### Sixteenth Defense

This action is barred, in whole or in part, because the Court lacks jurisdiction over the claims of any members of the putative class who do not reside in New York.

### Seventeenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot establish the primary liability necessary to a claim for control person liability.

### Eighteenth Defense

Defendant is not liable because Plaintiffs' alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or failures to act of persons and/or entities other than Defendant, and were not the result of any act or omission on the part of Defendant.

### Nineteenth Defense

This action is barred, in whole or in part, due to the absence of transaction and/or loss causation.

### Twentieth Defense

Plaintiffs' claims are barred in whole or in part because the non-issuer Defendant, after reasonable investigation, due diligence, and/or consultation with expert(s), acted in good faith and with reasonable care, and had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

### Twenty-First Defense

Plaintiffs' claims are barred in whole or in part because non-issuer Defendant did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by him,

48

and he could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

### Twenty-Second Defense

Plaintiffs' claims are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the PSLRA, and the Federal Rules of Civil Procedure.

### Twenty-Third Defense

Plaintiff's claims are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

### Twenty-Fourth Defense

Defendant is not liable to the extent Plaintiffs and other putative class members did not purchase shares of Stronghold stock in the IPO, did not purchase Stronghold stock traceable to the IPO, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act of 1933.

### Twenty-Fifth Defense

Plaintiffs are not adequate class action representatives.

## PRAYER FOR RELIEF

Wherefore, having fully answered, Defendant requests that the Court deny all relief sought in the Complaint, award Defendant his reasonable costs, expenses, and fees, and grant Defendant such other and further relief as to which he may be entitled.

DATED:        October 9, 2023
              New York, New York

                              **FAEGRE DRINKER BIDDLE & REATH LLP**

                        By:     */s/ Sandra D. Grannum*
                                Sandra D. Grannum
                                Justin M. Ginter
                                1177 Avenue of the Americas, 41st Floor
                                New York, New York 10036
                                Telephone: (212) 248-3140
                                sandra.grannum@faegredrinker.com
                                justin.ginter@faegredrinker.com

                                *Attorneys for Defendant Ricardo Larroudé.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2023, a true and correct copy of this document has been served on all counsel of record via the Court's ECF System.

/s/ Sandra D. Grannum
Sandra D. Grannum