UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MARK WINTER, Individually and on Behalf of
All Others Similarly Situated,

                             Plaintiff,

v.

STRONGHOLD DIGITAL MINING, INC.,
GREGORY A. BEARD, RICARDO R. A
LARROUDÉ, WILLIAM B. SPENCE, B.
RILEY SECURITIES, INC., COWEN AND
COMPANY, LLC, TUDOR, PICKERING,
HOLT & CO. SECURITIES, LLC, D.A.
DAVIDSON & CO., COMPASS POINT
RESEARCH & TRADING, LLC, and
NORTHLAND SECURITIES, INC.,

                             Defendants.

_____

Case No. 1:22-cv-03088-RA

Hon. Ronnie Abrams

## UNDERWRITER DEFENDANTS' ANSWER TO
## LEAD PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

WILLKIE FARR & GALLAGHER LLP
Jeffrey B. Korn
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000
jkorn@willkie.com

*Attorneys for the Underwriter Defendants*

## <u>ANSWER</u>

Defendants B. Riley Securities, Inc., Cowen and Company, LLC, Tudor, Pickering, Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, and Northland Securities, Inc. (collectively, the "Underwriter Defendants") by and through their undersigned counsel, respectfully submit the following Answer in response to the Amended Class Action Complaint, filed by Co-Lead Plaintiffs Gulzar Ahmed and Allegheny County Employees' Retirement System, dated October 18, 2022 (the "Complaint" or "Compl.").[1] To the extent that the Paragraphs in the Complaint are grouped under headings and subheadings, the Underwriter Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, the Underwriter Defendants deny each and every heading and subheading in the Complaint. Further, except as explicitly admitted herein, the Underwriter Defendants deny each and every allegation of the Complaint, including, without limitation, any allegations in the unnumbered Paragraph on page 1 of the Complaint, headings, subheadings, footnotes, and/or prayer for relief.

## I. <u>SUMMARY OF THE ACTION</u>

1. The allegations in Paragraph 1 of the Amended Complaint contain Co-Lead Plaintiffs' characterization and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiffs purport to bring claims under Sections 11, 12, and 15 of the Securities Act for a purported class of investors, and that Stronghold filed a registration statement

---

[1] All capitalized terms not otherwise defined in this Answer have the same definitions as in the Complaint.

with the Securities and Exchange Commission (the "SEC") on October 19, 2021 and a prospectus on October 21, 2021.

2.     The allegations in Paragraph 2 of the Amended Complaint contain Co-Lead Plaintiffs' characterization, and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiffs purport to bring claims under Sections 11, 12, and 15 of the Securities Act.

3.     The Underwriter Defendants admit the allegations in Paragraph 3 of the Amended Complaint, except state that the allegations in the second sentence of Paragraph 3 of the Amended Complaint contain Co-Lead Plaintiffs' defined terms, as to which no response is required.

4.     The Underwriter Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5.     The Underwriter Defendants admit the allegations in Paragraph 5 of the Amended Complaint.

6.     The Underwriter Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7.     The allegations in Paragraph 7 of the Amended Complaint contain Co-Lead Plaintiffs' defined terms, as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants adopt Co-Lead Plaintiffs' designation of the Registration Statement and related Prospectus as the "Offering Materials."

8.     The Underwriter Defendants admit the allegations in Paragraph 8 of the Amended Complaint.

9.      The allegations contained in Paragraph 9 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

10.      The Underwriter Defendants deny the allegations in the first and last sentences of Paragraph 10 of the Amended Complaint.  The Underwriter Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10 of the Amended Complaint.  The Underwriter Defendants further state that the allegations in Paragraph 10 purport to characterize statements made in the Offering Materials, as well as a press release issued by AGM Group Holdings, Inc. on October 21, 2021, and respectfully refer the Court to the Offering Materials and press release for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of the Offering Materials or press release.

11.      The allegations contained in Paragraph 11 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.  The Underwriter Defendants further state that the allegations in Paragraph 11 purport to characterize statements made in the Offering Materials and a Press Release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022, and respectfully refer the Court to the Offering Materials and press release for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of the Offering Materials or press release.

12.      The allegations contained in Paragraph 12 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.  The Underwriter Defendants further

state that the allegations in Paragraph 12 purport to characterize statements made in the Offering Materials and a Press Release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022, and respectfully refer the Court to the Offering Materials and press release for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading characterization of the Offering Materials or press release.

13. The allegations contained in Paragraph 13 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

14. The Underwriter Defendants deny the allegations in Paragraph 14 of the Amended Complaint, except admit that Stronghold filed a Form 10-K and Form 8-K with the SEC on March 29, 2022 that announced its financial results for the year and quarter ended December 31, 2021, respectively, and that the Company reported a net loss on March 29, 2022 of $0.52 per share. The Underwriter Defendants further state that the allegations in Paragraph 14 purport to characterize and quote statements made in the March 29, 2022 Form 10-K, Form 8-K, Earnings Call, and/or Exhibits thereto, as well as a Form 10-Q filed with the SEC on May 16, 2022, and respectfully refer the Court to those filings for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of those filings.

15. The Underwriter Defendants admit that on March 30, 2022, Stronghold's stock closed at $6.97 per share, on trading volume of 6,192,200 shares, and had a trading volume of 632,200 shares traded on March 28, 2022. The Underwriter Defendants deny Co-Lead Plaintiffs' characterization of any change in Stronghold's share price or that there is a causal connection between Co-Lead Plaintiffs' allegations and the change in share price or trading volume.

16.     The Underwriter Defendants admit that on April 11, 2022, Stronghold's stock traded at $4.78 per share and that Stronghold's IPO price was $19.00 per share of Class A common stock. The Underwriter Defendants deny Co-Lead Plaintiffs' characterization of any change in Stronghold's share price or that there is a causal connection between Co-Lead Plaintiffs' allegations and the change in share price or trading volume.

17.     The allegations contained in Paragraph 17 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## II.  JURISDICTION AND VENUE

18.     The allegations contained in Paragraph 18 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Co-Lead Plaintiffs purport to assert claims under §§ 11, 12, and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l, and 77o.

19.     The allegations contained in Paragraph 19 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 22 of the Securities Act, 15 U.S.C. § 77v.

20.     The allegations contained in Paragraph 20 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Co-Lead Plaintiffs purport to base venue on the statute cited therein, and admit that, on information and belief,

Stronghold maintains its corporate headquarters at 595 Madison Avenue, New York, New York 10022.

21.    The allegations contained in Paragraph 21 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 involving defendants other than the Underwriter Defendants, and admit that the Underwriter Defendants used certain means and instrumentalities of interstate commerce in the course of the IPO.

## III.  <u>PARTIES</u>

### A.  <u>Co-Lead Plaintiffs</u>

22.    The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Amended Complaint, except admit that Gulzar Ahmed is a Co-Lead Plaintiff in this action. The Underwriter Defendants note that the Court dismissed Co-Lead Plaintiff Ahmed's Section 12 claims for lack of standing (ECF 77). Thus, no answer is required with regard to those claims. To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23.    The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Amended Complaint, except admit that Allegheny County Employees Retirement System is a Co-Lead Plaintiff in this action.

