**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK WINTER, *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>Defendants. | Case No. 1:22-cv-03088-RA |

**STIPULATION AND ~~[PROPOSED]~~ ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and Defendants in the above-captioned action (the "Action"), through their undersigned counsel, hereby submit this Stipulation and [Proposed] Order Governing the Production and Exchange of Confidential Material (the "Stipulation").

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs and Defendants in this Action (the "Parties," each a "Party"), through their undersigned counsel, subject to the approval of the Court after finding that good cause exists for issuance of an appropriately-tailored confidentiality order, that:

1.      This Stipulation will govern the handling of all documents, electronically stored information ("ESI"), deposition testimony, deposition exhibits, deposition transcripts, initial disclosures, written discovery requests, interrogatory responses, responses to requests for

1

admission, responses to requests for documents, and any other information or material produced, given, transcribed, or exchanged as part of these discovery proceedings, including any information contained therein or derived therefrom (collectively, "Discovery Material"), by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Action.

2.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party reasonably believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation.

3.      Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Stipulation if such Producing Party reasonably believes in good faith that such Discovery Material contains highly sensitive non-public and confidential personal, business, strategic, proprietary, or commercial information whose disclosure would create a substantial risk of serious commercial injury that could not be avoided by less restrictive means.

4.      The designation of Discovery Material as Confidential or Highly Confidential Discovery Material ("Confidential Discovery Material") shall be made in the following manner:

A.      In the case of documents or other materials (apart from depositions or other prehearing testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page (or its image, if produced electronically) containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD).

B.      In the case of depositions or other prehearing testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 15 business days of the deposition or other prehearing testimony; provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other prehearing testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

C.      In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

5.      Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected.  A Producing Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as "Confidential" or "Highly Confidential": (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, and (ii) producing a replacement copy of the document (utilizing the same Bates number as the originally produced version) in a manner consistent with Paragraph 4. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such

supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" or "Highly Confidential" shall exercise its reasonable best efforts to ensure: (i) the return or destruction of such Discovery Material by any person not authorized to receive Confidential Discovery Material under the terms of this Stipulation and Order; (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Highly Confidential" when originally produced; (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order; and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 11 of this Stipulation and Order.

6.    Discovery Material marked "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.    The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Stipulation;

B.    Counsel who represent Parties in this Action (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Action for use in accordance with this Stipulation;

C.    Subject to Paragraph 9, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Action;

D.    Subject to Paragraph 10, witnesses or deponents, and their counsel, only to the extent reasonably necessary to conduct or prepare for depositions or testimony in this Action;

E.    Any person indicated on the face of a document or an accompanying communication to be the author, addressee, or an actual or intended recipient of the document or, in the case of meeting minutes, an attendee of the meeting;

F.    Any mediator or other third party who is appointed by the Court or retained by the Parties for settlement purposes and their support personnel;

G.    The Court, persons employed by the Court, videographers hired to record depositions in this Action, and reporters transcribing any hearing, trial, or deposition in this Action or any appeal therefrom; and

H.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

7.    Discovery Material marked "Highly Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.    Counsel who represent Parties in this Action (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and

service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Action for use in accordance with this Stipulation;

B.      Subject to Paragraph 9, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Action;

C.      Subject to Paragraph 10, witnesses or deponents, and their counsel, only to the extent reasonably necessary to conduct or prepare for depositions or testimony in this Action;

D.      Any person indicated on the face of a document or an accompanying communication to be the author, addressee, or an actual or intended recipient of the document or, in the case of meeting minutes, an attendee of the meeting;

E.      Any mediator or other third party who is appointed by the Court or retained by the Parties for settlement purposes and their support personnel.

F.      The Court, persons employed by the Court, videographers hired to record depositions in this Action, and reporters transcribing any hearing, trial, or deposition in this Action or any appeal therefrom; and

G.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

8.      To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other prehearing venue, any Party may exclude any person from

the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

9.      Notwithstanding Paragraphs 6(C) and 7(B) above, Confidential Discovery Material may be provided to persons listed therein only to the extent reasonably necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Action; provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto, thereby agreeing: (i) to be bound by the terms and conditions of this Stipulation and Order; (ii) not to disclose or use any Confidential Discovery Material for any purpose other than those permitted hereunder, whether during or after the conclusion of this Action; (iii) not to use any Confidential Discovery Material for the benefit of, or disclose any Confidential Discovery Material to, any person that is a Competitor (as defined below) of any party to the Action, as far as the expert or consultant can reasonably determine; and (iv) not to retain any Confidential Discovery Material after the conclusion of this Action or to otherwise incorporate any Confidential Discovery Material into any form of document, database, file, or presentation (except those directly related to this Action). Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining an executed copy thereof. "Competitors" are persons or entities that engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, or are endeavoring to do any of the foregoing, as any of the Parties in this Action.

10.      Notwithstanding Paragraphs 6(D) and 7(C) above, Confidential Discovery Material may be provided to persons listed therein only after: (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record,

7

and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining an executed copy thereof.

11.     Confidential Discovery Material shall be used solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other action or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

12.     Every person to whom Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party (after the date of execution of this Stipulation) shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

13.     Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material (a "Confidential Filing") must be filed with the Court under seal. The parties will use their reasonable best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted

~~copy of the same, via the Court's Electronic Case Filing system, that limits redactions only to the Confidential Discovery Material itself or text that materially reveals the Confidential Discovery Material.~~

13.    If either party seeks to file documents under seal or in redacted form, they must comply with Section 5.A. of this Court's Individual Rules & Practices in Civil Cases.

