# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>                     Defendants. | Case No. 1:22-cv-03088-RA<br><br>**DECLARATION OF THE ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION** |

I, Walter Szymanski, declare the following pursuant to 28 U.S.C. §1746:

1.       I am the Manager of the Retirement Office of the Allegheny County Employees' Retirement System ("ACERS"). I submit this declaration in support of ACERS' Motion for Class Certification. ACERS is a public pension fund that provides retirement benefits to more than 12,000 members in the state of Pennsylvania. ACERS has approximately $923 million under management. ACERS has resolved to seek appointment as class representative in this action and I am duly authorized, on behalf of ACERS, to take all necessary steps to seek this appointment.

2.       ACERS has retained The Rosen Law Firm, P.A. ("Rosen") as counsel in this case.

3.       ACERS understands that by the instant Motion to Certify the Class in this case, ACERS is requesting that the Court certify this case as a class action and approve it as a class representative in this action.

1

4. ACERS understands that it will represent the Class to the best of its abilities, seeking with counsel to maximize the recovery on behalf of the Class.

5. On behalf of ACERS, my colleagues and I reviewed the initial complaint in this action prior to its filing.

6. ACERS understands that the Amended Complaint (Dkt. No. 51) alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 as a result of materially false and misleading information contained in the registration statement and prospectus filed in connection with Stronghold's IPO.

7. ACERS did not purchase any Stronghold securities at the direction of counsel, or in order to participate in any private action under the federal securities laws.

8. ACERS purchased Stronghold common stock, as referenced in its certification, (Dkt. No. 30) pursuant and or traceable to Stronghold's Offering Materials (as that term is defined in the Amended Complaint) for the Company's Initial Public Offering Documents.

9. ACERS understands that the Private Securities Litigation Reform Act of 1995 ("PSLRA") was intended to encourage institutional investors and others with meaningful losses to direct securities class actions. Should it be appointed as a class representative, ACERS, an institutional investor, is committed to prosecuting this litigation rigorously. ACERS intends to obtain the largest possible recovery for the proposed class consistent with good faith and sound judgment.

10. ACERS is willing and has agreed to serve as a representative of the Class. In accepting this role, ACERS understands that it has a responsibility to the absent Class members to oversee the litigation to ensure that the Rosen Law Firm prosecute the action vigorously and in the interest of all Class members equally and that Counsel maximizes recovery for the Class.

11.     ACERS is also aware of and accepts that as a class representative its duties include consulting with Counsel regarding proposed strategies and tactics during the course of the litigation, participating in and overseeing settlement negotiations, if any, and testifying at deposition and trial.

12.     ACERS is aware that the parties are currently conducting discovery in this action, seeking and receiving information from each other about the Amended Complaint's allegations.

13.     ACERS will continue to monitor the litigation and to communicate with Counsel about the status of the litigation, case strategies, settlement negotiations, and other matters pertinent to overseeing the litigation.

14.     ACERS seeks appointment of the Rosen Law Firm as class counsel based on its substantial experience and expertise in prosecuting securities class actions. ACERS believes that the Rosen Law Firm possesses the necessary skills and ability to prosecute this case vigorously and effectively on behalf of the proposed class.

15.     ACERS has not and will not accept any payment for serving as a class representative beyond its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages, if any) directly related to the representation of the class as ordered or approved by the Court consistent with the terms of the PSLRA.


I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this __29__ day of _January , 2024.

Walter Szymanski
ACERS, Manager

3