**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A. LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>                  Defendants. | Case No. 1:22-cv-03088-RA |

**[PROPOSED REVISED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF <u>SETTLEMENT</u>**

**WHEREAS:**

A.    On November 6, 2024 Class Representative Allegheny County Employees Retirement System ("Plaintiff"), on behalf of itself and all other members of the Settlement Class (defined below), on the one hand, and Stronghold Digital Mining, Inc. ("Stronghold"), Gregory A. Beard, William B. Spence (together with Stronghold, the "Stronghold Defendants"), B. Riley Securities, Inc., Cowen and Company, LLC, Tudor, Pickering, Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, and Northland Securities, Inc. (collectively, the "Underwriter Defendants"), and Ricardo R. A. Larroudé, (together with the

Underwriter and Stronghold Defendants,  the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement, dated November 6, 2024 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Class Action Complaint for Violation of the Securities Act of 1933, filed on October 18, 2022, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2024, that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired Stronghold Class A common stock on or before December 20, 2021, pursuant and/or traceable to the Offering Documents issued in connection with the Class A common stock initial public offering in October 2021, and

2

were damaged thereby.  Excluded from the Settlement Class are: (i)  Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any person who was an officer, director, or control person of Stronghold, and the Underwriter Defendants, (at all relevant times, and members of their Immediate Families); (iv) Stronghold's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Stronghold Class A common stock through any such plan(s); (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are those members of the Settlement Class who or which exclude themselves from the Settlement Class in accordance with the requirements set forth below and in the Notice.  However, any Investment Vehicle (as defined in the Stipulation) will not be excluded from the Settlement Class.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Plaintiff are typical of the Settlement Class's claims;

(d)      Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiff is preliminarily certified as Class Representative for the Settlement Class.  The Rosen Law Firm, P.A. ("Rosen Law") is preliminarily appointed Class Counsel for the Settlement Class.

5.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2025 at __:___ _.m. for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

4

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether Rosen Law should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website for the Settlement.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, and 4, respectively, and finds they: (a)

5

constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), and the Rules of this Court.

8.    The Court approves the retention of Strategic Claims Services ("Claims Administrator") as the Claims Administrator.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed, by first-class mail, postage prepaid, on or before five (5) business days after the first day of the month after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Stronghold, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, as soon as practicable after entry of this Preliminary Approval Order, records from Stronghold's transfer agent in electronic searchable form, to the extent readily available, containing the names, addresses, and emails (to the extent available) of Persons who purchased or otherwise acquired publicly traded Stronghold Class A common stock on or before December 20, 2021, pursuant and/or traceable to the Offering Documents.  The Claims Administrator may, alternatively, email the Postcard Notice or a link to the Postcard Notice to Settlement Class Members, to the extent it is provided with email addresses.

6

9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired publicly traded Stronghold Class A common stock on or before December 20, 2021, pursuant and/or traceable to the Offering Documents as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners.   Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice or link to the Postcard Notice emailed by nominees; or $0.03 per mailing record (consisting of name, address, and email address) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in

compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10.     Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be posted on a webpage to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded.  The Claims Administrator shall also mail copies of the Notice and Claim Form upon request.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

11.     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the

8

Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator: (a) at the address indicated in the Claim Form, postmarked no later than five (5) business days before the Settlement Hearing; or (b) submitted electronically through the website for the Settlement no later than 11:59 p.m. ET five (5) business days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)     The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed (including name, address, phone number and email address (if any)), signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims

Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Winter v. Stronghold Digital Mining Inc. et al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Stronghold Class A common stock on or before December 20, 2021,

pursuant and/or traceable to the Offering Documents issued in connection with the Class A common stock's initial public offering in October 2021.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. In any event, upon receiving any request for exclusion or a written retraction of such a request, Lead Counsel shall promptly, and in no event no later than three (3) calendar days after receiving a request for exclusion or a written retraction of such a request, or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Settling Defendants' Counsel of such request for exclusion, or written retraction of a request for exclusion, and provide copies of such request for exclusion or retraction and any documentation accompanying them by email.

16.    Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must: (a) state the name, address, telephone number, and e-mail address (if any) of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in *Winter v. Stronghold Digital Mining Inc. et al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y.);" (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d)

11

include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of Stronghold Class A common stock purchased or acquired on or before December 20, 2021, pursuant and/or traceable to the Offering Documents, as well as the dates and prices of each such purchase, acquisition, and sale.   The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Jonathan Stern, The Rosen Law Firm, P.A., 275 Madison Ave., 40th Floor, New York, New York 10016; and Settling Defendants' Counsel: Clifford Thau, Tannenbaum Helpern Syracuse & Hirschtritt LLP, 900 Third Avenue,  New York, New York 10022; Jeffrey B. Korn, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019; and Sandra D. Grannum , Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York, 10036; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.   Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.   Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of

attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiff's Claims against the Released Defendant Parties.

20.    As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $300,000 without further approval from Settling Defendants and without further order of the Court. Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties or order of the Court.

21.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If

reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.    No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.    Neither Settling Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Plaintiff and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of July 18, 2024.

26.    Neither this Order, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant

Parties with respect to the truth of any fact alleged by Plaintiff, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

27.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of  _____, 2024

BY THE COURT:

_____

Honorable Ronnie Abrams
UNITED STATES DISTRICT JUDGE