# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A. LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>Defendants. | Case No. 1:22-cv-03088-RA<br><br>CLASS ACTION |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired Stronghold Digital Mining, Inc. ("Stronghold" or the "Company") Class A common stock on or before December 20, 2021, pursuant and/or traceable to the Offering Documents issued in connection with the initial public offering in October 2021 ("IPO") and were damaged thereby, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

1

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a fund of $4,750,000 in cash and 25 Bitcoins[2], plus earned interest, for the benefit of eligible Settlement Class Members before the deduction of Court-approved fees, expenses, and Taxes.   This Settlement represents an average recovery of approximately $.85[3] per allegedly damaged share before deductions of attorneys' fees, Litigation Expenses, and award to Lead Plaintiff approved by the Court, for the approximately 7,690,400 damaged IPO Shares.  These damaged shares may have traded more than once through December 20, 2021.

- Lead Counsel intend to ask the Court to award them fees of up to one-third of the cash portion of the Settlement Amount or one million five hundred eighty three thousand three hundred thirty three ($1,583,333) and up to one-third the value of the 25 Bitcoins, plus interest; reimbursement of Litigation Expenses of no more than $250,000, plus interest, and; an award to Lead Plaintiff not to exceed $10,000 in total. Collectively, the attorneys' fees, Litigations Expenses, and award to Lead Plaintiff are estimated to average $.32 per damaged share. If approved by the Court, these amounts will be paid from the Gross Settlement Fund

- The Settlement represents an estimated average recovery of $.53 per allegedly damaged share for the approximately 7,690,400 damaged IPO Shares after deductions for awarded attorneys' fees, Litigation Expenses, and award to Lead Plaintiff.  This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Stronghold Class A common stock, and the number of claims filed.

- The Settlement resolves claims by Lead Plaintiff, Allegheny County Employees Retirement System ("Plaintiff"), on behalf of itself and all other members of the Settlement Class (defined below), on the one hand, and Stronghold, Gregory A. Beard, William B. Spence (together with Stronghold the "Stronghold Defendants"), B. Riley Securities, Inc., Cowen and Company, LLC, Tudor, Pickering, Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, and Northland Securities, Inc. (collectively, the "Underwriter Defendants"), and Ricardo R. A. Larroudé, (together with the Underwriter and Stronghold Defendants, the "Settling Defendants"). It avoids the costs

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated _____, 2024 (the "Stipulation"), which can be viewed at www.strategicclaims.net/Stronghold. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

[2] The Bitcoin portion of the settlement will be satisfied by the payment of the US dollar value of 1 Bitcoin per month paid on the third business day of each month for 23 months, followed by a payment of the cash value of 2 Bitcoin on the 24th month. The approximate cash value of 1 Bitcoin at 10:00 a.m. on October 31, 2024 is $71,372 and the total cash value of 25 Bitcoins at 10:00 a.m. on October 31, 2024 is approximately $1,784.300 (25 times $71,372).

[3] This represents the cash portion ($4,750,000) of the Settlement plus the approximate current value of 25 Bitcoins ($1,784,300) divided by the approximately 7,690,400 damaged IPO Shares.

and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2024** | The only way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2024** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
| **OBJECT BY _____, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application.  If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2024** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them—**are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

What Is this Notice About?                                                              Page__
How do I know if I am part of the Settlement Class?                                     Page__
Are there exceptions to being included?                                                 Page__
Why is this a class action?                                                             Page__
What is this case about and what has happened so far?                                   Page__
What are the reasons for the Settlement?                                                Page __
What does the Settlement provide?                                                       Page __
How can I receive a payment?                                                            Page __
What am I giving up to receive a payment and by staying in the
  Settlement Class?                                                                     Page__
How do I exclude myself from the Settlement Class?                                      Page __

