# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>                Defendants. | Case No. 1:22-cv-03088-RA |

**DECLARATION OF GREG A. DANILOW**

I, Greg A. Danilow, hereby declare as follows:

1. I submit this declaration in my capacity as the mediator of the proposed settlement of the above-captioned action ("Action"). I make this declaration based on personal knowledge and am competent to so testify.

2. I have been asked to provide this declaration to give my views on the mediation process that culminated in the proposed settlement that will be presented to the Court for final approval. All of the parties, entities, and individuals who were represented at the mediation session executed a confidentiality agreement stating that the mediation was considered settlement negotiations for the purpose of all rules protecting mediation disclosures from later discovery

and/or use in evidence. The parties further agreed that the confidentiality agreement extends to all present and future civil, judicial, quasi-judicial, arbitral, administrative, or other proceedings. Nothing in my declaration divulges any mediation privileged information, and the filing of this declaration does not constitute a waiver of any such confidentiality surrounding the mediation process.

3.     I currently serve as a mediator, arbitrator and independent panelist for Phillips ADR Enterprises ("Phillips ADR"), a leading alternative dispute resolution firm founded by former federal judge Layn R. Phillips that specializes in the mediation of large class action, derivative and other complex commercial cases.  I joined Phillips ADR in 2019, after a 40-year career as a litigator at Kramer Levin and Weil Gotshal & Manges, where I specialized in litigating high-stakes securities class actions, fiduciary duty cases and commercial disputes in federal, state and bankruptcy courts.

4.     3. I received my J.D. from Fordham University School of Law in 1974. After clerking for John Cannella in the Southern District of New York, I joined Kramer Levin. At Kramer Levin, I litigated numerous hostile takeover battles in the 1970s and 1980s and became a partner in 1981. In 1988, I moved to Weil Gotshal & Manges, where I continued to litigate M&A cases around the country, and also litigated and often settled through mediation numerous large securities class actions and client responses to SEC investigations on behalf of a wide range of corporate clients. I became the co-head of Weil's Securities Litigation Group in 1988. During my time at Weil, I also represented and counseled boards, audit committees, and special board committees at some of the country's largest corporations, including General Electric, General Motors, American Express, Qualcomm, JP Morgan, Sears, Massey Energy, and many others in addition to counseling and litigating on behalf of Weil's most significant corporate and private equity clients in connection with securities law and fiduciary duty issues.

5.     Since joining Phillips ADR I have mediated scores of civil cases, particularly in

complex shareholder and securities class actions pending in courts across the United States.

6.     I provide my professional background as context for the statements in my declaration and to establish that my perspective on the settlement of this action is grounded in my significant experience in resolving complex litigation.

7.     While the Court will make its own determination as to the proposed settlement's fairness under applicable legal standards, from my viewpoint as mediator, I endorse the proposed settlement as reasonably reflective of the risks and potential rewards of the claims being settled. As described below, the current matter presented complex and substantial legal, factual, and practical issues. The parties were represented during the mediation process by well-prepared and competent counsel, who negotiated zealously and at arm's length for their clients. Thus, I believe that the proposed settlement of this case represents a fair and pragmatic resolution of this action.

8.     The parties retained me to mediate this dispute and conducted an initial in person mediation on March 26, 2024.

9.     At the March 26, 2024 in-person mediation the Parties narrowed the differences between their positions but it did not result in a resolution of the Action.

10.     Between March 26, 2024 and July 18, 2024, Plaintiff and Settling Defendants continued to negotiate at arm's-length and agreed to a second in-person mediation on July 18, 2024.

11.     Pursuant to my custom and practice, and without waiving mediation confidentiality, the mediation was preceded by an exchange of detailed mediation statements between the parties (and which I reviewed and analyzed). These submissions contained extensive analyses of the factual and legal issues in the Action and other issues material to the settlement. These submissions helped me understand the relative merits of each party's position and identify the issues that would drive and present obstacles to reaching a resolution of the action. It was

clear that each side faced risks in proceeding with the case. While the contents of the mediation statements and arguments are confidential, they presented complex and novel legal arguments and were highly adversarial.

12.     At the second mediation session held in-person on July 18, 2024, I engaged in extensive discussions to establish common ground between the parties' respective positions. After considering the respective merits of the claims and defenses, the estimated damages, and the risk and costs of continued litigation, the parties agreed to settle the Action for four million seven hundred and fifty thousand ($4.75 million) in cash and the US dollar value of 25 Bitcoins

13.     In my presence, the parties carried out extensive, detailed, and hard-fought discussions regarding the strengths and weaknesses of the case. I can readily attest that the negotiations between counsel for the parties were conducted at arm's length and were not collusive. In addition, my review of the papers presented to me and discussions with counsel have led me to conclude that all sides litigated the action in a vigorous, professional, and thorough manner. It was also clear to me that both sides were well-prepared and fully capable of proceeding to a judicial resolution if a settlement could not be achieved.

14.     I believe that the settlement of the Action represents a fair, reasonable, and adequate resolution of highly uncertain litigation. Based on my experience as a mediator and an attorney, I therefore endorse the proposed settlement as reflective of the risks and potential rewards of the claims asserted. The settlement will confer a significant benefit on the settlement class. I believe that the settlement provides immediate, fair and adequate compensation to the settlement class as well as the benefits of avoiding the time, expense, and risk entailed in further litigation. I also believe the proposed settlement flows from the parties' assessment of the litigation risks.

15.     Lastly, I note that in my opinion the advocacy on all sides of the cases was excellent.

All counsel displayed the highest level of professionalism in organizing and presenting the legal and factual issues relevant to this complex matter, summarizing their positions on liability and damages, and zealously and capably representing their respective clients throughout while at the same time objectively and candidly assessing the other side's positions and the risks involved.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____3/7/2025_____, 2025 in _____.

**Signed by:**

/s/ _____

Greg Danilow   381D5C186C2549E...