# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>Defendants. | Case No. 1:22-cv-03088-RA<br><br>**DECLARATION OF WALTER SZYMANSKI ON BEHALF OF THE ALLEGHENY COUNTY EMPLOYEES RETIREMENT SYSTEM** |

I, Walter Szymanski, declare the following pursuant to 28 U.S.C. §1746:

1. I am the Manager of the Retirement Office of the Allegheny County Employees' Retirement System ("ACERS"). I respectfully submit this declaration in support of ACERS' motion for final approval of the settlement of this Action. I have personal knowledge of the matters set forth in this declaration.

2. ACERS is a public pension fund that provides retirement benefits to more than 12,000 members in the state of Pennsylvania. ACERS has approximately $923 million under management.

3. I am duly authorized to submit this declaration on behalf of ACERS and approve this settlement.

4. ACERS has been involved in the prosecution of this case since filing its motion for appointment as Lead Plaintiff on June 13, 2022 (Dkt. No. 17). Initially, the Court appointed

1

ACERS as Co-Lead Plaintiff on August 4, 2022 (Dkt. No. 41), however, following Co-Lead Plaintiff's withdrawal on January 19, 2024, ACERS is the sole Lead Plaintiff for this Action. (Dkt. No. 99).

5.        As Manager of the Retirement Office of ACERS, I worked with Lead Counsel, The Rosen Law Firm, P.A. ("Rosen Law"), to prosecute this Action. In particular, I: (a) communicated with Rosen Law regarding the case, as well as strategy; (b) learned about the role of the lead plaintiff by discussing it with attorneys at Rosen Law; (c) reviewed significant filings in the Action,; (d) reviewed information about the case and discussed the findings with Rosen Law; (e) produced information to Rosen Law as well as responded to interrogatories and document requests; (f) consulted with Rosen Law regarding the settlement negotiations; and (g) evaluated and approved the proposed Settlement.

6.        ACERS has evaluated the risks of continued litigation and trial, including the risk of no recovery at all, and, in light of that evaluation, authorized the attorneys at Rosen Law to settle the Action on the terms set forth in the Stipulation and Agreement of Settlemetn (Dkt. No. 121).  ACERS believes the Settlement is fair and reasonable, represents a highly favorable result, and is in the best interest of the Settlement Class. Accordingly, ACERS strongly endorses approval of the Settlement.

7.        ACERS believes that Lead Counsel's request for an award of attorneys' fees in the amount of one-third of the Settlement (comprised of $4,750,000 in cash and the value o 25 Bitcoin) is fair and reasonable in light of the result and work Lead Counsel performed on behalf of the Settlement Class. ACERS has evaluated Lead Counsel's fee request by considering the work performed, the recovery obtained for the Settlement Class, as well as the risks of continued litigation, and has authorized this fee request for the Court's ultimate determination.

8.      ACERS further believes that the litigation expenses that Lead Counsel have requested reimbursement for are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with ACERS' obligation to the Settlement Class to obtain the best result at the most efficient cost, ACERS fully supports Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses.

9.      ACERS understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. §78u-4(a)(4).  For this reason, in connection with Lead Counsel's request for reimbursement of litigation expenses, ACERS seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Settlement Class in the Action.

10.     The time I devoted to the representation of the Settlement Class in this Action was time that otherwise would have been spent working on other tasks and responsibilities for ACERS. Therefore, ACERS seeks reimbursement in the amount of $10,000 for the time devoted to participating in the Action. ACERS makes this request based on the conservative effort that it devoted over 20 hours in the litigation-related activities described above. It is my belief that this request for reimbursement is fair and reasonable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on February 19, 2025, in Allegheny County.

Walter Szymanski, Director Retirement
Office of the Allegheny County Employees'
Retirement System

3