# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>Defendants. | Case No. 1:22-cv-03088-RA |

**DECLARATION OF SHANNON L. HOPKINS ON BEHALF OF LEVI & KORSINSKY, LLP CONCERNING ATTORNEYS' FEES AND EXPENSES**

I, Shannon L. Hopkins, hereby declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am an attorney duly licensed to practice law in New York and before this Court. I am a Partner at Levi & Korsinsky, LLP ("Levi & Korsinsky"), counsel for plaintiff Gulzar Ahmed ("Mr. Ahmed") in this litigation (the "Action"). My firm served as Co-Lead Counsel for the putative Class in this Action from August 4, 2022 until January 19, 2024, when Court-appointed Co-Lead Plaintiff, Mr. Ahmed, had to withdraw as Co-Lead Plaintiff due to personal health reasons. *See* Dkt. Nos. 98, 99. I have personal knowledge of the matters set forth herein and, if called upon, I could and would competently testify thereto.

2.      A copy of Levi & Korsinsky's firm resume is attached hereto as Exhibit A.

1

3.      During its tenure as Co-Lead Counsel, Levi & Korsinsky rendered the following legal services in connection with the prosecution of the Action: (1) conducted a comprehensive investigation into the claims asserted in the operative complaint that involved, among other things, a review of publicly available information regarding the Company, and interviews of Stronghold former employees; (2) drafted the Amended Class Action Complaint; (2) engaged a damages and causation expert; (3) co-drafted, with Lead Counsel, Plaintiffs' opposition to the Underwriter and Stronghold Defendants' Motions to Dismiss; (4) assisted in preparation for, and attended, the Court's hearing for oral arguments on the Underwriter and Stronghold Defendants' Motions to Dismiss; (5) participated in the Fed. R. Civ. P. 26(f) conference with Defendants' Counsel and negotiated a proposed Case Management Plan and Scheduling Order with Defendants' Counsel for submission to the Court; (6) led drafting of the ESI Protocol and participated in multiple meet-and-confer sessions on this and related discovery matters; (7) drafted and served interrogatories and document requests on the Stronghold Defendants and the Underwriter Defendants, and met-and-conferred with Defense Counsel about their responses and objections to those discovery requests; (8) drafted Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) and reviewed Defendants' Initial Disclosures, and engaged in meet-and-confer efforts with Defendants' Counsel concerning those Initial Disclosures; and (9) negotiated the retention of a document repository vendor to provide a platform for the orderly review of Defendants' document production.

4.      The chart below is a summary of time expended by the attorneys at Levi & Korsinsky on the Action, and the lodestar calculation based on their current billing rate. The chart was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm.

5.      My firm performed a total of 880.80 professional work hours in the prosecution of

the Action. The total lodestar amount for my firm is $676,105.00.

| Employee (Position) | Years of Practice | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Shannon Hopkins (Partner) | 22 | 141.50 | $ 1,075.00 | $ 152,112.50 |
| Gregory Potrepka (Partner) | 10 | 2.00 | $ 975.00 | $ 1,950.00 |
| Andrew Lencyk (Counsel) | 33 | 409.00 | $ 850.00 | $ 347,650.00 |
| David Jaynes (Senior Associate) | 10 | 2.50 | $ 750.00 | $ 1,875.00 |
| Melissa Meyer (Associate) | 6 | 0.50 | $ 650.00 | $ 325.00 |
| Cole von Richthofen (Associate) | 3 | 277.55 | $ 550.00 | $ 152,652.50 |
| Michael Keating (Associate) | 6 | 17.60 | $ 500.00 | $ 8,800.00 |
| Rachel Berger (Associate) | 5 | 1.25 | $ 500.00 | $ 625.00 |
| Alexandra Kushnir (Admin. Asst.) | N/A | 1.25 | $ 350.00 | $ 437.50 |
| Amanda Herda (Paralegal) | N/A | 5.10 | $ 350.00 | $ 1,785.00 |
| Arden Westphalen (Paralegal) | N/A | 8.50 | $ 350.00 | $ 2,975.00 |
| Jenn King (Dir. of Operations) | N/A | 0.55 | $ 350.00 | $ 192.50 |
| Samantha Phillips (Paralegal) | N/A | 13.50 | $ 350.00 | $ 4,725.00 |
| *Total* | | *880.80* | | *$ 676,105.00* |

6.      Levi & Korsinsky expended a total of $23,948.76 in un-reimbursed expenses in connection with the prosecution of the Action broken down as follows:

| Expense Type | Amount |
|---|---|
| Filing Fees | $350.00 |
| Expert Fees | $8,997.00 |
| Travel Fees | $310.82 |
| Court Reporter Fees | $28.15 |
| Meals | $396.87 |
| Postage | $96.75 |
| Research Fees | $1,162.02 |
| Investigator Fees | $10,607.15 |
| Witness Legal Representation | $2,000.00 |
| *Total* | *$23,948.76* |

7.      The expenses set forth above are reflected in counsel's books and records. These books and records are prepared from expense vouchers, check records, and financial statements prepared in the normal course of business for my firm and are an accurate record of the expenses incurred in the prosecution of the Action.

I declare under penalty of perjury that the foregoing is true and correct.

3

4

Executed on March 3, 2025 in Stamford, Connecticut.                    */s/ Shannon L. Hopkins*
                                                                       Shannon L. Hopkins