## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>Defendants. | Case No. 1:22-cv-03088-RA |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR AND AWARD OF ATTORNEY'S FEES AND PAYMENT OF EXPENSES**

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................................... 1

II.   ARGUMENT ................................................................................................................... 2

   A.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
        APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION ................. 2

   B.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
        APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION ........ 5

III.  CONCLUSION ................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04 CIV 8141 DAB, 2010 WL 5060697 (S.D.N.Y. Dec. 2, 2010) ...................................... 4

*In re AOL Time Warner, Inc.*,
    No. 02 CIV. 5575 (SWK), 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) ..................................... 4

*In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*,
    909 F. Supp. 2d 259 (S.D.N.Y. 2012) ....................................................................... 3, 4

*In re Citigroup Inc. Sec. Litig.*,
    965 F. Supp. 2d 369 (S.D.N.Y. 2013) ............................................................................ 4

*In re EVCI Career Colleges Holding Corp. Sec. Litig.*,
    No. 05 CIV 10240 CM, 2007 WL 2230177 (S.D.N.Y. July 27, 2007) ..................................... 4

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    343 F. Supp. 3d 394 (S.D.N.Y. 2018) ............................................................................ 3

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    No. 02-CV-3400 CM PED, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ................................. 5

*In re Veeco Instruments Inc. Sec. Litig.*,
    No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ............................. 3, 4

*In re Veeco Instruments Inc. Sec. Litig.*,
    No. 05 MDL 01695CM, 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ..................................... 5

*Vaccaro v. New Source Energy Partners L.P.*,
    No. 15 CV 8954 (KMW), 2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ................................. 5

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96 (2d Cir. 2005) ........................................................................................ 3

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... 1

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiff, on behalf of itself and the proposed Settlement Class,[1] respectfully submits this reply memorandum of law in further support of (i) Plaintiffs' Motion For Final Approval of Proposed Class Action Settlement and Plan of Allocation (ECF No. 127); and (ii) Lead Counsel's Motion For An Award of Attorneys' Fees and Payment of Expenses (ECF No. 129) (the "Motions").

## I.    PRELIMINARY STATEMENT

Now that March 21, 2025 deadlines for seeking exclusion from the Settlement Class or objecting to the Settlement have passed, Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, Plan of Allocation, and Co-Lead Counsel's motion for attorneys' fees and expenses has been overwhelmingly positive. A total of 51,500 copies of the Postcard Notice and Notice Packet have been mailed or emailed to potential Settlement Class Members and their nominees to date. *See* Supplemental Declaration of Sarah Evans Concerning: (A) Mailing and Emailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections;  and (C) Claims Received to Date ("Supp. Mailing Decl.") at ¶3. Additionally, the Summary Notice was published in the *Investor's Business Daily* and transmitted over the internet using *PRNewswire* on January 20, 2025. *See* Declaration of Sarah Evans Dated March 6, 2025, at ¶11 ("Mailing Decl.," ECF No. 131-2).

There have been no objections to the proposed Settlement or Plan of Allocation, no objections to the Fee and Expense Application, and no valid requests for exclusion. *See* Supp.

---

[1] All capitalized terms used in this memorandum that are not defined have the same meanings as in the Stipulation and Agreement of Settlement, dated June 12, 2024 (the "Stipulation"). (ECF No. 139). Emphasis is added and internal citations and punction is omitted unless noted.

1

Mailing Decl. at ¶8.[2] Accordingly, Plaintiffs and Co-Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for attorneys' fees and expenses.

## II.    ARGUMENT

### A.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Pursuant to the Court's Preliminary Approval Order (ECF No. 144), the Claims Administrator has mailed or emailed 51,500 copies of the Postcard Notice and Notice Packet to potential Settlement Class Members and/or their nominees identified to date. *See* Supp. Mailing Decl. at ¶3. The Notice summarized the basic terms of the proposed Settlement, and stated that Co-Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed one third of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $250,000. The Notice also apprised Settlement Class Members of their right to seek exclusion or object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of expenses, and the March 21, 2025 deadline for doing so.

In addition, copies of the Postcard Notice and Notice Packet, Claim Form, Stipulation, and motion papers were posted on webpage designated for this Settlement, https://www.strategicclaims.net/stronghold/, Further, on January 20, 2025, the Claims Administrator published the Summary Notice in *Investor's Business Daily* and transmitted over the internet using *PRNewswire* (Mailing Decl. at ¶11), informing readers of the proposed

---

[2] Strategic Claims Services received one request for exclusion that was deemed invalid for failure to provide sufficient information. Supp. Mailing Decl. at ¶7.

Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and exclusion requests.

On March 7, pursuant to the schedule set forth by the Court in the Preliminary Approval Order, Plaintiffs and Co-Lead Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 127-131), the webpage designated for the Settlement (https://www.strategicclaims.net/stronghold/)—described Plaintiff's and Lead Counsel's views of the Settlement, work performed in this litigation, and the fee and expense awards requested.

Following this thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.") (citation omitted). As the Second Circuit reasoned in *Wal-Mart*, "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." 396 F.3d at 118 (citation omitted); *see also In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs strongly in favor of approval).

The absence of objections from institutional investors or pension funds is also noteworthy. That these sophisticated Settlement Class Members—who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation) provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc.*, No. 02 CIV. 5575 (SWK), 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 CIV 10240 CM, 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts … [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved") (citation omitted); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members … supports approval of the Plan of Allocation") (citation omitted).

Similarly, the fact that there is no valid request for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am. Int'l Grp., Inc. Sec. Litig.*, No. 04 CIV 8141 DAB, 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd,* 452 F. App'x 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely

4

and valid").

**B.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION**

As to Co-Lead Counsel's request for an award of attorneys' fees and for payment of expenses, the Notice reported that Co-Lead Counsel would request a fee award not to exceed one thirdof the Settlement Fund, which will include accrued interest, if any, and payment of Litigation Expenses not to exceed $250,000, plus accrued interest, if any. The absence of any objections to the requested fee or expense award also weighs strongly in its favor. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.") (citation omitted); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695CM, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of any objections "suggests that [a] fee request is fair and reasonable") (citation omitted); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

**III.    CONCLUSION**

For the reasons set forth herein and the opening papers filed in support of the Motions, Plaintiffs and Co-Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses. Three proposed orders are being submitted herewith: a proposed Final Order and Judgment, negotiated by the Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees and Expenses.

Dated: April 4, 2025                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**


                                        /s/ Jonathan Stern
                                        Laurence Rosen
                                        Jonathan Stern
                                        Phillip C. Kim
                                        The Rosen Law Firm, P.A.
                                        275 Madison Avenue, 40th Fl.
                                        New York, New York 10016

                                        *Counsel for Plaintiff and the Settlement Class*

6

**CERTIFICATE OF WORD COUNT PURSUANT TO LR 7.1(c)**

I, Jonathan Stern, certify that the foregoing Memorandum of Law in Support of Plaintiffs'

Final Approval of Class Action Settlement complies with LR 7.1(c). I further certify that the above

referenced memorandum contains 1,530 words.

/s/ Jonathan Stern
Jonathan Stern