**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A. LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC., <br><br> Defendants. | Case No. 1:22-cv-03088-RA <br><br> <u>CLASS ACTION</u> |

**SUPPLEMENTAL DECLARATION OF SARAH EVANS CONCERNING:**
**(A) MAILING AND EMAILING OF THE POSTCARD NOTICE;**
**(B) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS;**
**<u>AND (C) CLAIMS RECEIVED TO DATE</u>**

I, Sarah Evans, declare as follows:

1. I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over nine years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred and fifty (550) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

2. Pursuant to Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated December 16, 2024 (Dkt. No. 125, the "Preliminary Approval

1

Order"), the Court approved the retention of SCS as the Claims Administrator in connection with the Settlement of the above-captioned action.[1] I submit this declaration as a supplement to my previously filed Declaration of Sarah Evans Concerning: (A) CAFA Notice Mailing; (B) Mailing and Emailing of the Postcard Notice; (C) Publication of the Summary Notice; and (D) Report on Requests for Exclusion and Objections, dated March 6, 2025 (Dkt. No. 131-2, the "Initial Mailing Declaration"), to provide the Court and the Parties with updated information regarding the mailing and emailing of the Postcard Notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

### **MAILING AND EMAILING OF THE POSTCARD NOTICE**

3.       As noted in the Initial Mailing Declaration, SCS had mailed or emailed 2,449 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list, and a total of 51,500 notices had been sent to potential Settlement Class Members or nominees to inform them of the Settlement, either by mailed Postcard Notice, emailed Postcard Notice, or emailed link to the Postcard Notice on the Settlement webpage. Since the Initial Mailing Declaration, SCS received a request from a nominee to mail three additional Postcard Notices to their clients who were potential Settlement Class Members, and SCS was notified by a nominee that they sent an additional email with the link to the Postcard Notice on the Settlement webpage. To date, a total of 51,513 notices have been sent to potential Settlement Class Members or nominees, of which 4,230 were mailed Postcard Notices and 47,283 were emailed the Postcard Notice or a link to the Postcard Notice on the Settlement webpage.[2]

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 8, 2024 (Dkt. No. 121) (the "Stipulation").

[2] As noted in the Initial Mailing Declaration, SCS received and fulfilled two requests from potential Settlement Class Members to mail the Notice and Claim Form to them.  Since the Initial

4.      Out of the 4,230 Postcard Notices mailed, 189 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for 10, and SCS immediately mailed another Postcard Notice to the potential Settlement Class Members at the updated addresses. The remaining 179 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 82 were re-mailed to updated addresses.

## UPDATE ON TOLL-FREE PHONE LINE

5.      The Initial Mailing Declaration noted that SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement. SCS has and will continue to respond promptly to each telephone inquiry and address Settlement Class Members' inquiries via the toll-free telephone number throughout the administration process.

## UPDATE ON SETTLEMENT WEBPAGE

6.      The Initial Mailing Declaration also noted that on January 8, 2025, SCS established the dedicated webpage for the Settlement on its website at www.strategicclaims.net/Stronghold. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status of this case; the case deadlines; the online claim filing link; and important documents. Since its establishment, SCS has updated the webpage to include additional case documents, including the Notice of Motion and Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff (Dkt. No. 129); the Memorandum of Law in Support of Lead Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff (Dkt. No. 130); and the Declaration of Jonathan Stern in Support of

---

Mailing Declaration was filed, SCS has not received any additional requests for the Notice and Claim Form to be mailed to potential Settlement Class Members.

the Motions for: (I) Final Approval of Class Action Settlement and Plan of Allocation; and (II) an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff (Dkt. No. 131). SCS will continue to maintain and update the webpage throughout the Settlement administration process. To date, the webpage has received 10,645 pageviews from 2,688 unique users.

## UPDATE ON REPORT ON EXCLUSIONS AND OBJECTIONS

7.    The Notice, the Summary Notice, the Postcard Notice, and the Settlement webpage informed potential Settlement Class Members that written requests for exclusion were to be mailed so that they were received by SCS no later than March 21, 2025.  SCS has been monitoring all mail delivered for this case.  Since the date of the Initial Mailing Declaration, SCS has received one request for exclusion. Upon review, it was determined that the request was invalid because the requestor was not able to provide information or documentation of their transactions in Stronghold Class A common stock during the Settlement Class Period, and therefore could not be confirmed to be a Settlement Class Member. SCS emailed the requestor to inform them that their request was invalid due to missing the aforementioned information and documentation. As of the date of this declaration, the request remains invalid. A copy of the invalid exclusion request and email correspondence between SCS and the requestor is attached hereto as **Exhibit A**.

