UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK WINTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STRONGHOLD DIGITAL MINING, INC., GREGORY A. BEARD, RICARDO R. A. LARROUDÉ, WILLIAM B. SPENCE, B. RILEY SECURITIES, INC., COWEN AND COMPANY, LLC, TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, D.A. DAVIDSON & CO., COMPASS POINT RESEARCH & TRADING, LLC, and NORTHLAND SECURITIES, INC.,<br><br>Defendants. | Case No. 1:22-cv-03088-RA |

**[PROPOSED] FINAL JUDGMENT**

**WHEREAS:**

A.     As of November 6, 2024, Class Representative Allegheny County Employees Retirement System ("Plaintiff"), on behalf of itself and all other members of the Settlement Class (defined below), on the one hand, and Stronghold Digital Mining, Inc. ("Stronghold"), Gregory A. Beard, William B. Spence (together with Stronghold, the "Stronghold Defendants"), B. Riley Securities, Inc., Cowen and Company, LLC, Tudor, Pickering, Holt & Co. Securities, LLC, D.A. Davidson & Co., Compass Point Research & Trading, LLC, and Northland Securities, Inc. (collectively, the "Underwriter Defendants"), and Ricardo R. A. Larroudé, (together with the Underwriter and Stronghold Defendants, the "Settling Defendants") on the other, entered into a

Stipulation and Agreement of Settlement, dated November 6, 2024 (the "Stipulation") in the above-titled litigation (the "Action");

B.     Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered December 16, 2024 (the "Preliminary Approval Order"), the Court scheduled a hearing for April 11, 2025 at 3:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action and the Plan of Allocation on the terms and conditions provided for in the Stipulation are fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.     The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, or emailed on or before five (5) business days after the first of the month after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form (the "Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be made available to Settlement Class Members; and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by March 21, 2025;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On March 7, 2025, Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on April 11, 2025 at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on November 8, 2024; and (ii) the notices, which were filed with the Court on November 8, 2024. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the

Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired Stronghold Class A common stock on or before December 20, 2021, pursuant and/or traceable to the Offering Documents issued in connection with the Class A common stock initial public offering in October 2021, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any person who was an officer, director, or control person of Stronghold, and the Underwriter Defendants (at all relevant times, and members of their Immediate Families); (iv) Stronghold's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Stronghold Class A common stock through any such plan(s); (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those persons and entities who or which have sought exclusion from the Settlement Class by submitting a timely and valid request for exclusion. However, any Investment Vehicle will not be excluded from the Settlement Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Plaintiff as Class Representative for the Settlement Class and finally appoints The Rosen Law Firm, P.A. as Class Counsel for the Settlement Class.

5. The Court finds that the dissemination and publication of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and

payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

6.  There have been no objections to the Settlement.

7.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the

claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

9. The Amended Class Action Complaint for Violation of the Securities Act of 1933, filed on October 18, 2022 (the "Complaint"), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

10. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11. Upon the Effective Date, Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, in their capacities as such, (regardless of whether any such Person ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any disbursement from the Settlement Fund), shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Settling Defendant or Released Defendant Parties with respect to all such Released Plaintiff's Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by

law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.

12. Upon the Effective Date, Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect to all such Released Defendants' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

13. Notwithstanding paragraphs 10–11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment or any derivative plaintiff in the lawsuit captioned *In re Stronghold Digital Mining, Inc. Stockholder Derivative Litigation*, Lead Case No. 1 :23-cv-07840-RA (S.D.N.Y).

14. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and

any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

      (a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff's Claims, or of any liability, damages, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties or any person or entity whatsoever;

      (b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiff, or the other members of the Settlement Class;

      (c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Released

Defendant Parties, Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 48 of the Stipulation.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

20. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. Such order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this 14th day of April, 2025

BY THE COURT:

_____
Honorable Ronnie Abrams
UNITED STATES DISTRICT JUDGE