### B.  <u>Stronghold Digital Mining</u>

24.    The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 24 of the Amended Complaint.

## C. **The Individual Defendants**

25. The Underwriter Defendants admit that Gregory Beard is Stronghold's CEO, President, and Co-Chairman of Stronghold's Board of Directors, that he has held all three of these roles since March 2021, that Mr. Beard is a co-founder of the Company, and that Mr. Beard signed Stronghold's Registration Statement. The Underwriter Defendants deny the allegations in the third sentence of Paragraph 25 of the Amended Complaint characterizing the Registration Statement as "false and misleading."

26. The Underwriter Defendants admit that Ricardo Larroudé was Stronghold's Chief Financial Officer from March 2021 until April 18, 2022, when Matthew Smith succeeded him, and that Mr. Larroudé authorized Mr. Beard to sign the Registration Statement on his behalf pursuant to a Power of Attorney, appended as Exhibit 24.1 to the Registration Statement on Form S-1 (File No. 333-258188) filed on July 27, 2021. The Underwriter Defendants deny the allegations in the third sentence of Paragraph 26 of the Amended Complaint characterizing the Registration Statement as "false and misleading."

27. The Underwriter Defendants admit that Mr. Spence was Co-Chairman of Stronghold's Board of Directors from March 2021 to March 2023, that Mr. Spence is a co-founder of Stronghold, and that Mr. Spence authorized Mr. Beard to sign the Registration Statement on his behalf pursuant to a Power of Attorney, appended as Exhibit 24.1 to the Registration Statement on Form S-1 (File No. 333-258188) filed on July 27, 2021. The Underwriter Defendants deny the allegations in the third sentence of Paragraph 27 of the Amended Complaint characterizing the Registration Statement as "false and misleading."

28. The allegations in Paragraph 28 of the Amended Complaint contain Plaintiffs' defined terms, as to which no response is required. To the extent that the allegations are construed

to require a response, the Underwriter Defendants adopt Plaintiffs' designation of the defendants identified in ¶¶ 25 to 27 of the Amended Complaint as "Individual Defendants."

29.     The allegations contained in Paragraph 29 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 29 of the Amended Complaint, except admit that each of the Individual Defendants participated in the preparation of and signing of the Registration Statement and Prospectus, which comprised the Offering Materials.  The Underwriter Defendants deny the allegations in the first sentence of Paragraph 29 of the Amended Complaint characterizing the Registration Statement as "false and misleading."

**D.  <u>The Underwriter Defendants</u>**

30.     The Underwriter Defendants admit the allegations in Paragraph 30 of the Amended Complaint.

31.     The Underwriter Defendants admit the allegations in Paragraph 31 of the Amended Complaint.

32.     The Underwriter Defendants admit the allegations in Paragraph 32 of the Amended Complaint.

33.     The Underwriter Defendants admit the allegations in Paragraph 33 of the Amended Complaint.

34.     The Underwriter Defendants admit the allegations in Paragraph 34 of the Amended Complaint.

35.     The Underwriter Defendants admit the allegations in Paragraph 35 of the Amended Complaint.

36.     The allegations in Paragraph 36 of the Amended Complaint contain Plaintiffs' defined terms, as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants adopt Plaintiffs' designation of the defendants identified in ¶¶ 30 to 35 of the Amended Complaint as "Underwriter Defendants."

37.     The Underwriter Defendants admit that in the Underwriting Agreement dated October 19, 2021, by and among Stronghold, B. Riley, and Cowen, which is attached as Exhibit 1.1 to a Form 8-K filed by Stronghold with the SEC on October 25, 2021, the Underwriter Defendants each agreed, severally and not jointly, to purchase the number of shares each had underwritten for sale, respectively, with the option to purchase up to an additional 1,003,095 shares to cover over-allotments, if any.  The Underwriter Defendants further state that the allegations in Paragraph 37 purport to characterize statements made in the Underwriting Agreement, and respectfully refer the Court to the agreement for a true, correct and complete statement of its contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of the Underwriting Agreement.

38.     The Underwriter Defendants deny the allegations in Paragraph 38 of the Amended Complaint, except admit that as part of their due diligence prior to the IPO, the Underwriter Defendants or some subset thereof assisted in the preparation and presentation of Stronghold "road show" materials, had access to diligence materials on the Company, and consulted with Company management regarding the Registration Statement.

39.     The allegations contained in the first sentence of Paragraph 39 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny them.  The

Underwriter Defendants admit the allegations in the second sentence of Paragraph 39 of the Amended Complaint.

40.    The Underwriter Defendants deny the allegations contained in the first sentence of Paragraph 40 of the Amended Complaint, except admit that the Underwriter Defendants assisted Stronghold in connection with certain aspects of Stronghold's IPO.  The allegations contained in the second sentence of Paragraph 40 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny them.

41.    The allegations contained in Paragraph 41 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny them.

42.    The allegations contained in Paragraph 42 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny them.

**E.  Relevant Non-Parties**

43.    The Underwriter Defendants admit that MinerVa is a manufacturer of cryptocurrency miners.  On information and belief, the Underwriter Defendants admit that MinerVa has a presence in China and Canada.  The Underwriter Defendants further admit that Stronghold and MinerVa entered into a Purchase Agreement on April 2, 2021.  The Underwriter Defendants further state that the allegations in Paragraph 43 purport to characterize Stronghold's public disclosures with respect to the MinerVa Purchase Agreement, found in the Registration Statement filed with the SEC on October 19, 2021, and the Prospectus filed with the SEC on October 21, 2021, and respectfully refer the Court to those filings for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading

characterization of those filings. The Underwriter Defendants otherwise deny the allegations in Paragraph 43 of the Amended Complaint.

44.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence in Paragraph 44 of the Amended Complaint. The Underwriter Defendants admit that Stronghold and WhiteHawk Finance LLC entered into a financing agreement on June 30, 2021, which was filed as Exhibit 10.16 to the Form 10-K filed by Stronghold with the SEC on March 29, 2022, and respectfully refer the Court to that agreement for a true, correct, and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading characterization of the agreement.

45.     The Underwriter Defendants admit, on information and belief, the allegations in the first sentence in Paragraph 45 of the Amended Complaint. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 45 of the Amended Complaint.

46.     The Underwriter Defendants admit, on information and belief, the allegations in the first sentence in Paragraph 46 of the Amended Complaint that David Buchinski was Stronghold's Data Center Operations Manager for the Panther Creek Data Center through at least March 2023, but deny that he served in this role at the time of the IPO. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 46 of the Amended Complaint.

47.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Amended Complaint.

48.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of the Amended Complaint.

49.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of the Amended Complaint.

## IV.  ADDITIONAL SUBSTANTIVE ALLEGATIONS

### A.  The Rise of Cryptocurrencies and Cryptocurrency Mining

50.     The allegations in Paragraph 50 of the Amended Complaint purport to characterize articles from U.S. NEWS, INVESTOPEDIA, and content from the Nasdaq website, and the Underwriter Defendants respectfully refer the Court to those articles for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of those articles.