14.    All materials filed under seal pursuant to Paragraph 13 shall be released from confidential treatment only upon order of the Court. When any Party receives notice concerning the release of Confidential Discovery Material which was filed with the Court by such Party but contains Discovery Material designated as Confidential Discovery Material by another Producing Party, the Party receiving the notice shall deliver a copy of such notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such notice, if such notice is not otherwise sent to such Producing Party by the Court, so as to enable the Producing Party to seek further confidential treatment or to have the documents returned or destroyed. The provisions of this paragraph may be waived only with the written consent of the Producing Party.

15.    Any person who objects to the confidential treatment of a Confidential Filing, or any portion thereof, shall file a motion raising the challenge with the Court.

16.    During the pendency of this Action, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation.

17.    The Parties reserve the right to apply, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation.

18.    Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

A.    Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii)  object  to  the  production  of documents or information it considers not subject to discovery;

B.    Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

C.    Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

D.    Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

E.    Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

F.    Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

G.    Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

19.    This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a

10

Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Action, and not otherwise subject to confidentiality restrictions.

20.    If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, consistent with Federal Rule of Evidence 502(d), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity.

A.    If a claim of inadvertent production is made pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.  If the Party possessing the Inadvertent Production Material has disseminated the material to another, the Party responsible for disseminating the Inadvertent Production material shall provide the name of whomever is in possession of the Inadvertent Production Material.

B.       A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

21.      Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

22.      In the event additional Parties join or are joined in this Action, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

23.      The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

24.      The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including, without limitation, any appeals therefrom.   This Court shall retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

25.      In the event that any Confidential Discovery Material becomes part of the public record, the material shall lose its confidential status unless the Producing Party applies for and obtains an order from the Court specifically maintaining the confidential status of particular material. Prior to a public hearing proceeding in which Confidential Discovery Material is to be

12

used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

26.    Within 90 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either: (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good faith and reasonable effort to destroy all such Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. Notwithstanding the foregoing, (i) counsel for the Parties shall be entitled to retain pleadings, deposition and trial transcripts, and case files (including attorney work product and discovery material containing or referring to Confidential Discovery Material); and (ii) Parties shall be entitled to retain any Confidential Discovery Material (including attorney work product and discovery material containing or referring to Confidential Discovery Material) that they received to the extent necessary to comply with any law, rule or court order. However, any Party or counsel retaining Confidential Discovery Material (including employees of such Party or counsel) shall maintain the confidentiality thereof and shall not disclose it to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.

27.    If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the

13

Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five business days of receipt of such Demand (or if a response to the Demand is due in less than five business days, then with as much notice as reasonably possible, and in any event at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material at issue and enclosing a copy of the Demand, and must object to the production of Confidential Discovery Material on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

28.     No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of

14

confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

29.    The Parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Stipulation.

Dated:  October 6, 2023

Respectfully submitted,

LEVI & KORSINSKY, LLP

VINSON & ELKINS LLP

*/s/ Shannon L. Hopkins*

*/s/ Marisa Antonelli*

Shannon L. Hopkins
Andrew Lencyk
Philip Cole von Richthofen (admitted *pro hac vice*)
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: shopkins@zlk.com
Email: alencyk@zlk.com
Email: cvrichthofen@zlk.com

Laurence Rosen
Jonathan Stern
275 Madison Avenue, 40th Floor
New York, NY 10006
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jstern@rosenlegal.com
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs Gulzar Ahmed and the Allegheny County Employees' Retirement System.*

Clifford Thau
Marisa Antonelli
1114 Avenue of Americas
New York, NY 10036
Telephone: (212) 237-0000
Facsimile: (212) 237-0100
Email: cthau@velaw.com
Email: mantonelli@velaw.com

Jeffrey Crough (admitted *pro hac vice*)
Jared D. Wilkinson (admitted *pro hac vice*)
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
Email: jcrough@velaw.com
Email: jwilkinson@velaw.com

*Attorneys for Stronghold Digital Mining, Inc., Gregory A. Beard, and William B. Spence.*

16

WILLKIE FARR & GALLAGHER, LLP

/s/ Jeffrey B. Korn

Jeffrey B. Korn
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Email: jkorn@willkie.com

*Attorneys for B. Riley Securities, Inc.,
Cowen and Company, LLC, Tudor,
Pickering, Holt & Co. Securities, LLC,
D.A. Davidson & Co., Compass Point
Research & Trading, LLC, and Northland
Securities, Inc.*

FAEGRE DRINKER BIDDLE & REATH LLP

/s/ Sandra D. Grannum

Sandra D. Grannum
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: Sandra.grannum@faegredrinker.com

*Attorneys for Defendant Ricardo R. A. Larroude*

SO ORDERED.

Dated: October 10, 2023
       New York, New York

Hon. Ronnie Abrams
United States District Judge

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARK WINTER, *Individually and on Behalf of All Others Similarly Situated*,

Plaintiff,

v.

STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,

Defendants.

Case No. 1:22-cv-03088-RA

## THE AGREEMENT TO BE BOUND BY STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

I hereby certify that I have read the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") in the above-captioned action. I understand its terms and agree to be fully bound by them.

I agree not to disclose or use any Confidential Discovery Material (as defined in the Stipulation and Order) for purposes other than those permitted under the Stipulation and Order. I agree that, at the conclusion of this litigation, I will return all Confidential Discovery Material to the party or attorney from whom I received it, per the terms of the Stipulation and Order.

For purposes of enforcing the Stipulation and Order, I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York. I acknowledge that my

1

willful violation of any term of the Stipulation and Order could subject me to liability, including to punishment for contempt of Court.

 

                  _____
                  Signature

                  _____
                  Name

                  _____
                  Affiliation

_____     _____

 Date                                      Title

2