3

If I do not exclude myself, can I sue Defendants and the other
  Released Defendant Parties for the same reasons later?                Page __
Do I have a lawyer in this case?                                        Page __
How will the lawyers be paid?                                          Page __
How do I tell the Court that I do not like something about the
  proposed Settlement?                                                 Page __
What is the difference between objecting and seeking exclusion?        Page __
When and where will the Court decide whether to approve the
  Settlement?                                                          Page __
Do I have to come to the Settlement Hearing?                          Page __
May I speak at the Settlement Hearing?                                Page __
What happens if I do nothing at all?                                  Page __
Are there more details about the Settlement?                          Page __
How will my claim be calculated?                                      Page __
Special notice to securities brokers and nominees.                    Page __

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.  Plaintiff has entered into the proposed Settlement with the Settling Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $4,750,000 in cash and 25 Bitcoins (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Plaintiff's consulting damages expert's estimate of the number of shares of Stronghold Class A common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $.85 per allegedly damaged share.  If the Court approves Lead Counsel's Fee and Expense Application, and award to Lead Plaintiff (discussed below), the average recovery would be approximately $.53 per allegedly damaged share.  **These average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend

4

on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Stronghold Class A common stock the Settlement Class Member purchased or acquired on or before December 20, 2021, pursuant and/or traceable to the Offering Documents; and (iv) whether and when the Settlement Class Member sold Stronghold Class A common stock. *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Loss.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Settling Defendants and Plaintiff disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiff were to prevail on each claim.  The issues that the Settling Defendants and Plaintiff disagree about include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts necessary to make the statements in the documents not misleading; (ii) the extent to which external factors, such as general market, economic, and industry conditions, influenced the trading prices of Stronghold Class A common stock at various times; (iii) the appropriate economic models for measuring damages; and (iv) whether class members suffered any damages.

3.      Settling Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiff and the Settlement Class have suffered any loss attributable to defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed one-third of the cash portion of the Settlement Fund or approximately $1,583,333 and one-third of the value of the 25 Bitcoins, plus accrued interest.  Lead Counsel

will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $250,000, plus accrued interest; and an award to Lead Plaintiff not to exceed $10,000 pursuant to the PSLRA for the reasonable costs and expenses (including lost wages) of Plaintiff directly related to representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application, and award to Lead Plaintiff, in full, the average amount of fees and expenses is estimated to be approximately $.32 per allegedly damaged share of Stronghold Class A common stock. A copy of the Fee and Expense Application, and award to Lead Plaintiff, will be posted on www.strategicclaims.net/Stronghold after it has been filed with the Court.

**Reasons for the Settlement**

5.    For Plaintiff, the principal reason for the Settlement is the guaranteed monetary benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Settling Defendants; the uncertainty of having a class certified; the uncertainty inherent in the parties' various and competing theories of liability, causation and damages; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in complex class action litigation.

6.    For the Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.    Plaintiff and the Settlement Class are represented by Lead Counsel: The Rosen Law Firm, P.A., 275 Madison Ave., 40th Floor, New York, NY 10016, www.rosenlegal.com.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Stronghold Securities Settlement c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 1-866-274-4004, info@strategicclaims.net.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1.  What Is this Notice About?** |
| --- |

9.      The Court authorized that this Notice be provided to you because you or someone in your family may have purchased or otherwise acquired Stronghold Class A common stock on or before December 20, 2021, pursuant and/or traceable to the Offering Documents issued in connection with the Class A common stock's initial public offering in October 2021, and been damaged thereby.  **Receipt of this Notice or the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit a Claim Form.**  *See* **Question 8 below.**

10.      The Court authorized that this Notice be provided to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.      The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *Winter v. Stronghold Digital Mining Inc. et al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y.).  The Action is assigned to the Honorable Ronie Abrams United States District Judge.

| **2.  How do I know if I am part of the Settlement Class?** |
| --- |

12.    The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

**All persons and entities who or which purchased or otherwise acquired Stronghold Class A common stock on or before December 20, 2021, pursuant and/or traceable to the Offering Documents issued in connection with the Class A common stock's initial public offering in October 2021, and were damaged thereby.**

13.    If one of your mutual funds purchased or otherwise acquired Stronghold Class A common stock pursuant and/or traceable to the Offering Documents, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or otherwise acquired Stronghold Class A common stock in the IPO.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.  The parties do not independently have access to your trading information.