8.    According to the Notice, Summary Notice, Postcard Notice, and Settlement webpage, Settlement Class Members seeking to object to the proposed Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's application for attorneys' fees and expenses must have served their objections by hand or by mail upon Lead Counsel and Settling Defendants' Counsel, as well as filed such objections with the

Clerk of the Court, no later than March 21, 2025. As of the date of this declaration, SCS has not received any misdirected objections, nor has SCS been notified that any objections were filed.

### **CLAIM FORM FILING STATUS**

9.      The Notice, Summary Notice, Postcard Notice, and the Settlement webpage informed Settlement Class Members that the deadline for claims submission was April 4, 2025. As of the signing of this declaration, SCS has received 10,001 claims. SCS is currently conducting quality assurance reviews of the submitted claims, such as verifying that claims include the required supporting documentation and identifying duplicated claims. Once this audit process is complete, claimants with incomplete or invalid claims will be given an opportunity to cure their deficiencies, to the extent that their deficiencies may be cured. With these steps currently outstanding, the number of claims considered valid has not yet been finally determined.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4th day of April 2025, in Media, Pennsylvania.

_____
Sarah Evans

**EXHIBIT A**

Name: Dhaval B. Patel
Address:

Phone Number:
Email address:

I request to be excluded from the Settlement Class in Winter v. Stronghold Digital Mining Inc. et al., Case No. 1:22-cv-03088-RA (S.D.N.Y.).


X_____



US POSTAGE AND FEES PAID
GROUND ADVANTAGE: IMI
Mar 04 2025
Mailed from ZIP

andicia

Commercial

## USPS GROUND ADVANTAGE

DHAVAL PATEL                          B003 | 0001

Shipped using PostalMate
Pkg:212581

SHIP TO:
STRONGHOLD SECURITIES LITIGATION
C/O: STRATEGIC CLAIMS SERVICES
PO BOX 230
600 N JACKSON ST STE 205
MEDIA PA 19063-0230

MAR 1 1 2025

USPS TRACKING #

Stronghold Securities Litigation
c/o Strategic Claims Services, Inc.
600 N. Jackson Street - Suite 205
Media, PA 19063

Phone (866) 274-4004
Fax (610) 565-7985

Email: info@strategicclaims.net

Dhaval B Patel

March 13, 2025

Re: Stronghold Securities Litigation Exclusion Request – Additional Information Needed

Dear Dhaval Patel,

We received your letter requesting exclusion from the settlement in *Winter v. Stronghold Digital Mining Inc. et al.*

Please be advised that at this time, the request for exclusion is **invalid**, as it does not contain information necessary to establish your membership in the Settlement Class. As specified in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and expenses, in order to establish that you are a Settlement Class Member, your exclusion request must "state the number of shares of Stronghold Class A common stock the person or entity purchased or acquired on or before December 20, 2021, pursuant and/or traceable to the IPO, as well as the dates and prices of each purchase, acquisition, and sale of such shares".

For your request to be valid, please provide the foregoing information in your Stronghold Class A common stock to our office **no later than March 21, 2025**:

*Stronghold Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

A copy of this letter has also been sent to the email address provided on the exclusion request. Should you have any questions, please feel free to contact our office by email at info@strategicclaims.net or toll-free at (866) 274-4004.

Regards,

Sarah Evans
Project Manager
Strategic Claims Services

## sevans@strategicclaims.net

**From:** Dhaval Patel
**Sent:** Sunday, March 16, 2025 4:07 PM
**To:** sevans@strategicclaims.net
**Subject:** Re: Stronghold Securities Litigation Exclusion Request - Additional Information Needed

Hello and thank you for reaching out.

I don't even remember which brokerage I bought the shares from, let alone the number of shares  .

On Thu, Mar 13, 2025 at 8:26, sevans@strategicclaims.net <sevans@strategicclaims.net> wrote:

Dear Dhaval Patel,

We received your letter requesting exclusion from the settlement in *Winter v. Stronghold Digital Mining Inc. et al.*

Please be advised that at this time, the request for exclusion is **invalid**, as it does not contain information necessary to establish your membership in the Settlement Class. As specified in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and expenses, in order to establish that you are a Settlement Class Member, your exclusion request must "state the number of shares of Stronghold Class A common stock the person or entity purchased or acquired on or before December 20, 2021, pursuant and/or traceable to the IPO, as well as the dates and prices of each purchase, acquisition, and sale of such shares".

For your request to be valid, please provide the foregoing information in your Stronghold Class A common stock to our office **no later than March 21, 2025**:

*Stronghold Securities Litigation*
c/o Strategic Claims Services

P.O. Box 230

600 N. Jackson Street, Suite 205

Media, PA 19063

A copy of this letter is also being sent by USPS to the address provided on the exclusion request. Should you have any questions, please feel free to contact our office by email at info@strategicclaims.net or toll-free at (866) 274-4004.

1

Regards,


Sarah Evans

Project Manager

Strategic Claims Services