51.     The Underwriter Defendants admit, on information and belief, the allegations in the first and second sentences of Paragraph 51 of the Amended Complaint.  The Underwriter Defendants further state that the allegations in the third, fourth, and fifth sentences of Paragraph 51 purport to quote and characterize statements made in articles from the websites of INVESTOPEDIA and COINBASE, and the Offering Materials, and respectfully refer the Court to those articles and the Offering Materials for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of those articles or the Offering Materials, except admit that the quoted language in Paragraph 51 appears in the cited articles and Offering Materials, respectively.

52.     The allegations in Paragraph 52 of the Amended Complaint purport to characterize statements made in articles from COINBASE and FORBES, and the Underwriter Defendants respectfully refer the Court to those articles for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of those articles.

53.     The allegations in Paragraph 53 of the Amended Complaint purport to characterize statements made in articles from INVESTOPEDIA and COINBASE, and the Underwriter Defendants respectfully refer the Court to those articles for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of those articles.

54.     The allegations in Paragraph 54 of the Amended Complaint purport to characterize statements made in articles from INVESTOPEDIA, SOFI, and YAHOO FINANCE, and the Underwriter Defendants respectfully refer the Court to those articles for a true, correct and complete statement of their contents.     The Underwriter Defendants deny any inconsistent or misleading characterization of those articles.

55.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 55 of the Amended Complaint, except admit that Stronghold entered the Bitcoin mining market in 2021.  The Underwriter Defendants further state that the allegations in Paragraph 55 purport to characterize statements made in articles from JP MORGAN and CNBC, and respectfully refer the Court to those articles for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of those articles.

56.     The allegations in Paragraph 56 of the Amended Complaint purport to characterize statements made in articles from FORBES and INVESTOPEDIA, and the Underwriter Defendants respectfully refer the Court to those articles for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of those articles.

57.     The allegations in Paragraph 57 of the Amended Complaint purport to characterize statements made in articles from FORBES and COINBASE, and the Underwriter Defendants respectfully refer the Court to those articles for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of those articles.

58.     The Underwriter Defendants deny the allegations in Paragraph 58 of the Amended Complaint, except admit, on information and belief, that the price of electricity has a significant impact on the ultimate economics and profitability of crypto asset mining, and that as a general matter, bitcoin miners need a power source, internet connection, and should be protected from the elements.

**B.   Stronghold Company Overview: Stronghold Enters the Bitcoin Mining Industry with Power to be Supplied By The Company's Own Power Generation Facilities**

59.     The Underwriter Defendants admit, on information and belief, the allegations in the first sentence of Paragraph 59 of the Amended Complaint.  The Underwriter Defendants further state that the allegations in the second sentence of Paragraph 59 purport to quote and characterize statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials, except admit that the quoted language in Paragraph 59 appears in the Offering Materials.

60.     The Underwriter Defendants deny the allegations in Paragraph 60 of the Amended Complaint, except admit the allegations in the first sentence of Paragraph 60 of the Amended Complaint and admit that the quoted language in Paragraph 60 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 60 purport to quote and characterize statements made in the Offering Materials and respectfully refer the Court to the

Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

61. The Underwriter Defendants deny the allegations in Paragraph 61 of the Amended Complaint, except admit that the quoted language in Paragraph 61 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 61 of the Amended Complaint purport to quote and characterize statements made in the Offering Materials, and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

**C. Prior to the IPO, Stronghold Entered into Bitcoin Miner Purchase Agreements to Build its Miner Fleet**

62. The Underwriter Defendants deny the allegations in Paragraph 62 of the Amended Complaint, except admit that the quoted language in Paragraph 62 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 62 of the Amended Complaint purport to quote and characterize statements made in the Offering Materials, and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

63. The Underwriter Defendants deny the allegations in Paragraph 63 of the Amended Complaint, except admit that the quoted language in Paragraph 63 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 63 of the Amended Complaint purport to quote and characterize statements made in the Offering Materials, and respectfully refer the Court to the Offering Materials for a true, correct and complete statement

of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

64. The Underwriter Defendants deny the allegations in Paragraph 64 of the Amended Complaint, except admit that Stronghold's equipment purchase agreement with MinerVa was for an aggregate purchase price of $73,387,500 to be paid installments, 80% of which had been paid at the time Stronghold filed its registration statement on October 19, 2021. The Underwriter Defendants further admit that the quoted language in Paragraph 64 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 64 purport to quote and characterize statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

## D. **Stronghold Highlights in the Offering Materials Total Hash Rates that Were Unachievable Due to Delays and Non-Shipment of MinerVa Miners**

65. The Underwriter Defendants deny the allegations in the first, second, and third sentences of Paragraph 65 of the Amended Complaint, except admit, on information and belief, that Stronghold sets and reports goals for key industry metrics and that, generally speaking, miners with greater computing power relative to other miners attempting to solve a block have a higher chance of solving the block and receiving a crypto asset award. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in the last sentence of Paragraph 65 of the Amended Complaint.

66. The Underwriter Defendants deny the allegations in Paragraph 66 of the Amended Complaint, except admit that the quoted language in Paragraph 66 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 66 purport

to characterize and quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

67. The Underwriter Defendants deny the allegations in Paragraph 67 of the Amended Complaint, except admit that the quoted language in Paragraph 67 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 67 purport to characterize and quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

## V. UNDISCLOSED MATERIALLY ADVERSE CONDITIONS AND TRENDS THAT EXISTED PRIOR TO AND AT THE TIME OF THE IPO

### A. MinerVa, Stronghold's Largest Supplier of Bitcoin Miners, Is Unable To Ship Miners to Stronghold

68. The Underwriter Defendants state that the allegations in Paragraph 68 of the Amended Complaint purport to characterize and quote statements made in an article from THE NEW YORK TIMES and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

69. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 69 of the Amended Complaint. The Underwriter Defendants deny the remaining allegations in Paragraph 69 of the Amended Complaint, except state that the allegations in Paragraph 69 purport to characterize unidentified

statements made by Stronghold, and the Underwriter Defendants lack sufficient knowledge or information to admit or deny the contents of these statements.

70. The Underwriter Defendants state that they lack sufficient knowledge or information to admit or deny the allegations in the first and third sentences of Paragraph 70, except deny that at the time of the IPO, MinerVa was "already significantly behind the schedule set forth in the Offering Materials" and admit that as of November 30, 2021, MinerVa had delivered 240 miners. The Underwriter Defendants deny the allegations in the second sentence of Paragraph 70 of the Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 70 purport to characterize and quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

71. The Underwriter Defendants deny the allegations in the last sentence in Paragraph 71 of the Amended Complaint. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 71 of the Amended Complaint.

72. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Amended Complaint, except admit that the quoted language in the second sentence of Paragraph 72 appears in a November 30, 2021 earnings call. The Underwriter Defendants further state that the allegations in the second sentence of Paragraph 72 purport to characterize and quote statements made in a November 30, 2021 earnings call and respectfully refer the Court to the earnings call transcript for a true, correct and complete statement

of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the earnings call.

73. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Amended Complaint.

74. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Amended Complaint.

75. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Amended Complaint.

76. The Underwriter Defendants deny the allegations in Paragraph 76 of the Amended Complaint, except admit that Stronghold held an earnings call on November 30, 2021 and admit that the quoted language in Paragraph 76 appears in the November 30, 2021 earnings call. The Underwriter Defendants further state that the allegations in Paragraph 76 purport to characterize and quote statements made in the November 30, 2021 earnings call and respectfully refer the Court to the earnings call transcript for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the earnings call.

77. The Underwriter Defendants deny the allegations in Paragraph 77 of the Amended Complaint, except admit that AGM Group Holdings, Inc. issued a press release on October 21, 2021 and admit that the quoted language in Paragraph 77 appears in the October 21, 2021 AGM Group Holdings, Inc. press release and an article published on November 4, 2021 by The Block. The Underwriter Defendants further state that the allegations in Paragraph 77 purport to characterize and quote statements made in the October 21, 2021 press release issued by AGM Group Holdings, Inc. and an article published on November 4, 2021 by The Block, and respectfully

refer the Court to that press release and article for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the press release or article.

78. The Underwriter Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint, except admit that the quoted language in Paragraph 78 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 78 purport to characterize and quote statements made in the Offering Materials, and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

79. The Underwriter Defendants deny the allegations in Paragraph 79 of the Amended Complaint, except admit that Stronghold entered into a financing agreement with WhiteHawk on June 30, 2021, and that Stronghold and WhiteHawk amended the financing agreement on December 31, 2021. The Underwriter Defendants further state that the allegations in Paragraph 79 purport to characterize statements made in the WhiteHawk Financing Agreement, and respectfully refer the Court to the WhiteHawk Financing Agreement for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading characterization of the WhiteHawk Financing Agreement.

80. The Underwriter Defendants deny the allegations in Paragraph 80 of the Amended Complaint, except admit that the quoted language in the first sentence of Paragraph 80 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in the first sentence in Paragraph 80 purport to characterize and quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete

statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

81. The Underwriter Defendants deny the allegations in the first and second sentences of Paragraph 81 of the Amended Complaint, except admit that the quoted language in the second sentence of Paragraph 81 appears in a press release, attached as Exhibit 99.1 to a Form 8-K, filed by Stronghold with the SEC on March 29, 2022. The Underwriter Defendants further state that the allegations in the second sentence of Paragraph 81 purport to characterize and quote statements made in the press release, attached as Exhibit 99.1 to a Form 8-K, filed by Stronghold with the SEC on March 29, 2022, and respectfully refer the Court to the press release for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the press release. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in the third, fourth, and fifth sentences of Paragraph 81 of the Amended Complaint.

**B. Stronghold Misrepresented Both the Hash Rate Capacity of the MinerVa MV7 Miners it Purchased and the Company's Ability to Reach 2,100 PH/s By December 2021**

82. The Underwriter Defendants deny the allegations in Paragraph 82 of the Amended Complaint, except admit that the quoted language in Paragraph 82 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 82 purport to quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

83. The Underwriter Defendants deny the allegations in Paragraph 83 of the Amended Complaint.

84. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in the fourth sentence of Paragraph 84 of the Amended Complaint as to what Stronghold was "aware" of. The Underwriter Defendants deny the remaining allegations in Paragraph 84 of the Amended Complaint, except admit that the quoted language in Paragraph 84 appears in a press release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022. The Underwriter Defendants further state that the allegations in Paragraph 84 purport to characterize and quote statements made in the Offering Materials and the press release attached as Exhibit 99.1 to a Form 8-K and filed by Stronghold with the SEC on March 29, 2022, and respectfully refer the Court to the Offering Materials and press release for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials or press release.

85. The Underwriter Defendants admit, on information and belief, that bitcoin mining machines are advertised by their manufacturers with a standard set of key specifications, such as power consumption needs, weight, and dimensions, and that combining the total hash rate of each individual miner in a fleet will provide a total hash rate for a fleet of miners. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 85 of the Amended Complaint.

86. The Underwriter Defendants deny the allegation in the second sentence of Paragraph 86 of the Amended Complaint that Stronghold stated in the Offering Materials that each MinerVa miner would deliver an individual hash rate of 100 TH/s. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 86 of the Amended Complaint.

87.     The Underwriter Defendants deny the allegations in Paragraph 87 of the Amended Complaint, except state that certain of the allegations in Paragraph 87 purport to quote and characterize statements made in the Offering Materials and MinerVa's website, and respectfully refer the Court to the Offering Materials and MinerVa's website for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials or MinerVa's website.

88.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Amended Complaint.

89.     The Underwriter Defendants deny the allegations in Paragraph 89 of the Amended Complaint.

90.     The Underwriter Defendants deny the allegations in Paragraph 90 of the Amended Complaint.

91.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 91 of the Amended Complaint.

92.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 92 of the Amended Complaint.

93.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 93 of the Amended Complaint.

94.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 94 of the Amended Complaint.

95.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 95 of the Amended Complaint.

96.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 96 of the Amended Complaint.

## VI.  STRONGHOLD GOES PUBLIC BY MEANS OF THE MATERIALLY FALSE AND MISLEADING OFFERING MATERIALS

97.     The Underwriter Defendants admit the allegations in Paragraph 97 of the Amended Complaint.

98.     The Underwriter Defendants deny the allegations in Paragraph 98 of the Amended Complaint, except admit that the quoted language in Paragraph 98 appears in the Offering Materials.  The Underwriter Defendants further state that the allegations in Paragraph 98 purport to quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

99.     The Underwriter Defendants admit the allegations in Paragraph 99 of the Amended Complaint.

100.    The allegations contained in Paragraph 100 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

101.    The allegations contained in Paragraph 101 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## A.  Disclosure Obligations Under the Securities Act

102.    The allegations in Paragraph 102 of the Amended Complaint contain Co-Lead Plaintiffs' characterization and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants

respectfully refer the Court to the quoted and cited cases for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the quoted and cited cases.

103. The allegations in Paragraph 103 of the Amended Complaint contain Co-Lead Plaintiffs' characterization and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants respectfully refer the Court to 15 U.S.C. § 77k for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of 15 U.S.C. § 77k.

104. The allegations in Paragraph 104 of the Amended Complaint contain Co-Lead Plaintiffs' characterization and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants respectfully refer the Court to SEC Regulation S-K, 17 C.F.R. § 229.303(b)(2)(ii) and S.E.C. Release No. 6835 for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of SEC Regulation S-K, 17 C.F.R. § 229.303(b)(2)(ii) or S.E.C. Release No. 6835.

105. The allegations in Paragraph 105 of the Amended Complaint contain Co-Lead Plaintiffs' characterization and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants respectfully refer the Court to EC Release No. 8350 for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of EC Release No. 8350.