---

**3.  Are there exceptions to being included?**

---

14.    Yes.    There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i)  Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any person who was an officer, director, or control person of Stronghold or the Underwriter Defendants(at all relevant times, and members of their Immediate Families); (iv) Stronghold's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Stronghold Class A common stock through any such plan(s); (v) any entity in which any Defendant has or had a

8

controlling interest; and (vi) the legal representatives, heirs, successors, or assigns of any such

excluded person or entity. However, "Investment Vehicles" will not be excluded from the

Settlement Class.[4]

15.    Also excluded from the Settlement Class will be any person or entity who or which

excludes themselves from the Settlement Class by submitting a timely and valid request for

exclusion in accordance with the procedures described in Question 10 below.

**4.  Why is this a class action?**

16.    In a class action, one or more persons or entities (in this case, Plaintiff) sue on

behalf of people and entities who have similar claims. Together, these people and entities are a

"class," and each is a "class member." A class action allows one court to resolve, in a single case,

many similar claims that, if brought separately by individual people, might be too small

economically to litigate. One court resolves the issues for all class members at the same time,

except for those who exclude themselves, or "opt-out," from the class. In this Action, the Court

has appointed Allegheny County Employees Retirement System to serve as Lead Plaintiff and

has appointed The Rosen Law, P.A. Firm to serve as Lead Counsel.

**5.  What is this case about and what has happened so far?**

17.    The operative complaint in the Action is the Amended Class Action Complaint for

Violation of the Securities Act of 1933, filed on October 18, 2022 (the "Amended Complaint")

and alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the

---

[4] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

"Securities Act") relating to Stronghold's initial public offering of 7,690,400 Class A common stock. On October 21, 2021, Stronghold filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In the Initial Public Offering ("IPO"), the Company sold 7,690,400 shares of Class A common stock at a price of $19.00 per share. The Company received net proceeds of approximately $132.5 million from the IPO. The proceeds from the IPO were purportedly to be contributed to Stronghold LLC in exchange for Stronghold LLC Units, and Stronghold LLC would purportedly use the net proceeds for general corporate purposes, including for acquisitions of miners and power generating assets.

18.    On April 14, 2022, Mark Winter filed a shareholder action against Defendants, alleging violations of Section 11 and 15 of the Securities Act of 1933 ("Securities Act") relating to Stronghold's October 21, 2021 IPO. Dkt. No. 1. By Order dated August 4, 2022, the Court appointed Plaintiff and Gulzar Ahmed as Co-Lead Plaintiffs, ("Co-Lead Plaintiffs") and accordingly, appointed The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP as Co-Lead Counsel. Dkt. No. 41.

19.    On October 18, 2022, Co-Lead Plaintiffs filed their Amended Complaint. Dkt. No. 51.

20.    On December 19, 2022 the Stronghold Defendants filed a Motion to Dismiss Co-Lead Plaintiffs' Amended Complaint. Dkt. No. 54. ("Stronghold MTD") This motion was joined by Defendant Ricardo R. A. Larroudé, on December 19, 2022, Dkt. No. 57, and was fully briefed by March 20, 2023. Dkt. Nos. 65 (Co-Lead Plaintiffs' opposition), and 70 (Stronghold Defendants' Reply)[5].

---

[5] On March 20, 2023 Defendant Ricardo R. A. Larroudé joined the Stronghold MTD Reply. Dkt. No. 72.