106. The allegations in Paragraph 106 of the Amended Complaint contain Co-Lead Plaintiffs' characterization and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

107. The allegations in Paragraph 107 of the Amended Complaint contain Co-Lead Plaintiffs' characterization and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants respectfully refer the Court to Item 105 of Regulation S-K and the other SEC materials cited in Paragraph 107 for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of Item 105 of Regulation S-K and the other SEC materials cited in Paragraph 107.

108. The Underwriter Defendants deny the allegations in Paragraph 108 of the Amended Complaint.

109. The Underwriter Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

## B. Stronghold Falsely Stated that MinerVa Was Delivering Bitcoin Miners According to the Timeline and Quantities Stated in the Offering Materials

110. The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 110 of the Amended Complaint regarding investors' "focus[]." The Underwriter Defendants deny the remaining allegations in Paragraph 110 of the Amended Complaint, except admit that the quoted language in Paragraph 110 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 110 purport to characterize and quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of

their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

111. The Underwriter Defendants deny the allegations in Paragraph 111 of the Amended Complaint, except admit that the quoted language in Paragraph 111 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 111 purport to quote and characterize statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

112. The Underwriter Defendants deny the allegations in Paragraph 112 of the Amended Complaint, except admit that the quoted language in Paragraph 112 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 112 purport to characterize and quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

113. The Underwriter Defendants deny the allegations in Paragraph 113 of the Amended Complaint, except admit that the quoted language in Paragraph 113 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 113 purport to characterize and quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

114.     The Underwriter Defendants deny the allegations in Paragraph 114 of the Amended Complaint.

115.     The Underwriter Defendants deny the allegations in Paragraph 115 of the Amended Complaint, except admit that the quoted language in Paragraph 115 appears in the Offering Materials.  The Underwriter Defendants further state that the allegations in Paragraph 115 purport to characterize and quote statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

116.     The Underwriter Defendants deny the allegations in Paragraph 116 of the Amended Complaint.

**C. Stronghold's Offering Materials Misleadingly Touted Expected Hash Rates for Both Stronghold's Entire Mining Operations and for the Individual MinerVa MV7 Mining Machines**

117.     The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 117 of the Amended Complaint.  The Underwriter Defendants further state that the allegations in Paragraph 117 purport to characterize statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of the Offering Materials.

118.     The Underwriter Defendants deny the allegations in Paragraph 118 of the Amended Complaint, except admit that the quoted language in Paragraph 118 appears in the Offering Materials.  The Underwriter Defendants further state that the allegations in the last sentence of Paragraph 118 purport to incorporate statements made in Section IV.D by reference, and therefore the Underwriter Defendants refer to their responses for each and every allegation set forth in

Section IV.D and incorporate those responses as if fully set forth herein. The Underwriter Defendants further state that the allegations in Paragraph 118 purport to quote and characterize statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

119. The Underwriter Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

120. The Underwriter Defendants deny the allegations in Paragraph 120 of the Amended Complain, except state that the allegations in Paragraph 120 purport to characterize statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading characterization of the Offering Materials.

121. The Underwriter Defendants deny the allegations in Paragraph 121 of the Amended Complaint, except admit that the quoted language in Paragraph 121 appears in the Offering Materials. The Underwriter Defendants further state that the allegations in Paragraph 121 purport to quote and characterize statements made in the Offering Materials and respectfully refer the Court to the Offering Materials for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Offering Materials.

122. The Underwriter Defendants deny the allegations in Paragraph 122 of the Amended Complaint.

# VII.  POST-IPO EVENTS

## D. **Stronghold Downplays Delays in Deliveries from MinerVa, While Reassuring Investors that Deliveries are Incoming**

123.    The Underwriter Defendants deny the allegations in Paragraph 123 of the Amended Complaint, except admit that on November 8, 2021, Stronghold filed a Form 8-K with the SEC. The Underwriter Defendants further state that the allegations in Paragraph 123 purport to characterize statements made in the November 8, 2021 Form 8-K and respectfully refer the Court to the Form 8-K for a true, correct and complete statement of its contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of the November 8, 2021 Form 8-K.

124.    The Underwriter Defendants deny the allegations in Paragraph 124 of the Amended Complaint, except admit that the quoted language in Paragraph 124 appears in Stronghold's Form 8-K filed with the SEC on November 8, 2021.  The Underwriter Defendants further state that the allegations in Paragraph 124 purport to quote and characterize statements made in the November 8, 2021 Form 8-K and respectfully refer the Court to the Form 8-K for a true, correct and complete statement of its contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the November 8, 2021 Form 8-K.

125.    The Underwriter Defendants deny the allegations in Paragraph 125 of the Amended Complaint, except admit that November 8, 2021 is twelve business days after October 21, 2021. The Underwriter Defendants further state that the allegations in Paragraph 125 purport to characterize statements made in the November 8, 2021 Form 8-K and respectfully refer the Court to the Form 8-K for a true, correct and complete statement of its contents.  The Underwriter Defendants deny any inconsistent or misleading characterization of the November 8, 2021 Form 8-K.

126.     The Underwriter Defendants deny the allegations in Paragraph 126 of the Amended Complaint, except admit that Stronghold issued a press release on November 8, 2021. The Underwriter Defendants further state that the allegations in Paragraph 126 purport to characterize statements made in the November 8, 2021 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading characterization of the November 8, 2021 press release.

127.     The Underwriter Defendants deny the allegations in Paragraph 127 of the Amended Complaint, except admit that on November 30, 2021, Stronghold filed a Form 8-K with the SEC attaching a press release issued that same day announcing the Company's third quarter 2021 financial results, and admit that the quoted language in Paragraph 127 appears in Stronghold's press release issued on November 30, 2021. The Underwriter Defendants further state that the allegations in Paragraph 127 purport to characterize and quote statements made in the November 30, 2021 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the November 30, 2021 press release.

128.     The Underwriter Defendants admit that the quoted language in Paragraph 128 of the Amended Complaint appears in Stronghold's press release issued on November 30, 2021. The Underwriter Defendants further state that the allegations in Paragraph 128 purport to characterize and quote statements made in the November 30, 2021 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the November 30, 2021 press release.

129.     The Underwriter Defendants admit that Stronghold held an earnings call on November 30, 2021, and admit that the quoted language in Paragraph 129 of the Amended Complaint appears in the transcript of Stronghold's November 30, 2021 earnings call. The Underwriter Defendants further state that the allegations in Paragraph 129 purport to quote statements made in the November 30, 2021 earnings call and respectfully refer the Court to the earnings call transcript for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the November 30, 2021 earnings call.

130.     The Underwriter Defendants deny the allegations in Paragraph 130 of the Amended Complaint, except admit that the quoted language in Paragraph 130 appears in the transcript of Stronghold's November 30, 2021 earnings call. The Underwriter Defendants further state that the allegations in Paragraph 130 purport to characterize and quote statements made in the November 30, 2021 earnings call and respectfully refer the Court to the earnings call transcript for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the November 30, 2021 earnings call.