21.     Parallel to this, on December 19, 2022 the Underwriter Defendants filed a separate Motion to Dismiss Co-Lead Plaintiffs' Amended Complaint ("Underwriter MTD"), which was fully briefed on  March 20, 2023. Dkt. Nos. 58 (Underwriter MTD), 67 (Co-Lead Plaintiffs' opposition), and 71 (Underwriter Defendants' Reply).

22.     On August 10, 2023, the Court ruled on both the Underwriter MTD and Stronghold MTD denying both Motions to Dismiss, except as to Plaintiff Gulzar Ahmed's Section 12(a)(2) claims. Dkt. No. 77.

23.     On September 8, 2023 the Court issued a Case Management Plan and Scheduling Order saying that Co-Lead Plaintiffs' motion for class certification was to be filed no later than February 19, 2024, that Defendants' opposition to certification was due no later than June 10, 2024, and Co-Lead Plaintiffs' reply was due no later than August 19, 2024. Dkt. No. 87.

24.     Settling Defendants joined this case by filing their answers on October 9, 2023. Dkt. Nos. 89 (Answer of Stronghold Defendants), 90 (Answer of Ricardo Larroudé), and 91 (Answer of Underwriting Defendants.).

25.     On January 16, 2024, Gulzar Ahmed filed a motion to withdraw as co-lead plaintiff. Dkt. No. 98. The Court granted the motion to withdraw on January 19, 2024, leaving Plaintiff as the sole Lead Plaintiff in the action. Dkt. No. 99.

26.     On February 19, 2024, Lead Plaintiff moved for class certification and Appointment of Class Representatives and Class Counsel. Dkt. No. 100. The class certification motion was assigned to Magistrate Judge Gary Stein for a report and recommendation Dkt. No. 103.

27.     Plaintiff, the Stronghold Defendants, the Underwriter Defendants, and Defendant Ricardo R. A. Larroudé engaged Greg Danilow of Phillips ADR, a well-respected and

experienced mediator, to assist them in exploring a potential negotiated resolution of the claims against Defendants. On March 26, 2024, counsel for Plaintiff, Stronghold Defendants, the Underwriter Defendants, and Defendant Ricardo R. A. Larroudé met with Mediator Danilow in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements and materials. While these discussions narrowed the differences between the parties, they did not result in a resolution of the Action.

28.   Between March 26, 2024 and July 18, 2024, Plaintiff and Settling Defendants continued to negotiate at arm's-length, with the assistance of the Mediator, a resolution of the Action, followed by a second in-person mediation on July 18, 2024.

29.   Before agreeing to a settlement, Plaintiff, through Lead Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) regulatory filings made by Stronghold with the U.S. Securities and Exchange Commission ("SEC"), (ii) public reports and news articles; (iii) research reports by securities and financial analysts; (iv) press releases, transcripts of earnings calls, and other public statements issued by and disseminated by the Company; (v) other publicly available material and data; (vi) consultation with relevant consulting experts; and (vii) the applicable law governing the claims and potential defenses.

### 6.  What are the reasons for the Settlement?

30.   The Court did not finally decide in favor of Plaintiff or the Settling Defendants. Instead, both sides agreed to a settlement.  Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual

and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiff and the class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

31. Settling Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. All of Settling Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the Securities Act or otherwise. Specifically, Settling Defendants expressly have denied and continue to deny, among other things, each and all of the claims alleged in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Settling Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiff or the Settlement Class have suffered any damages or that Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Settling Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

32. In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties (*see* Question 9 below), the Stronghold Defendants have

13

agreed to cause a four million seven hundred fifty thousand ($4,750,000) cash payment to be made and a fund of 25 Bitcoins, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| 8. How can I receive a payment? |
| --- |

33.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  You may obtain one from the website dedicated to the Settlement: www.strategicclaims.net/Stronghold, or from Lead Counsel's website: www.rosenlegal.com, or submit a claim online at www.strategicclaims.net/Stronghold.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-866-274-4004.