131.     The Underwriter Defendants deny the allegations in Paragraph 131 of the Amended Complaint, except admit that the quoted language in Paragraph 131 appears in the transcript of Stronghold's November 30, 2021 earnings call. The Underwriter Defendants further state that the allegations in Paragraph 131 purport to characterize and quote statements made in the November 30, 2021 earnings call and respectfully refer the Court to the earnings call transcript for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the November 30, 2021 earnings call.

132.     The Underwriter Defendants deny the allegations in Paragraph 132 of the Amended Complaint, except admit that the quoted language in Paragraph 132 appears in the transcript of Stronghold's November 30, 2021 earnings call.  The Underwriter Defendants further state that the allegations in Paragraph 132 purport to characterize and quote statements made in the November 30, 2021 earnings call and respectfully refer the Court to the earnings call transcript for a true, correct and complete statement of its contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the November 30, 2021 earnings call.

133.     The Underwriter Defendants deny the allegations in Paragraph 133 of the Amended Complaint, except admit that on November 30, 2021, Stronghold filed a Form 10-Q with the SEC, and admit that the quoted language in Paragraph 133 appears in Stronghold's Form 10-Q filed with the SEC on November 30, 2021.  The Underwriter Defendants further state that the allegations in Paragraph 133 purport to characterize and quote statements made in the November 30, 2021 Form 10-Q and respectfully refer the Court to the November 30, 2021 Form 10-Q for a true, correct and complete statement of its contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the November 30, 2021 Form 10-Q.

**E. Stronghold Amends its Financing Agreement Due to the MinerVa Miner Delivery Delays But Continues to Assure Investors that Deliveries are Incoming**

134.     The Underwriter Defendants deny the allegations in Paragraph 134 of the Amended Complaint, except admit that on January 6, 2022, Stronghold filed a Form 8-K with the SEC, and admit that the quoted language in Paragraph 134 appears in Stronghold's Form 8-K filed with the SEC on January 6, 2022.  The Underwriter Defendants further state that the allegations in Paragraph 134 purport to characterize and quote statements made in the January 6, 2022 Form 8-K and respectfully refer the Court to the January 6, 2022 Form 8-K for a true, correct and complete

statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the January 6, 2022 Form 8-K.

135. The Underwriter Defendants deny the allegations in Paragraph 135 of the Amended Complaint, except admit that the quoted language in Paragraph 135 appears in Stronghold's Form 8-K filed with the SEC on January 6, 2022. The Underwriter Defendants further state that the allegations in Paragraph 135 purport to characterize and quote statements made in the January 6, 2022 Form 8-K and respectfully refer the Court to the January 6, 2022 Form 8-K for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the January 6, 2022 Form 8-K.

**F.** **Defendants' March 29, 2022 Acknowledgments Regarding Shipments of Miners From MinerVa**

136. The Underwriter Defendants deny the allegations in Paragraph 136 of the Amended Complaint, except admit that on March 29, 2022, Stronghold filed a Form 8-K with the SEC and that Stronghold attached a press release as Exhibit 99.1 to the March 29, 2022 Form 8-K, and admit that the March 29, 2022 press release stated that Stronghold's revenues for the quarter ending December 31, 2021 were approximately 17 million dollars and that Stronghold reported a net loss of $0.52 per Class A common share for the quarter ending December 31, 2021. The Underwriter Defendants further state that the allegations in Paragraph 136 purport to characterize statements made in the March 29, 2022 Form 8-K and press release and respectfully refer the Court to the March 29, 2022 Form 8-K and press release for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading characterization of the March 29, 2022 Form 8-K or press release.

137. The Underwriter Defendants admit that the quoted language in Paragraph 137 of the Amended Complaint appears in the press release attached as Exhibit 99.1 to Stronghold's

March 29, 2022 Form 8-K. The Underwriter Defendants further state that the allegations in Paragraph 137 purport to characterize and quote statements made in the March 29, 2022 press release and respectfully refer the Court to the March 29, 2022 press release for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the March 29, 2022 press release.

138.     The Underwriter Defendants admit that portions of the quoted language in Paragraph 138 of the Amended Complaint appear in the press release attached as Exhibit 99.1 to Stronghold's March 29, 2022 Form 8-K, and that other portions of the quoted language in Paragraph 138 appear in Stronghold's Form 10-K filed with the SEC on March 29, 2022. The Underwriter Defendants further state that the allegations in Paragraph 138 purport to characterize and quote statements made in Exhibit 99.1 to Stronghold's March 29, 2022 Form 8-K and the March 29, 2022 Form 10-K and respectfully refer the Court to those filings for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of those filings.

139.     The Underwriter Defendants deny the allegations in Paragraph 139 of the Amended Complaint, except admit that on March 29, 2022, Stronghold filed a Form 8-K with the SEC and Stronghold attached an investor presentation as Exhibit 99.2 to the March 29, 2022 Form 8-K, and admit that the quoted language in Paragraph 139 appears in the investor presentation attached as Exhibit 99.2 to Stronghold's March 29, 2022 Form 8-K. The Underwriter Defendants further state that the allegations in Paragraph 139 purport to characterize and quote statements made in Exhibit 99.2 to the March 29, 2022 Form 8-K and respectfully refer the Court to that filing for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of that filing.

140. The Underwriter Defendants admit that Stronghold held an earnings call and filed a Form 10-K with the SEC on March 29, 2022, and that the quoted language in Paragraph 140 appears in the Form 10-K and transcript of Stronghold's earnings call held on March 29, 2022. The Underwriter Defendants further state that the allegations in Paragraph 140 purport to quote and characterize statements made in the March 29, 2022 Form 10-K and earnings call and respectfully refer the Court to the Form 10-K and earnings call transcript for a true, correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the Form 10-K or earnings call transcript.

141. The Underwriter Defendants deny the allegations in Paragraph 141 of the Amended Complaint, except admit that the quoted language in Paragraph 141 appears in the transcript of Stronghold's earnings call held on March 29, 2022. The Underwriter Defendants further state that the allegations in Paragraph 141 purport to characterize and quote statements made in the March 29, 2022 earnings call and respectfully refer the Court to the March 29, 2022 earnings call transcript for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the March 29, 2022 earnings call transcript.

142. The Underwriter Defendants deny the allegations in Paragraph 142 of the Amended Complaint, except admit that the quoted language in Paragraph 142 appears in the transcript of Stronghold's earnings call held on March 29, 2022. The Underwriter Defendants further state that the allegations in Paragraph 142 purport to characterize and quote statements made in the March 29, 2022 earnings call and respectfully refer the Court to the March 29, 2022 earnings call transcript for a true, correct and complete statement of its contents. The Underwriter Defendants

deny any inconsistent or misleading quotation or characterization of the March 29, 2022 earnings call transcript.

143.     The Underwriter Defendants deny the allegations in Paragraph 143 of the Amended Complaint, except admit that on May 16, 2022, Stronghold filed a Form 10-Q with the SEC, and admit that the quoted language in Paragraph 143 appears in Stronghold's Form 10-Q filed with the SEC on May 16, 2022.  The Underwriter Defendants further state that the allegations in Paragraph 143 purport to characterize and quote statements made in the May 16, 2022 Form 10-Q and respectfully refer the Court to the May 16, 2022 Form 10-Q for a true, correct and complete statement of its contents.  The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the May 16, 2022 Form 10-Q.