34.    Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it online to the Claims Administrator so that it is **postmarked or received no later than _____, 2024.**

| 9. What am I giving up to receive a payment and by staying in the Settlement Class? |
| --- |

35.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiff's Claims"** mean any and all claims, including both known claims or Unknown claims (as defined below), demands, rights, actions, causes of action,

14

liabilities, damages, obligations, judgments, duties, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been or could have been, or in the future can or might be, asserted in any court, tribunal or proceeding, by or on behalf of Plaintiff or any putative member of the Class, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity against the Settling Defendants, and any and all of the Settling Defendants' parent entities, subsidiaries, officers, directors, stockholders, principals, agents, affiliates, employees, fiduciaries, attorneys, heirs, executors, trusts, trustees, general or limited partners or partnerships, limited liability companies, members, managers, joint ventures, estates, administrators, beneficiaries, predecessors, successors and assignees, which have arisen, could have arisen, or hereinafter may arise, that relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, representations, or omissions or any other matters that were alleged or could have been alleged in the Action, or relate, directly or indirectly, to the Action.  For the avoidance of doubt, Released Plaintiff's Claims do not include claims relating to the enforcement of the Settlement or any derivative plaintiff in the lawsuit captioned *In re Stronghold Digital Mining, Inc. Stockholder Derivative Litigation, Lead* Case No. 1 :23-cv-07840-RA (S.D.N.Y).

(b)    **"Released Defendant Parties"** mean Settling Defendants and each and all of their Related Parties and Settling Defendants' Counsel.

(c)    **"Related Parties"** mean each of a Settling Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors,

15

consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in- interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Settling Defendant has or had a Controlling Interest, any Immediate Family Member of an Individual Defendant, any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Settling Defendants.

(d)    "**Unknown Claims**" mean (i) any and all Released Plaintiff's Claims against Released Defendant Parties which Plaintiff or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or might have affected such party's decision not to object to this Settlement and (ii) any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Plaintiff and Settling Defendants shall have

16

expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiff, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Plaintiff and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiff and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

17

36.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

37.    Upon the "Effective Date," Settling Defendants will also provide a release of any claims against Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

38.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Settling Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
| --- |

39.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Winter v. Stronghold Digital Mining Inc. et al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the person or entity requesting exclusion; (ii) state the number of shares of Stronghold Class A common stock the person or entity purchased or acquired on or before December 20, 2021, pursuant and/or traceable to the IPO, as well as the dates and prices of each purchase, acquisition, and sale of such shares; and (iii) be signed by the person or

entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than _____, 2024**, by the Claims Administrator at the following address:

*Stronghold Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**You cannot exclude yourself by telephone or email.**

40.    This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

41.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

---

**11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

---

42.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2024.

19

**THE LAWYERS REPRESENTING YOU**

| 12.  Do I have a lawyer in this case? |
| --- |

43.    The Rosen Law Firm, P.A. is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13.  How will the lawyers be paid? |
| --- |

44.    Plaintiff's Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of their work.  Lead Counsel will seek, on behalf of Plaintiff's Counsel, an attorneys' fee award of no more than one-third of the cash Settlement Fund, or approximately $1,583,333, and one-third of the value of 25 Bitcoins, plus accrued interest.  Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $250,000, plus accrued interest, and an award to Lead Plaintiff not to exceed $10,000. Any attorneys' fees and expenses, and award to Lead Plaintiff, approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| 14.  How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

45.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider

your views, you must file a proper objection within the deadline, and according to the following procedures.