**G.  Defendants' March 29, 2022 Acknowledgment That Stronghold Had Not Met Total Hash Rate Goals**

144.     The Underwriter Defendants deny the allegations in Paragraph 144 of the Amended Complaint, except admit that the quoted language in Paragraph 144 appears in Stronghold's press release attached as Exhibit 99.1 to Stronghold's Form 8-K filed with the SEC on March 29, 2022. The Underwriter Defendants further state that the allegations in Paragraph 144 purport to characterize and quote statements made in the March 29, 2022 press release and respectfully refer the Court to the March 29, 2022 press release for a true, correct and complete statement of its contents.   The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the March 29, 2022 press release.

145.     The Underwriter Defendants deny the allegations in Paragraph 145 of the Amended Complaint.  The Underwriter Defendants further state that the allegations in Paragraph 145 purport to characterize statements made in the March 29, 2022 press release and Offering Materials, and respectfully refer the Court to the March 29, 2022 press release and Offering Materials for a true,

correct and complete statement of their contents. The Underwriter Defendants deny any inconsistent or misleading characterization of the March 29, 2022 press release or Offering Materials.

146. The Underwriter Defendants deny the allegations in Paragraph 146 of the Amended Complaint, except admit that the quoted language in Paragraph 146 appears in Stronghold's press release attached as Exhibit 99.1 to Stronghold's Form 8-K filed with the SEC on March 29, 2022. The Underwriter Defendants further state that the allegations in Paragraph 146 purport to characterize and quote statements made in the March 29, 2022 press release, and respectfully refer the Court to the March 29, 2022 press release for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the March 29, 2022 press release.

147. The Underwriter Defendants deny the allegations in Paragraph 147 of the Amended Complaint, except admit that on March 30, 2021, Stronghold's stock price closed at $6.97 per share, on trading volume of 6,192,200 shares, and that the trading volume on March 28, 2022 was 632,200 shares.

148. The Underwriter Defendants deny the allegations in Paragraph 148 of the Amended Complaint, except admit that on April 11, 2022, Stronghold's stock price closed at $4.78 per share, and admit that the IPO price was $19.00 per share of Class A common stock.

149. The Underwriter Defendants admit that Stronghold filed a form 8-K with the SEC on April 14, 2022 and that Stronghold attached thereto as Exhibit 99.1 a press release dated April 14, 2022, and admit that the quoted language in Paragraph 149 appears in Stronghold's April 14, 2022 press release attached as Exhibit 99.1 to Stronghold's Form 8-K filed with the SEC on April 14, 2022. The Underwriter Defendants further state that the allegations in Paragraph 149 purport

to characterize and quote statements made in the April 14, 2022 press release and respectfully refer the Court to the April 14, 2022 press release for a true, correct and complete statement of its contents. The Underwriter Defendants deny any inconsistent or misleading quotation or characterization of the April 14, 2022 press release.

## VIII.  INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

150.    The allegations contained in Paragraph 150 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

151.    The allegations contained in Paragraph 151 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

152.    The allegations contained in Paragraph 152 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

153.    The allegations contained in Paragraph 153 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## IX.  CLASS ACTION ALLEGATIONS

154.    The allegations contained in Paragraph 154 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Co-Lead Plaintiffs purport to bring this action on behalf of a purported class of investors.

155.    The allegations contained in the first, third, and fifth sentences of Paragraph 155 of the Amended Complaint constitute legal conclusions and/or Co-Lead Plaintiffs' beliefs to which

no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Co-Lead Plaintiffs purport to bring this action on behalf of a purported class of investors. The Underwriter Defendants admit the second and fourth sentences of Paragraph 155 of the Amended Complaint.

156. The allegations contained in Paragraph 156 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

157. The allegations contained in Paragraph 157 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

158. The allegations contained in Paragraph 158 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

159. The allegations contained in Paragraph 159 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## X. COUNT I

### Violation of Section 11 of the Securities Act
### (Against All Defendants)

160. The Underwriter Defendants repeat each of the foregoing responses.

161. The allegations contained in Paragraph 161 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to bring a Section 11 claim against all Defendants on behalf of Co-Lead Plaintiffs and the Class.

162.    The allegations contained in Paragraph 162 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

163.    The allegations contained in Paragraph 163 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Stronghold was the registrant for its own IPO, that it filed a registration statement with the SEC on October 19, 2021 and a prospectus on October 21, 2021, and that it issued securities in connection with its own IPO.

164.    The allegations contained in Paragraph 164 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

165.    The allegations contained in Paragraph 165 of the Amended Complaint constitute legal conclusions and/or are not directed at the Underwriter Defendants, and therefore no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit the first sentence of Paragraph 165 of the Amended Complaint.

166.    The Underwriter Defendants admit the first sentence of Paragraph 166 of the Amended Complaint.  The remaining allegations contained in Paragraph 166 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

167.     The allegations contained in Paragraph 167 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

168.     The allegations contained in Paragraph 168 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

169.     The allegations contained in Paragraph 169 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.  The Underwriter Defendants further state that the Court dismissed Co-Lead Plaintiff Ahmed's Section 12 claims for lack of standing (ECF 77).  Thus, no answer is required with regard to those claims.  To the extent a response is required, the Underwriter Defendants deny them.

170.     The allegations contained in Paragraph 170 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

171.     The Underwriter Defendants admit that Stronghold filed a registration statement with the SEC on October 19, 2021 and a prospectus on October 21, 2021, and that Mark Winter filed his complaint on April 14, 2022 asserting claims against Defendants under Sections 11 and 15 of the Securities Act.  The remaining allegations contained in Paragraph 171 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

172.     The allegations contained in Paragraph 172 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## XI.  <u>COUNT II</u>

### <u>Violations of §12(a)(2) of the Securities Act</u><br><u>Against the Underwriter Defendants and Stronghold</u>

173.     The Underwriter Defendants repeat each of the foregoing responses.

174.     The Underwriter Defendants deny the allegations in Paragraph 174 of the Amended Complaint, except admit that the Underwriter Defendants underwrote Stronghold's IPO, that Stronghold issued securities in connection with its own IPO, that Stronghold offered shares for sale in its IPO pursuant to the Prospectus, filed with the SEC on October 21, 2021, and that Stronghold required payment for the shares it offered for sale on the public market.

175.     The allegations contained in Paragraph 175 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

176.     The allegations contained in Paragraph 176 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

177.     The allegations contained in Paragraph 177 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that the Underwriter Defendants used certain means and instrumentalities of interstate commerce in the course of the IPO.

178.     The allegations contained in Paragraph 178 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

179.     The allegations contained in Paragraph 179 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

180.     The Underwriter Defendants admit that Stronghold filed a registration statement with the SEC on October 19, 2021 and a prospectus on October 21, 2021, and that Mark Winter filed his complaint on April 14, 2022 asserting claims against Defendants under Sections 11 and 15 of the Securities Act.  The remaining allegations contained in Paragraph 180 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

181.     The allegations contained in Paragraph 181 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## XII.  COUNT III

### Violation of Section 15 of the Securities Act
### (Against the Individual Defendants)

182.     The Underwriter Defendants repeat each of the foregoing responses.[2]

---

[2]     Because Count III of the Amended Complaint is not brought against the Underwriter Defendants, no response is required to Paragraphs 182-186 of the Amended Complaint.  To the extent the allegations in Paragraphs 182-186 of the Amended Complaint are construed to require a response by the Underwriter Defendants, the Underwriter Defendants' responses are included below.

183. The allegations contained in Paragraph 183 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to bring a Section 15 claim against the Individual Defendants.

184. The allegations contained in Paragraph 184 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

185. The allegations contained in Paragraph 185 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

186. The allegations contained in Paragraph 186 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## ANSWER TO PRAYER FOR RELIEF

Co-Lead Plaintiffs' Prayer for Relief contains statements to which no responsive pleading is required. The Underwriter Defendants deny that Co-Lead Plaintiffs or any putative class members Co-Lead Plaintiffs purport to represent are entitled to any damages or any other of the relief requested.

## ANSWER TO DEMAND FOR JURY TRIAL

Co-Lead Plaintiffs' demand for a trial by jury is a statement to which no response is required.

## GENERAL DENIAL

The Underwriter Defendants deny each and every allegation in the Complaint, except as expressly admitted or otherwise stated above.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Co-Lead Plaintiffs' claims, the Underwriter Defendants assert the following affirmative and other defenses. The Underwriter Defendants reserve the right to amend this Answer to raise additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to state a claim under Sections 11 and 12(a)(2) of the Securities Act upon which relief may be granted against the Underwriter Defendants.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to adequately allege any misrepresentations or omissions of material fact.

## THIRD AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs lack standing to assert the Complaint's claims against any of the Underwriter Defendants under Sections 11 and 12(a)(2) of the Securities Act.

## FOURTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because the Offering Materials did not contain any false or misleading statement of material fact or omit any material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the Offering Materials.

## FIFTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Offering Materials became effective, that the statements in the Offering Materials were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## SIXTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Offering Materials purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), including, but not limited to, financial statements contained in the Offering Materials, the Underwriter Defendants had no reasonable grounds to believe, and did not believe at the time such part of the Offering Materials became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Offering Materials did not fairly represent the statement of the expert.

## SEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because any alleged misstatements by the Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## EIGHTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because they had no duty to disclose any material facts allegedly omitted, complied with all applicable disclosure

requirements, and had no duty to verify, opine upon, audit, review or correct the statements made in the Offering Materials that the Complaint alleges were misleading.

## NINTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable because none of them breached any duty owed to Co-Lead Plaintiffs or the members of the putative class.

## TENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because any allegedly untrue statements of material fact and/or omissions of material fact in the Offering Materials were not material.

## ELEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because the substance of the allegedly material information that Co-Lead Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the Offering Materials, Defendant Stronghold's own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## TWELFTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because the Underwriter Defendants acted at all times in good faith, including by acting in conformity with the rules and regulations of the Securities and Exchange Commission, and had no knowledge, and were not reckless or negligent in not knowing, that any alleged statement or omission was false or misleading.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because the Underwriter Defendants did not know, and in the exercise of reasonable care could not have known, of any alleged misstatements or omissions of fact in the Offering Materials.

## FOURTEENTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs cannot recover from the Underwriter Defendants because Co-Lead Plaintiffs have not suffered any cognizable injury or sustained any damages and because any damages (which the Underwriter Defendants deny) are speculative.

## FIFTEENTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs' claims are barred because the injuries alleged by Co-Lead Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of the Underwriter Defendants, by the conduct of third parties for whom the Underwriter Defendants were not responsible, or through forces in the marketplace over which the Underwriter Defendants had no control. Stronghold's stock drop is attributable to factors unrelated to the alleged misrepresentations or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of Stronghold stock.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs knew or, in the exercise of reasonable care, could have learned of the alleged untruths and/or omissions of which they complain.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs' claims are barred, in whole or in part, because Co-Lead Plaintiffs did not reasonably rely on any alleged misstatements or omissions.

## NINETEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misstatements, omissions and conduct alleged in the claims against the Underwriter Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs' claims are barred in whole or in part because any injury or damage as alleged in the Complaint was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than the Underwriter Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Co-Lead Plaintiffs because Co-Lead Plaintiffs purchased Stronghold stock with actual or constructive knowledge of the risks involved in an investment in Stronghold stock, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs' claims are not properly maintainable as class action claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs failed to comply with their duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint, and are therefore barred from recovering any damages which might reasonably have been avoided.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs' claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part to the extent that the damages sought exceed those permitted under the Securities Act or any other applicable rule or regulation promulgated thereunder.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to the extent Co-Lead Plaintiffs did not purchase shares of Stronghold securities in the IPO, did not purchase Stronghold common stock traceable to the IPO, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act of 1933.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act. The Underwriter Defendants also reserve the right to assert an affirmative claim against Co-Lead Plaintiffs on this basis.

## THIRTIETH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs are not entitled to recover attorney's fees, accountants' or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any recovery by Co-Lead Plaintiffs in this action is barred in whole or in part to the extent recovery is had in any other lawsuit, action, proceeding or otherwise.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable because the Offering Materials complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent Co-Lead Plaintiffs suffered damages, if at all, such damages must be offset by Co-Lead Plaintiffs' gains.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Underwriter Defendants adopt by reference any applicable defense pled or that may be pled by any other defendant not expressly set forth herein.  The Underwriter Defendants reserve the right to assert such additional defenses as may be appropriate at a later time.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs cannot recover against the Underwriter Defendants because Co-Lead Plaintiffs will be unable to establish that the purported misstatements and omissions alleged were the cause of Co-Lead Plaintiffs' decision to purchase Stronghold common stock.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Co-Lead Plaintiffs are not adequate class action representatives.

## PRAYER FOR RELIEF

WHEREFORE, the Underwriter Defendants pray for judgment against the Co-Lead Plaintiffs as follows:

1.      Dismissing the entire action with prejudice;

2.     Determining that this action is not a proper class action Pursuant to Rule 23 of the

        Federal Rules of Civil Procedure;

3.     Entering judgment against Co-Lead Plaintiffs and in favor of the Underwriter

        Defendants with respect to Counts I and II;

4.     Awarding the Underwriter Defendants their reasonable costs and expenses incurred

        in this action, including attorneys' fees and costs; and

5.     Awarding the Underwriter Defendants such other, further, or different relief as the

        Court deems just and proper.


Dated:  New York, New York
        October 9, 2023

                                          WILLKIE FARR & GALLAGHER LLP

                                          By: */s/ Jeffrey B. Korn*
                                          Jeffrey B. Korn
                                          787 Seventh Avenue
                                          New York, New York  10019-6099
                                          (212) 728-8000
                                          jkorn@willkie.com

                                          *Attorneys for the Underwriter Defendants*