46.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Winter v. Stronghold Digital Mining Inc. et al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y.)." The objection must also state: (i) the name, address, telephone number, and e-mail address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Stronghold Class A common stock acquired on or before December 20, 2021, pursuant and/or traceable to the IPO, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than _____, 2024 and** be mailed or delivered to the following counsel so that it is **received no later than _____, 2024:**

| **Court** | **Lead Counsel** | **Settling Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court** | **The Rosen Law Firm, P.A.** | **Tannenbaum Helpern Syracuse & Hirschtritt LLP** |
| United States District Court Southern District of New York Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Jonathan Stern, Esq. 275 Madison Avenue, 40th Floor New York, NY 10016 | Clifford Thau 900 Third Avenue New York, New York 10022 |
| | | **Willkie Farr & Gallagher LLP** Jeffrey B. Korn 787 Seventh Avenue New York, New York 10019 |
| | | **Faegre Drinker Biddle & Reath LLP** Sandra D. Grannum 1177 Avenue of the Americas, 41st Floor New York, New York, 10036 |

47.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

### 15.  What is the difference between objecting and seeking exclusion?

48.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**16.  When and where will the Court decide whether to approve the Settlement?**

49.    The Court will hold the Settlement Hearing on **_____, 2024 at ____ p.m.** in Courtroom 1506 at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. At this hearing, the Honorable Ronnie Abrams will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

50.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without an individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.strategicclaims.net/Stronghold to see if the Settlement Hearing stays as scheduled or is changed.

**17.  Do I have to come to the Settlement Hearing?**

51.    No Lead Counsel will answer any questions the Court may have.  But you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or

she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2024**.

| **18. May I speak at the Settlement Hearing?** |
| --- |

52. You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than _____, 2024,** submit a statement that you, or your attorney, intend to appear in "*Winter v. Stronghold Digital Mining Inc. et al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

| **19. What happens if I do nothing at all?** |
| --- |

53. If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

20. **Are there more details about the Settlement?**

54.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation and other documents filed in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, *Winter v. Stronghold Digital Mining Inc. et al.,* Case No. 1:22-cv-03088-RA (S.D.N.Y.).  (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

55.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.strategicclaims.net/Stronghold, or the website of Lead Counsel, www.rosenlegal.com.  You may also call the Claims Administrator toll free at 1-866-274-4004 or write to the Claims Administrator at *Stronghold Securities Settlement,* c/o Strategic Claims Services P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  **Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

21. **How will my claim be calculated?**

56.     The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further

25

notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net.

57.    The $4,750,000 and 25 Bitcoins Settlement Amount and the interest it earns is the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a Recognized Loss according to the Plan of Allocation approved by the Court ("Authorized Claimants").  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

58.    To design this Plan of Allocation, Lead Counsel conferred with Plaintiff's consulting damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Plaintiff and Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased or acquired Stronghold Class A common stock; and (iii) whether and when the Claimant sold his, her, or its shares of Stronghold Class A common stock.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

26

59.    Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Recognized Losses  in this Plan of Allocation.  Section 11 of the Securities Act provides a statutory formula for the calculation of damages under that provision. The formulas stated below, which were developed by Plaintiff's consulting damages expert, generally track the statutory formula.

60.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

61.    If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have

Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to Howard University School of Law Investor Justice Clinic, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

62.    For purposes of determining whether a Claimant has a "Recognized Loss," if a Settlement Class Member has more than one purchase/acquisition or sale of Stronghold Class A common stock during the period from October 21, 2021, the date of Stronghold's IPO, through December 20, 2021 (the "Relevant Period"), purchases, acquisitions, and sales of Stronghold Class A common stock pursuant and/or traceable IPO will first be matched on a First In/First Out ("FIFO") basis.  Relevant Period sales will be matched against purchases/acquisitions in

chronological order, beginning with the earliest purchase/acquisition made during the Relevant Period.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  Recognized Losses will be calculated as follows:

For Stronghold Class A common stock purchased or otherwise acquired on or before December 20, 2021[6], **pursuant or traceable to the IPO on or about October 20, 2021**, the Recognized Loss shall be calculated as follows:

   A. For shares sold between October 20, 2021 and December 20 2021 inclusive, the Recognized Loss per share shall be the *lesser* of: (1) the inflation per share (as set forth in Inflation Table A below) upon purchase[7] less the inflation upon sale (as set forth in Inflation Table A below); or (2) purchase price per share (not to exceed the $19 per share IPO price) less the sale price per share.

   B. For shares sold between December 21, 2021 and March 29, 2022. inclusive, the Recognized Loss per share shall be the *lesser* of: (1) the inflation per share (as set forth in Inflation Table A below) upon purchase (as set forth in Inflation Table A below) less $3.79 per share[8]; or (2) purchase price per share (not to exceed the $19 per share IPO price) less the sale price per share.

   C. For shares sold on March 30, 2022, the Recognized Loss per share shall be the *lesser* of: (1) the inflation per share (as set forth in Inflation Table A below) upon purchase (as set forth in Inflation Table A below) less $.83 per share[9]; or (2) purchase price per share (not to exceed the $19 per share IPO price) less the sale price per share.

   D. For shares held as of the close of trading on March 30, the Recognized Loss shall be the *lesser* of: (1) the inflation per share (as set forth in Inflation Table A below) upon purchase; or (2) purchase price per share (not to exceed the $19 per share IPO price) less $4.84 per share[10].

Shares purchased after December 20, 2021 have no Recognized Loss.

---

[6] Stronghold Class A common shares were traceable through December 20, 2021, and no longer traceable after December 20, 2021.

[7] Only shares purchased on or before December 20, 2021 are eligible shares.

[8] This represents the estimated inflation between December 21, 2021 and March 29, 2022, inclusive.

[9] This represents the estimated inflation on March 30, 2022.

[10] This represents the value of the Class A common stock on the date of suit.

| INFLATION TABLE A | |
|---|---|
| **Period** | **Inflation** |
| October 20, 2021 to November 3, 2021, inclusive | $11.33 per share |
| November 4, 2021 to November 7, 2021, inclusive | $6.26 per share |
| November 8, 2021 to December 20, 2021, inclusive | $3.79 per share |

**ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION**

63.     Purchases, acquisitions, and sales of Stronghold Class A common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement," "payment," or "sale" date.

64.     On the Proof of Claim and Release form enclosed with this Notice, you must provide all of your purchases and acquisitions of Stronghold Class A common stock during the time period between October 20, 2021 and March 30, 2022, inclusive.

65.     The receipt or grant by gift, inheritance or operation of law of Stronghold Class A common stock during the Relevant Period shall not be deemed a purchase, acquisition, or sale of shares of Stronghold Class A common stock for the calculation of a Claimant's Recognized Loss, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Stronghold Class A common stock, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Relevant Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Stronghold; and (iii) it is specifically so provided in the instrument of gift or assignment.

66.     The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant newly establishes a short position during the Relevant Period, the earliest subsequent Relevant

30

Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

67.    Stronghold Class A common stocks are the only security eligible for a recovery under this Plan of Allocation.  With respect to Stronghold Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of such Stronghold Class A common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

68.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Final Judgment of the Court dismissing this Action, unless they have timely and validly sought exclusion.

69.    Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement

31

Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

70.    If you purchased or acquired Stronghold Class A common stock on or before December 20, 2021, pursuant and/or traceable to the Offering Documents issued in connection with Stronghold's October 2021 IPO for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE OF THE SETTLEMENT**, **YOU MUST EITHER**: (a) **WITHIN TEN (10) CALENDAR DAYS**, provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send a Postcard Notice promptly to such identified beneficial owners; or (b) **WITHIN TEN (10) CALENDAR DAYS** of receipt of notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator, mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners.  Nominees who elect to send the Postcard Notice to their beneficial owners **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record (consisting of name, address, and email address) provided to the Claims Administrator, by providing the Claims Administrator with proper

documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

71.     All communications concerning the foregoing should be addressed to the Claims Administrator:

*Stronghold Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230,
600 N. Jackson Street, Suite 205
Media, PA 19063

Dated: _____, 2024                    BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK